1 | CHARLES D. JENKINS (SBN 114897)
CHARLES E. PERKINS (SBN 163422)
2 | DAN D. KIM (SBN 212577)
JENKINS, GOODMAN & NEUMAN
3 | 417 Montgomery Street, 10th Floor
San Francisco, California 94104
4 | Telephone: 415/705-0400
Facsimile: 415/705-0411
5 |
6 | DAVID L. HARTSELL - Appearing *Pro Hac Vice*
ROSS & HARDIES
150 N. Michigan Avenue
7 | Chicago, IL 60601
Telephone: 312/558-1000
8 | Facsimile: 312/750-8600

9

10 | Attorneys for Defendants

11 | UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

13

14 | ELENA DEL CAMPO, on behalf of | Case No. C01-21151 JW
herself and all others similarly situated,

15 | | Plaintiff,

16 | vs. | **DEFENDANTS' ANSWER TO COMPLAINT**

17 | GEORGE KENNEDY, AMERICAN
CORRECTIVE COUNSELING
18 | SERVICES, INC., DON R. | **JURY TRIAL DEMANDED**
MEALING, BRUCE D. RAYE,
19 | LYNN R. HANSEY a/k/a R. D.
DAVIS and DOES 1 through 20.

20 | | Defendants.

21

22 | Defendants AMERICAN CORRECTIVE COUNSELING SERVICES, INC., DON

23 | R. MEALING, and LYNN R. HANSEY a/k/a/ R.D. DAVIS hereby answer the complaint

24 | of ELENA DEL CAMPO as follows[1]:

_____

25 | [1] By order of the Court dated May 8, 2002, Plaintiff's First and Second Claims For Relief have been dismissed.
Although the Santa Clara County District Attorney, George Kennedy, was named as a Defendant in this action, only
26 | the dismissed claims were alleged against said Defendant. Thus, there are no surviving claims that name George

Jenkins, Goodman
& Neuman
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-1-

| DEFENDANTS' ANSWER TO COMPLAINT | CASE NO. C01-21151 JW |

1.    Defendants admit that plaintiff purports to bring this action for alleged violations of the Civil Rights Act, 42 U.S.C. §1983, the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq., and the California Unfair Business Practices Act, Business and Professions Code §17200, but deny that they have violated any of said statutes or that the plaintiff has stated a claim thereunder.  Defendants further admit that the California Penal Code authorizes a "bad check diversion program" and that ACCS has contracted with various district attorneys throughout California to assist in the operation of such programs; but deny that in doing so ACCS or the district attorneys have imposed any unlawful charges, violated constitutional due process guarantees or violated any federal or state statutes.  Defendants deny the remaining allegations contained in paragraph 1 and, specifically, deny that this case can properly be maintained as a class action.

2.    Defendants deny that they, or any one of them, are "debt collectors" within the meaning of the FDCPA and, therefore, deny that subject matter jurisdiction exists in this case under either 28 U.S.C. §1331 or 15 U.S.C. §1692k(d) or, even if it did, that the Court should exercise supplemental jurisdiction pursuant to 28 U.S.C. §1367 over plaintiff's state law claim.

3.    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3, and on that basis deny each and every allegation contained therein.

4.    Defendants admit the allegations contained in paragraph 4 and, further, state that all claims against George Kennedy and his office have been dismissed.

5.    Defendants admit that ACCS is a corporation, with its principal place of business in California at the stated address.  Defendants deny that ACCS is in the business of "collecting dishonored checks" or that it operates under color of state law which is a legal conclusion and further, deny the remaining allegations, if any, contained in paragraph

Jenkins, Goodman & Neuman
417 Montgomery St.
10th Floor
San Francisco, CA 94104
(415) 705-0400

Kennedy as a Defendant and his offices are thus no longer party to this action.

-2-

DEFENDANTS' ANSWER TO COMPLAINT         CASE NO. C01-21151 JW

5.

6.      Defendants admit that Don Mealing is the President of ACCS, but deny the remaining allegations of paragraph 6 including, that Mr. Mealing has operated under color of state law, which is a legal conclusion.

7.      Defendants deny the allegations contained in paragraph 7 including, that Mr. Raye has operated under color of state law, which is a legal conclusion.  Defendants affirmatively state that Bruce D. Raye is employed by the Santa Clara District Attorneys Office.

8.      Defendants admit  that Lynn R. Hasney is employed by ACCS as executive vice president of operations, but deny the remaining allegations contained in paragraph 8 including, that Ms. Hasney has operated under color of state law, which is a legal conclusion.

9.      Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 9 and thus deny each and every allegation contained therein.

10.      Defendants deny the allegations contained in  paragraph 10.

11.      Defendants deny the allegations contained in paragraph 11.

12.      Defendants admit that ACCS offers to assist district attorneys in developing bad check misdemeanor diversion programs.  Defendants further admit that Exhibit 1 to the complaint is a partial printout of informational materials that appear or appeared on ACCS' website.  Defendants deny the remaining allegations contained in paragraph 12.

13.      Defendants admit that ACCS has contracted with district attorneys in the Counties of Santa Clara, Los Angeles, Monterey, Merced, Orange, Riverside, San Bernadino, San Diego, San Joaquin and Stanislaus to assist in the operation of bad check misdemeanor diversion programs.  Defendants deny the remaining allegations contained in paragraph 13.

Jenkins, Goodman
& Neuman
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

DEFENDANTS' ANSWER TO COMPLAINT                    CASE NO. C01-21151 JW

14.     Defendants admit that Mealing participated in the general design and development of ACCS' bad check misdemeanor diversion program, but deny that Mealing is involved in implementing any program on a day-to-day basis.

15.     Defendants admit the allegations contained in paragraph 15 of the complaint.

16.     Defendants admit the allegations contained in paragraph 16 of the complaint.

17.     Defendants admit that on or about June 11, 2001 plaintiff wrote a bad check in the amount of $95.02 to Fry's Electronics Store in Palo Alto, California, but are without sufficient knowledge or information to form a belief as to the remaining allegations contained in paragraph 17, and on that basis deny those allegations.

18.     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in  paragraph 18, and on that basis deny each and every allegation contained therein.

19.     Defendants admit that an "Official Notice" dated October 3, 2001 was sent to plaintiff from the Santa Clara County District Attorney Bad Check Restitution Program, that a copy of said notice is attached as Exhibit 2 to the complaint, and that said notice speaks for itself.  Defendants deny the remaining allegations contained in paragraph 19.

20.     Defendants admit that the Santa Clara County District Attorney is aware of the notices and forms used in its Bad Check Restitution Program.  Defendants deny the remaining allegations contained in Paragraph 20.

21.     Defendants deny the allegations contained in paragraph 21, including the allegations contained in sub-paragraphs (a)-(f) that they have made or that Exhibit 2 contains any false representations.

22.     Defendants deny the allegations contained in paragraph 22, including sub-paragraphs (a)-(g).

23.     Defendants admit that plaintiff made a partial payment of $95.02 to the Santa Clara County District Attorney Bad Check Restitution Program, but are without sufficient

Jenkins, Goodman
& Neuman
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-4-

1  information or knowledge to form a belief as to the remaining allegations contained in

2  paragraph 23.

3      24.     Defendants admit that a "Notice of Failure to Comply" dated November 7,

4  2001 was sent to plaintiff from the Santa Clara County District Attorney Bad Check

5  Restitution Program, that a copy of said notice is attached as Exhibit 3 to the complaint,

6  and that said notice speaks for itself.  Defendants deny the remaining allegations contained

7  in paragraph 24.

8      25.     Defendants admit that the Santa Clara County District Attorney is aware of

9  the notices and forms used in its Bad Check Restitution Program.  Defendants deny the

10  remaining allegations contained in paragraph 25.

11     26.     Defendants deny the allegations contained in paragraph 26, including the

12  allegations contained in sub-paragraphs (a)-(d) that they have made or that Exhibit 3

13  contains any false representations.

14     27.     Defendants deny the allegations contained in paragraph 27, including sub-

15  paragraphs (a)-(e).

16     28.     Defendants admit that an "Official Notice" dated December 5, 2001 was sent

17  to plaintiff from the Santa Clara County District Attorney Bad Check Restitution Program,

18  that a copy of said notice is attached as Exhibit 4 to the complaint, and that said notice

19  speaks for itself.  Defendants deny the remaining allegations contained in paragraph 28.

20     29.     Defendants admit that the Santa Clara County District Attorney is aware of

21  the notices and forms used in its Bad Check Restitution Program.  Defendants deny the

22  remaining allegations contained in paragraph 29.

23     30.     Defendants deny the allegations contained in paragraph 30, including the

24  allegations contained in sub-paragraphs (a)-(d) that they have made or that Exhibit 4

25  contains any false representations.

26     31.     Defendants deny the allegations contained in paragraph 31, including sub-

Jenkins, Goodman
& Neuman
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-5-

1   paragraphs (a)-(d).

2        32.   Defendants admit that all of the bad check misdemeanor diversion programs

3   with which ACCS is affiliated in California operate under the same laws governing those

4   programs, but that there can be differences in each program as determined by the particular

5   district attorney.  Defendants deny the remaining allegations contained in paragraph 32.

6        33.   Defendants admit that ACCS maintains certain information on each

7   suspect's case until such time, if ever, that the case is submitted for prosecution.

8   Defendants deny the remaining allegations contained in paragraph 33.

9        34.   Defendants admit that ACCS is compensated by the Santa Clara County

10  District Attorney through the program fee and a portion of the administrative fee, but deny

11  that ACCS receives any part of the returned item fee.   Defendants deny the remaining

12  allegations contained in paragraph 34.

13       35.   Defendants admit that the Santa Clara District Attorney retains a portion of

14  the administrative fee it collects through its Bad Check Restitution Program.  Defendants

15  deny the remaining allegations contained in paragraph 35.

16       36.   Defendants admit that ACCS currently is under contract with several

17  California district attorneys to assist in the operation of bad check misdemeanor diversion

18  programs as provided for by California law.  Defendants deny the remaining allegations

19  contained in paragraph 36.

20       37.   Defendants deny the allegations contained in paragraph 37.

21       38.   Defendants deny a validation notice as set forth in 15 U.S.C. § 1692g(a) was

22  required to accompany the letters which were admittedly sent without such notice.

23       39.   Defendants deny a warning as set forth in 15 U.S.C. § 1692e(11) was

24  required to accompany the letters which were admittedly sent without such notice.

25       40.   Defendants deny the allegations contained in paragraph 40.

26       41.   Defendants deny the allegations contained in paragraph 41.

Jenkins, Goodman
& Neuman
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-6-

DEFENDANTS' ANSWER TO COMPLAINT                    CASE NO. C01-21151 JW

1    42.    Defendants deny the allegations contained in paragraph 42.

2    43.    Defendants deny the allegations contained in paragraph 43.

3    44.    Defendants deny the allegations contained in paragraph 44.

4    45.    Defendants deny the allegations contained in paragraph 45.

5    46.    Defendants deny the allegations contained in paragraph 46.

6    47.    Defendants deny the allegations contained in paragraph 47.

7    48.    Defendants deny the allegations contained in paragraph 48.

8    49.    Defendants admit that this case purports to be brought as a class action, but

9    deny that the case is appropriate for class certification and deny the remaining allegations

10   contained in paragraph 49.

11   50.    Defendants deny the allegations contained in paragraph 50.

12   51.    Defendants deny the allegations contained in paragraph 51, including the

13   allegations contained in sub-paragraphs (a)-(n).

14   52.    Defendants deny the allegations contained in paragraph 52.

15   53.    Defendants deny the allegations contained in paragraph 53.

16   54.    Defendants deny the allegations contained in paragraph 54.

17   55.    Defendants deny the allegations contained in paragraph 55.

18   56.    Defendants deny the allegations contained in paragraph 56.

19   57-62.   The causes of action asserted in paragraphs 57-62 have been dismissed with

20   prejudice, thus rendering said allegations irrelevant.

21   63.    Defendants incorporate their responses previously asserted to paragraphs 1-

22   62 above as though fully set forth herein.

23   64.    Defendants deny that they are "debt collectors" within the meaning of the

24   FDCPA and deny all of the allegations contained in paragraph 64, including sub-

25   paragraphs (a)-(j), with the following exceptions:

26   64(a).   Defendants admit that Exhibit 2 does not contain a validation notice

Jenkins, Goodman
& Neuman
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

-7-

DEFENDANTS' ANSWER TO COMPLAINT                                    CASE NO. C01-21151 JW

1   as set forth in 15 U.S.C. § 1692g(a), but deny said notice was required.

2          64(b).   Defendants admit Exhibit 2 does not contain a warning as set forth

3   in 15 U.S.C. § 1692e(11), but deny said notice was required.

4   65.   Defendants incorporate their responses previously asserted to paragraphs 1-

5   64 above as though fully set forth herein.

6   66.   Defendants admit the allegations contained in paragraph 66, but denies that

7   plaintiffs have stated a claim or are entitled to any relief under CUBPA.

8   67.   Defendants deny the allegations contained in paragraph 67.

9   68.   Defendants deny the allegations contained in paragraph 68.

10  69.   Defendants deny the allegations contained in paragraph 69.

11  70.   Defendants deny the allegations contained in paragraph 70.

12  71.   Defendants deny the allegations contained in paragraph 71.

13  72.   Defendants deny the allegations contained in paragraph 72.

14                        **DEMAND FOR JURY TRIAL**

15  Defendants demand trial by jury.

16  DATED:  June 24, 2002                  JENKINS, GOODMAN & NEUMAN

17

18                                         By:/s/
19                                         CHARLES D. JENKINS
                                           Attorneys for Defendants

20

21  f:\docs\cdj\delcampo\pleadings\answer - revised 6-24-02.doc

22

23

24

25

26

Jenkins, Goodman
& Neuman
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

                                        -8-

DEFENDANTS' ANSWER TO COMPLAINT                    CASE NO. C01-21151 JW

# PROOF OF SERVICE

**CASE NAME:** *Del Campo v. George Kennedy, et al.*
**CASE NUMBER:** C01-21151 JW
**DATE OF SERVICE:** June 24, 2002
**DESCRIPTION OF DOCUMENTS SERVED:**

*DEFENDANTS' ANSWER TO COMPLAINT*

**SERVED ON THE FOLLOWING:**

**Counsel for Plaintiff**

Paul Arons                                      O. Randolph Bragg, III
Law Offices of Paul Arons                       Horowitz, Horowitz & Assoc.
1616 West Street                                25 East Washington, Suite 900
Redding, California  96001                      Chicago, Illinois  60602
Tel:  (530) 244-5870                            Tel:  (312) 372-8822
Fax:  (530) 244-5874

David L. Hartsell
Ross & Hardies
150 N. Michigan Avenue
Chicago, IL 60601

    I am over the age of 18 years and not a party to or interested in the above-named case.  I am an employee of Jenkins, Goodman & Neuman, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104.  On the date stated above, I served a true copy of the document(s) described above, by  mail, by placing said document(s) in an envelope, addressed as shown above for collection and mailing on the date shown above following the ordinary business practices of Jenkins, Goodman & Neuman.  I am readily familiar with my firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, said document(s) would be deposited with the United States Postal Service at a post box in San Francisco, California on the same day (at approximately 5:00 P.M.) with postage thereon fully prepaid for first class mail.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

                      /s/
                  _____
                  CHERYL WALKER

Jenkins, Goodman
& Neuman
417 Montgomery St.
10th Floor
San Francisco, CA
94104
(415) 705-0400

DEFENDANTS' ANSWER TO COMPLAINT                              CASE NO. C01-21151 JW