Paul Arons, State Bar #84970
LAW OFFICE OF PAUL ARONS
685 Spring Street, #104
Friday Harbor, WA 98250
Tel:  (360) 378-6496
Fax: (360) 378-6498
lopa@rockisland.com

Deepak Gupta, D.C. Bar #495451
(*pro hac vice*)
PUBLIC CITIZEN LITIGATION GROUP
1600 20th Street, NW
Washington, DC 20009
Tel:  (202) 588-1000
Fax: (202) 588-7795
dgupta@citizen.org

(Additional counsel on signature page)

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN JOSE DIVISION

| | |
|---|---|
| ELENA DEL CAMPO, ASHORINA MEDINA, MIRIAM R. CAMPOS, and LISA JOHNSTON. on behalf of themselves and others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DON R. MEALING, , AMERICAN CORRECTIVE COUNSELING SERVICES, INC.,  INC. FUNDAMENTALS, FULFILLMENT UNLIMITED, INC., FUNDAMENTAL PERFORMANCE STRATEGIES, ACCS ADMINISTRATION, INC.,  LYNN R. HASNEY, MR. GREEN, R.D. DAVIS, MRS. LOPEZ, MR. KRAMER, GEORGE KENNEDY, in his official capacity, DOES 1 through 20.,<br><br>Defendants. | CIV. NO. 01-21151 JW PVT<br>CIV. NO. 03-02661 JW PVT<br><br>CLASS ACTION<br><br>CONSOLIDATED COMPLAINT FOR VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, THE CIVIL RIGHTS ACT [42 U.S.C. § 1983], THE CALIFORNIA UNFAIR COMPETITION LAW AND THE CALIFORNIA CONSTITUTION [Art. I, Secs. 1 and 7]<br><br>JURY TRIAL DEMANDED |

## I.      INTRODUCTION

1.  Plaintiffs Elena del Campo, Ashorina Medina, Miriam R. Campos and Lisa Johnston bring this action on behalf of themselves and all others similarly situated, and on behalf of the general public against American Corrective Counseling Services, Inc. and related defendants, [ACCS], and against George Kennedy, in his capacity as District Attorney of Santa Clara County.   In collecting on checks that have been dishonored, ACCS masquerades as the district attorney, threatening check writers with arrest, prosecution and jail, if they do not pay the unlawful collection fees often exceeding $170.00 per check.  The district attorney authorizes this masquerade, and receives a percentage of the fees that ACCS collects.  This collection scheme violates the check writers' rights to constitutional dues process and equal protection, and the right to be free from abusive, fraudulent and unfair debt collection practices.  ACCS operates, under color of law, in over a dozen California counties, and in counties throughout the United States.  The most effective means to force defendants to stop violating the law is through this class action, seeking declaratory and injunctive relief, restitution and damages.

## II.      JURISDICTION

2.  Jurisdiction of this Court arises under 28 U.S.C. §1331, 15 U.S.C. §1692k(d), and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

## III.      PARTIES

3.  Plaintiff Elena M. del Campo is a natural person residing in San Mateo County, California.

4.  Plaintiff Ashorina Medina is a natural person residing in Santa Clara County, California.

5.  Plaintiff Miriam R. Campos is a natural person residing in Santa Clara County, California.

6.  Plaintiff Lisa Johnston is a natural person residing in Santa Clara County, California.

CONSOLIDATED COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983, ETC.: Page 2

7.  George Kennedy, sued herein in his official capacity, is the Santa Clara County District Attorney and is located at 70 West Hedding Street, W Wing, San Jose, California. Kennedy authorizes and allows ACCS to conduct its unlawful business in the name of the Office of the Santa Clara County District Attorney.

8.  Defendant American Corrective Counseling Services, Inc. ("ACCS") is a corporation engaged in the business of collecting dishonored checks, with its principal place of business located at 180 Avenida La Pata, San Clemente, California.  At all times relevant herein ACCS has operated under color of state law.

9.  Defendant Don R. Mealing is or was employed as the President of ACCS.  He actively participates in the operations of ACCS.

10.  Defendant Lynn R. Hasney, is or was employed by ACCS as executive vice president of operations.  She actively participates in the operations of ACCS.

11.  Defendant Mr. Green, is or was employed by ACCS as a Case Coordinator. He actively participates in the operations of ACCS and communicated with one or more of the plaintiffs herein.

12.  Defendant R.D. Davis, is or was employed by ACCS as a Case Coordinator. He actively participates in the operations of ACCS and communicated with one or more of the plaintiffs herein.

13.  Defendant Mr. Kramer, is or was employed by ACCS as a Case Coordinator. He actively participates in the operations of ACCS and communicated with one or more of the plaintiffs herein.

14.  Defendant Mrs. Lopez, is or was employed by ACCS as a Case Coordinator. He actively participates in the operations of ACCS and communicated with one or more of the plaintiffs herein.

15.  Defendant Inc. Fundamentals is a business entity formed, owned and controlled by defendant Mealing, with its principal place of business located at 180 Avenida La Pata, San Clemente, California.  Inc. Fundamentals allegedly employs defendant Mealing to provide business consulting services to ACCS.  Inc. Fundamentals

works in concert with defendant Mealing, ACCS, and the other defendants, in the operation of the collection business that is the subject of this lawsuit.

16. Defendant Fundamental Performance Strategies is a business entity formed, owned and controlled by defendants Mealing and/or Hasney, with its principal place of business located at 180 Avenida La Pata, San Clemente, California. Fundamental Performance Strategies allegedly provides business consulting services to ACCS. Fundamental Performance Strategies works in concert with defendant Mealing, ACCS, and the other defendants, in the operation of the collection business that is the subject of this lawsuit.

17. Defendant Fulfillment Unlimited, Inc. is a business entity formed, owned and controlled by defendants Mealing and/or Hasney, with its principal place of business located at 180 Avenida La Pata, San Clemente, California. Fulfillment Unlimited, Inc. allegedly provides printing and mailing services to ACCS. Fulfillment Unlimited, Inc. works in concert with defendant Mealing, ACCS, and the other defendants, in the operation of the collection business that is the subject of this lawsuit.

18. Defendant ACCS Administration, Inc. is a business entity formed, owned and controlled by defendants Mealing and/or Hasney, with its principal place of business located at 180 Avenida La Pata, San Clemente, California. ACCS Administration, Inc. works in concert with defendant Mealing, ACCS, and the other defendants, in the operation of the collection business that is the subject of this lawsuit.

19. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, or otherwise, or defendants sued herein as Does One through Twenty. Plaintiffs will seek leave to amend this complaint when the true names and capacities of said defendants are ascertained. Plaintiffs allege on information and belief that each defendant herein is acting in concert with, and the agent and/or employee of, each other defendant.

20. At all times relevant herein, defendants have acted under color of state law.

21. Plaintiff alleges on information and belief that interests of all defendants, other than George Kennedy [hereinafter, the "ACCS defendants"], have been so unified that their separate personalities no longer exist and that if the acts of the corporate defendants are treated as those of the corporation alone, an inequitable result will follow.

22.  The principal purpose of ACCS is the collection of debts using the mails and telephone. These defendants regularly collect and attempt to collect debts alleged to be due another and are "debt collectors" within the meaning of 15 U.S.C. § 1692a(6).

23.  The ACCS defendants are not employees of the District Attorney of Santa Clara County, or of any other California government entity.

## IV.    FACTUAL ALLEGATIONS

### A.  Defendants

24.  Defendant Mealing founded and controls ACCS.  He created ACCS to operate bad check restitution programs in California and throughout the United States.  He designed, developed, and implemented the bad ACCS check restitution program.  He created the other corporate defendants herein in furtherance of ACCS' check restitution business.  At all times relevant herein, he has had ultimate authority to adopt, approve and modify the business practices of the corporate defendants.

25.  ACCS operate "district attorney bad check restitution" programs in over a dozen California counties, including in the Counties of Santa Clara, Contra Costa, Los Angeles, Monterey, Merced, Orange, Riverside, San Bernadino, San Diego, San Joaquin, Stanislaus and El Dorado.

26.  Defendant George Kennedy, acting in his official capacity, has contracted with ACCS, an independent contractor, for its services in operating a bad check restitution program.  The contract between the Santa Clara County District Attorney and ACCS is typical of the contracts which ACCS has other district attorneys in California.

27. The practices and procedures used by ACCS in the Santa Clara County Bad Check Restitution Program are the same, or similar to, those followed in all bad check restitution programs which ACCS operates in California.

28.  ACCS, maintain all physical files, financial records, documentation, reports, computer files, etc. regarding debtors in bad check restitution programs in California.

29.  ACCS receives a portion of the money that it collects in all of the bad check restitution programs which ACCS operates in California.

30.  Defendant George Kennedy, acting in his official capacity, receives a portion of the fees that ACCS collects in the bad check restitution programs in Santa Clara County.

31.  Each California district attorneys with whom ACCS has contracts receive a portion of the fees that ACCS collects in the bad check restitution programs with that county.

32.  Fulfillment Unlimited, Inc. is paid from the money that ACCS collects in bad check restitution programs in California.

33.  All defendants receive compensation drawn from the money that ACCS collects in bad check restitution programs in California.

**B.  Plaintiffs**

   **1.  Elena del Campo**

**a.  Check No. 1610 to Fry's Electronics**

34.  On or about June 11, 2001 plaintiff Elena del Campo wrote check no 1610 in the amount of $95.02 to the Fry's Electronics Store in Palo Alto, California, [Fry's], for the purchase of goods for personal use,.  This check did not clear upon presentment.

35.  Ms. del Campo learned a few days later that her check had not cleared and she contacted Fry's in order to pay the check.  Ms. del Campo was told by a Fry's employee that the check was not yet in the Fry's computer system, and that therefore Ms. del Campo's payment could not be accepted.  She was directed to wait for a verbal or written payment request from Fry's.

36.  Fry's did not contact Ms. del Campo.  However, in October 2001 Ms. del Campo received a three-page document dated October 3, 2001, purportedly sent by the

Santa Clara County District Attorney.  The letter was entitled "OFFICIAL NOTICE" on letterhead of Santa Clara County District Attorney and George Kennedy, District Attorney, over the signature of "Bruce D. Raye, Criminal Investigator," and concerned check no. 1610, which Ms. del Campo had written to Fry's.  The letter contains demands for payment of the check amount, plus $170.00 in various fees.  The total amount demanded is $265.02.  A copy of this letter is attached to this Complaint as Exhibit 1.

37.  On or about October 17, 2001 Ms. del Campo mailed payment in the amount of $95.02 to the address provided in Exhibit 1, as payment to Fry's Electronics for check no. 1610.

38.  Without any notice either to Fry's Electronics or to Ms. del Campo, ACCS converted 50% of the $95.02 which Ms. del Campo sent for its own use.

39.  ACCS sent Fry's Electronics $47.51, representing 50% of the amount paid by Ms. del Campo.  ACCS reported to Fry's Electronics that Ms. del Campo had paid only $47.51.

40.  As a result of ACCS' conversion of 50% of the money that Ms. del Campo sent as payment for check no 1610, Ms. del Campo still has an unsatisfied debt to Fry's and Fry's has been deprived of $47.51 that Ms. del Campo intended to be paid to Fry's.

41.  In November 2001 Ms. del Campo received a second letter, purportedly from the Santa Clara County District Attorney, signed by "R.D. Davis, Case Coordinator."  This letter is dated November 7, 2001 and is entitled "NOTICE OF FAILURE TO COMPLY." The letter included the statement:

Your failure to respond may not result in the filing of this incident report by the District Attorney in MUNICIPAL COURT!

A copy of this letter is attached to this Complaint as Exhibit 2.

42.  On or about December 7, 2001 Ms. del Campo received a third letter, purportedly from the Santa Clara County District Attorney, signed by "R.D. Davis, Case Coordinator."  This letter is dated December 5, 2001 and is entitled "OFFICIAL NOTICE."

This third letter contains a demand for $170.00, which is the total of the fees originally demanded in the initial letter to Ms. del Campo. This letter includes the statement:

**Failure to contact this office may now result in criminal prosecution proceedings being pursued.**

A copy of this letter is attached to this Complaint as Exhibit 3.

### b. Check No. 1813 to Fry's Electronics and Check No. 1657 to South Peninsula Veterinary Emergency Clinic

43.   On or about May 26, 2001 Ms. del Campo wrote a check to Fry's Electronics for personal goods, in the amount of $81.99.  The check was subsequently dishonored.

44.   On or about December 9, 2001 Ms. del Campo wrote a check in the amount of $240.00 to the South Peninsula Veterinary Emergency Clinic for payment of services rendered to her household pet.  The check was subsequently dishonored.

45.   In May  2002 Ms. del Campo received a letter, dated May 28, 2002, purportedly from the Santa Clara County District Attorney, demanding $536.99 in payment of the two checks.  The total amount demanded was calculated by adding the check amounts and then assessing charges of $35.00 in administrative fees per check, $10.00 in bank charges per check, and a class fee of $125.00.  A true and correct copy of that letter is attached to this Complaint as Exhibit 4.

46.   In July 2002, Ms. del Campo received a letter, dated July 1, 2002, purportedly from the Santa Clara County District Attorney, presumably in connection with the two checks described in the preceding paragraph, titled **NOTICE OF FAILURE TO COMPLY**. The letter included the statement:

IF YOU WISH TO AVOID POTENTIAL ARREST AND PROSECUTION, YOU NEED TO CALL THIS OFFICE IMMEDIATELY!

A true and correct copy of that letter is attached to this Complaint as Exhibit 5.

47.   On or about July 20, 2002 Ms. del Campo paid ACCS 411.99, in payment of the check amounts, the bank service charge fees and the administrative fees.  Ms. del Campo did not seek to enroll in the bad check restitution program or pay the class fee for the program.

48.  Plaintiff del Campo alleges, on information and belief, that ACCS paid the South Peninsula Veterinary Emergency Clinic $142.50 and paid Fry's Electronics $63.44, withholding the remaining balance of $205.94 for its own profit, without notifying either merchant of its action.  As a result, plaintiff del Campo still has unsatisfied debts to these two merchants.

### 2.  Ashorina Medina

49.  Plaintiff Ashorina Medina wrote check no. 125 in the amount of $250.00 to the Humane Society of Santa Clara County, for the adoption of two dogs for her personal use.  This check did not clear upon presentment.

50.  In March 2003 Ms. Medina received a letter dated March 3, 2003, purportedly sent by the Santa Clara County District Attorney.  The letter was entitled "OFFICIAL NOTICE" on letterhead of Santa Clara County District Attorney and George Kennedy, District Attorney, and concerned the unpaid check which Ms. Medina had written to the Humane Society.  The letter contains demands for payment of the check amount, plus $170.00 in various fees.   The total amount demanded is $420.00.  A copy of this letter is attached to this Complaint as Exhibit 6.

51.  In March 2003 Ms. Medina received a second letter, purportedly from the Santa Clara County District Attorney, with a signature block for "Mr. Green, Case Coordinator."  This letter is dated March 24, 2003 and is entitled "OFFICIAL NOTICE." The letter includes a demand for $420.00 and contains the statement:

**Failure to contact this office may now result in criminal prosecution proceedings being pursued.**

A copy of this letter is attached to this Complaint as Exhibit 7.

52.  After receiving Exhibits 6 and 7, Ms. Medina paid $210.00 to the "Santa Clara County District Attorney Bad Check Restitution Program."

53.  On information and belief, Ms. Medina alleges that, without notifying either the merchant or her, ACCS converted 50% of her $210.00 payment to its own use, and

1 | reported to the Humane Society of Santa Clara County that she had paid only $105.00.

2 | As a result, Ms. Medina still owes the Humane Society $145.00.

3 |     54.  In May 2003 Ms. Medina received a letter, dated May 27, 2003, purportedly

4 | from the Santa Clara County District Attorney, from "Mr. Green, Case Coordinator."  This

5 | letter is dated May 27, 2003.   This letter contains the statement:

6 |     PLEASE CONTACT THIS OFFICE TO AVOID CRIMINAL PROSECUTION.

   A copy of this letter is attached to this Complaint as Exhibit 8.

7 | **3. Miriam R. Campos**

8 | **a. Glass 4 Less**

9 |     55.  Miriam R. Campos wrote a check to Glass 4 Less to pay for goods for

10 | personal, family or household use.

11 |     56.  In April 2003 Miriam R. Campos received a letter dated April 9, 2003, titled

12 | "OFFICIAL NOTICE, purportedly from the District Attorney of Santa Clara County,

13 | indicating that her check to Glass 4 Less had been dishonored.  The April 9, 2003 letter

14 | includes individualized check information, that the amount of the unpaid check  was

15 | $52.72 and that Ms. Campos must pay the check amount plus $170.00 in fees and attend

16 | a "Financial Accountability" class in order to avoid prosecution under Penal Code §

17 | 476(a).  The total amount demanded in this letter is $222.72.  A copy of this letter is

18 | attached to this Complaint as Exhibit 9.

19 |     57.  In June 2003 Ms. Campos received a letter dated June 9, 2003, purportedly

20 | sent by the District Attorney of Santa Clara County.  The letter contains a demand for a

"Case Balance" of $222.72, and contains the statement:

21 | **Failure to contact this office may now result in criminal prosecution proceedings being pursued.**

22 |

23 |    A copy of this letter is attached to this Complaint as Exhibit 10.

24 | **b.  Gymboree**

25 |     58.  Miriam R. Campos wrote a check to Gymboree to pay for goods or services

for personal, family or household use.

26 |

CONSOLIDATED COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983, ETC.: Page 10

59.  In November 2003 Miriam R. Campos received a letter dated November 25, 2003, titled "OFFICIAL NOTICE, purportedly from the District Attorney of Santa Clara County, indicating that her check to Gymboree had been dishonored.  The April 9, 2003 letter includes individualized check information, that the amount of the unpaid check  was $111.40 and that Ms. Campos must pay the check amount plus $185.00 in fees and attend a "Financial Accountability" class in order to avoid prosecution under Penal Code § 476(a).  The total amount demanded in this letter is $296.40.  A copy of this letter is attached to this Complaint as Exhibit 11.

### 4. Lisa Johnston

60.  Prior to April 22,, 2002 Lisa Johnston wrote a check for personal, family or household purposes that allegedly did not clear.  Prior to April 22, 2002 Lisa Johnston was contacted by ACCS, purporting to be a branch of the Santa Clara County District Attorney's office, demanding payment of the check amount plus fees.

61.  As of April 22, 2002, ACCS claimed that Ms. Johnston owed $211.74.

62.  Between April 2002 and July 2002, according to ACCS, Ms. Johnston paid her balance down to $161.16.

63.  Between July 2002 and January 2003, Ms. Johnston made periodic payments of $5.00 and $10.00, totaling an additional $60.00.

64.  Defendants assessed additional fees, and deducted its own fees from the amount paid towards the check, without Ms. Johnston's knowledge or consent.

65. Prior to January 2003 defendants sent Ms. Johnston a series of its standard computer-generated form letters.

66.  In January 2003, Ms. Johnston received a letter dated January 23, 2003, purportedly sent by the District Attorney of Santa Clara County.  The letter contains a demand for a "Case Balance" of $111.16, and contains the statement:

**Failure to contact this office may now result in criminal prosecution proceedings being pursued.**

A copy of this letter is attached to this Complaint as Exhibit 12.

CONSOLIDATED COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983, ETC.: Page 11

67.  On or about May 28, 2003 defendants sent Ms. Johnston a letter purporting to be from Mr. Kramer, a Case Coordinator with the Santa Clara County District Attorney's Office.  That letter, titled **NOTICE OF FAILURE TO COMPLY**, includes the statement:

Your failure to respond NOW may result in the referral of this crime report for CRIMINAL PROSECUTION.

A copy of this letter is attached to this Complaint as Exhibit 13.

68.  On or about June 9, 2003 ACCS sent Ms. Johnston a letter purporting to be from Mr. Kramer, a Case Coordinator with the Santa Clara County District Attorney's Office.  That letter, titled ATTENTION: LISA JOHNSTON, includes the statement:

Due to your failure to complete the requirements of the District Attorneys' Bad Check Restitution Program . . . we are now initiating formal prosecution proceedings against you.  Criminal charges of PC 476(a) . . .are being prepared. . . .

A copy of this letter is attached to this Complaint as Exhibit 14.

## V.   FACTS COMMON TO ALL PLAINTIFFS

69.  Defendants generally treated plaintiffs the same way that they treat all check writers from whom they attempt to collect money.

70.  The checks which are referred to ACCS come mostly from retail merchants, such as Walmart, COSTCO, Safeway, Fry's and Target, as well as small retail merchants, such as Glass 4 Less.

71.  Merchants refer checks for collection, and usually do not intend to claim that the check writer committed a crime. They do not intend to claim that the check writer has committed a crime.  Many merchants transmit check information only, and do not provide defendants with any information that is not on the face of the check.

72.  When a merchant submits a check to defendants, defendants direct the merchant not to communicate with the check writer.

73.  When defendants contact a check writer, defendants order the check writer not to communicate with the merchant.

74.  Defendants commence collection procedures knowing that there is not probable cause to conclude that the check writer has written a returned check with criminal intent.

75.  Check writers who call the District Attorney Bad Check Restitution Program to question the letters believe that they are speaking with neutral employees of the District Attorney who will provide truthful information.  Check writers  are not told that they are talking to employees of a private company, and that both the employee and the company profits directly from the money collected from check writers.  Check writers who explain that the check was returned because of a mistake made by the check writer or by the bank are told that the check writer is nonetheless liable, and must pay the money being demanded to avoid the possibility of prosecution.

76.  Despite knowing that merchants rarely, if ever, incur a $10 bank charge as a result of a returned check, defendants always demand that the check writer pay a $10 bank charge.

77.  The letters sent by ACCS are purportedly sent by the Santa Clara County District Attorney.  However, although the District Attorney has generally authorized ACCS to operate a check restitution program in which it uses computer-generated form letters, the District Attorney does not specifically know what the letters say, or when and how they are used.  Neither George Kennedy nor any of his employees at the District Attorneys office supervise the preparation or mailing of the correspondence to check writers, or other communications with check writers.  This lack of supervision is typical in the business relationship between ACCS and the California district attorneys with which it contracts.

78.  Plaintiffs allege, on information and belief, that in connection with checks written by one or all of the plaintiffs,  ACCS sought private bank account information from the banks on which the checks were drawn, under the false pretense that it was a district attorney investigating a crime report.

79.  Defendant George Kennedy, acting in his official capacity, has authorized ACCS to lead both check writers and merchants to believe that ACCS is an official department in the district attorney's office.

80.  The letters sent to plaintiffs contain numerous material misrepresentations and omissions, including, but not limited to, the following:

a.  The Santa Clara County District Attorney operates and controls a Bad Check Restitution program.

b.  The letter was prepared and mailed by the Santa Clara District Attorney, and is official correspondence from a criminal investigator employed by the District Attorney.

c.  Communications to the toll-free phone number and address printed on the letter will be received and considered by the District Attorney.

d.  The payee of the check has made an "Incident Report" against the check writer alleging a violation of Penal Code § 476a.

e.  The check writer has committed a crime by writing a check that did not clear and must enroll in a misdemeanor diversion program to avoid probable criminal prosecution.

f.  As a condition of participating in a misdemeanor diversion program the check writer is lawfully obligated to pay the check amount, plus a $35.00 administrative fee, a $10.00 returned item fee pay a class fee of $125.00 or more, and attend a "Financial Accountability Class,".

g.  If the check writer does not participate in the diversion program, there is likelihood that she will be criminally prosecuted.

h.  In order to avoid probable prosecution, the check writer must pay all fees and attend the diversion class.

i.  The District Attorney may prosecute an alleged violation of Penal Code § 476a, without considering the statute of limitations has run.

j.  The "bad check restitution program" meets California statutory requirements.

81.  The true facts are as follows:

CONSOLIDATED COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983, ETC.: Page 14

a.  The Bad Check Restitution Program is operated for profit by ACCS with little or no supervision by the Santa Clara County District Attorney.

b.  The form letters are prepared and sent by ACCS, not by employees of the Santa Clara County District Attorney.

c.  The address and phone number on the form letters are contact points with ACCS, not for the Santa Clara County District Attorney.  ACCS representatives who are contacted by check writers disguise the fact that they are employees of a private company and represent that they are employees of the Santa Clara County District Attorney.

d.  Generally, merchants refer checks to the "check restitution program" simply for collection, not for possible prosecution.  Check payees do not generally allege that check writers have violated Penal Code § 476a.  California Penal Code § 476a requires proof that: *(1) the check writer passed a check knowing that it would not clear; and (2) at the time the check writer passed the check, he or she had an intent to defraud the payee of the check.*

e.  Prior to ACCS sending the form demand letters, the Santa Clara County District Attorney has not conducted any review of the facts, or determined that there is probable cause to believe that the check writer has violated Penal Code § 476a.

f. The District Attorney rarely reviews the facts concerning a dishonored check handled by ACCS at any point.  In those few instances where the District Attorney conducts a criminal investigation, this does not take place until ACCS has exhausted its collection efforts.

g. The Santa Clara County District Attorney rarely, if ever, initiates criminal prosecution where the check writer does not enroll in the bad check restitution program, even where the check writer does not pay the check.

h.  The check writer is not lawfully obligated to pay all the charges demanded.

i. The District Attorney will not initiate a prosecution pursuant to Penal Code § 476a when the statute of limitations has run.

CONSOLIDATED COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983, ETC.: Page 15

j. ACCS will not consider referring an account to the District Attorney for prosecution review, when a check writer has paid all the fees that defendants demanded, but has not attended the diversion class.

k. The "bad check restitution program" does not meet California statutory requirements.

## VI.   PRACTICES AND POLICIES OF THE DISTRICT ATTORNEY

82.  It is or was the practice and policy of defendant George Kennedy, acting in his official capacity, to provide blanket authorization to ACCS to conduct the Bad Check Restitution Program in the district attorney's name, without providing any meaningful supervision of, or control over, ACCS' actions.

83.  It is or was the practice and policy of defendant George Kennedy, acting in his official capacity, to allow ACCS to send form letters in the name of the District Attorney of Santa Clara County, without specifically knowing what the letters say, or when and how they are used.

84.  It is or was the practice and policy of defendant George Kennedy to allow ACCS to collect unlawful check charges and to share in the proceeds of those collections.

85.  It is or was the practice and policy of defendant George Kennedy to refer all payee inquiries concerning dishonored checks to ACCS, without first making any investigation.

86.  It is or was the practice and policy of defendant George Kennedy to refer checks that had not cleared to the Bad Check Restitution Program without first determining whether there is probable cause to believe there has been a violation of Penal Code § 476a.

87.   It is or was the practice and policy of defendant George Kennedy to allow ACCS to operate the "bad check restitution program" despite actual and constructive knowledge that the program, as operated by ACCS, does not meet the requirements of

Penal Code §§ 1001.60, *et seq.* or federal or state constitutional due process or equal protection requirements, and is otherwise being conducted unlawfully.

88.  The district attorney has actual and constructive knowledge that many aspects of the ACCS operation are unlawful, yet he continues to authorize the ACCS operation.

## VII.    PRACTICES AND POLICIES OF ACCS

89.  ACCS operates county "bad check restitution programs" in association with a number of California counties.

90.  It is or was the practice and policy of ACCS to prepare and cause to be sent letters containing numerous false representations, and to impersonate the district attorney in responding to check writer and check recipient inquiries.

91.  It is or was the practice and policy of ACCS to send collection letters without providing the validation notice required by 15 U.S.C.§1692g(a).

92.  It is or was the practice and policy of ACCS to send collection letters without including the debt collection warning required by 15 U.S.C. §1692e(11).

93.  It is or was the practice and policy of ACCS to send collection letters without the intent or legal authority to open a criminal investigation.

94.  It is or was the practice and policy of ACCS to send collection letters falsely stating or implying that there is a probability that the check writer will be criminally prosecuted unless he or she submits to the Bad Check Restitution Program and pays all fees being demanded.

95.  It is or was the practice and policy of ACCS to send collection letters misrepresenting the character, amount, or legal status of the alleged debt.

96.  It is or was the practice and policy of ACCS, masquerading as a law enforcement agency, to order both the merchant and the check writer that they may not communicate with each other directly.  The purpose of this order is to assure that check writer payments are made through ACCS, thus allowing ACCS to deduct its fees prior to the merchant receiving full payment.

97.  It is or was the practice and policy of ACCS to send collection letters with the false representation or implication that the consumer had committed a crime.

98.  It is or was the practice and policy of ACCS to seek check charges that are not authorized by law.

99.  It was or is the practice and policy of ACCS to withhold up to 50% of the amount paid by the check writer when less than the total demanded by ACCS is paid, without disclosing to either the merchant or the check writer that it has withheld any portion of the check writer's payment.

100.  It is or was the practice and policy of ACCS to obtain information from banks concerning check writers by falsely certifying that it is a district attorney investigating a crime report.

## VIII.   CLASS ACTION ALLEGATIONS

101.  This action is brought as a class action, as follows:

**Umbrella class:**  All persons who were sent a collection demand by ACCS in connection with a returned check, supposedly, pursuant to California Penal Code §§ 1001.60 *et seq.* purporting to be a letter from a California county district attorney.

Sub-class 1: [California UCL class]:  All members of the umbrella class from whom ACCS attempted to collect, or collected money, on, or after, December 12, 1997.

Sub-class 2-A:  [California 42 U.S.C. § 1983/tort class]:  All members of the umbrella class from whom ACCS collected money in the name of a government entity, on, or after, December 12, 1999.

Sub-class 2-B: [Santa Clara County 42 U.S.C. § 1983/tort class]: All members of the umbrella class, from whom ACCS collected money in the name of the Santa Clara County District Attorney, on, or after, December 12, 1999.

Sub-class 3: [California FDCPA ]:  All members of the umbrella class, from whom ACCS attempted to collect, or collected money for checks written for personal, family, or household purposes, on, or after, December 12, 2000.

Sub-class 4: [Bank records class]:  All members of the umbrella class whose bank records ACCS sought.

102.  Plaintiff alleges that the umbrella class, and each sub-class is so numerous that joinder of all members is impractical.  The umbrella class contains in excess of 100,000 class members.  Each of the sub-classes includes thousands of class members.

103.  There are questions of law and fact common to the class, including, but not limited to, the following:

a.  Whether ACCS made demands on all class members that are the same or similar to the demands made to the plaintiffs.

b.  Whether defendants simulate or falsely represent that its collection letters are authorized, issued, or approved by the official of any state;

c.  Whether defendants' collection activities are governed by the FDCPA.

d.  Whether defendants' collection activities are unfair, fraudulent or unlawful.

e.  Whether defendants fail to provide the validation notice, expressly required by the FDCPA

f.  Whether defendants fail to provide the debt collection warning expressly required by the FDCPA.

g.  Whether defendants threaten to take any action that cannot legally be taken or that is not intended to be taken.

h  Whether defendants falsely represent the character, amount, or legal status of the debt.

i.  Whether defendants represent or imply that nonpayment of the debt will result in the arrest or criminal prosecution of the check writer when such action is not intended.

j.  Whether defendants give the false representation or implication that the check writer has committed any crime, or other conduct an order to disgrace the check writer.

k.  Whether defendants collect or attempt to collect fees that are not authorized by law.

l.  Whether defendants give the false representation or implication that documents are legal process.

m.  Whether defendants use any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

n.  Whether any defendant violates the right of a check writer to equal protection or substantive or procedural due process by, *inter alia*, (1) having ACCS demand and collect unlawful check fees; (2) by allowing ACCS, a private collection agency, to falsely represent that it is a district attorney's office; (3) by delegating to ACCS, a private collection agency with a financial stake in the outcome, the authority to determine whether their is probable cause to believe that a crime has been committed; (4) by permitting ACCS to demand fees from people accused of writing bad checks, upon pain of criminal prosecution, without regard for their ability to pay; (4) by aiding and abetting ACCS in the unauthorized practice of law; (5) by obtaining of attempting to obtain private bank records without the authorization of the bank account holder, and (6) by allowing ACCS to falsely threaten criminal prosecution in an attempt to obtain property from a check writer.

104.  Plaintiffs' claims are typical of the claims of the potential class members.  All claims of plaintiff and the class are based on the same facts and legal theory.

105.  Plaintiffs will fairly and adequately protect the interests of the class.  They have retained counsel who are experienced in handling class actions as well as FDCPA, UCL and 42 U.S.C. § 1983 claims.  Neither plaintiffs nor their counsels have any interests that may conflict with the interests of the class.

106.  Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is appropriate in that defendants have acted on grounds generally applicable to the class thereby making appropriate declaratory and injunctive relief with respect to the class as a whole.

107.  Certification of the class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

CONSOLIDATED COMPLAINT FOR VIOLATION OF 42 U.S.C. § 1983, ETC.: Page 20

a.  the questions of law and fact common to the members of the classes predominate over any questions affecting an individual member.

b.  a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

108.  Plaintiffs request certification of a class pursuant to Rule 23(b)(2), or, in the alternative, a hybrid class combining the elements of Rule 23(b)(3) for monetary damages and Rule 23(b)(2) for declaratory and equitable relief, including injunctive relief and restitution.

### IX.   FIRST CLAIM FOR RELIEF
### (CIVIL RIGHTS ACT, 42 U.S.C. § 1983)

109.  Plaintiffs incorporate by reference all previous paragraphs as though set forth herein.

110.  The defendants, and each of them, acting under color of state law, violated the rights of plaintiff and the putative class to procedural and substantive due process and equal protection guaranteed under the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution by, *inter alia*, injecting a direct financial interest into the enforcement process, denying them a pre-deprivation hearing by a neutral decision maker, requiring them to pay fees as a condition for avoiding prosecution without regard to their ability to pay, and extracting payments through false threats of prosecution.  Defendants interfere with rights implicit in the concept of ordered liberty by using threats of criminal prosecution to coerce participants to pay unlawful fees to an expensive "bad check restitution program" without first having concluded that there is reason to believe that a crime has been committed. Defendants' violative conduct includes, but is not limited to, the following:

a. threatening to criminally prosecute the writer of a dishonored check if he or she does not participate in a bad check restitution program by paying the fees being demanded, without first determining that there is probable cause to believe that the check writer had violated Penal Code § 476a, which requires evidence that the check

writer wrote a check knowing that it would not clear, and intending to defraud the payee of the check.

b.  threatening to criminally prosecute the writer of a dishonored check if he or she does not participate in a bad check restitution program, even when presented with credible evidence that the check writer did not the knowledge and intent required to violate Penal Code § 476a.

c.  prohibiting the merchant and the check writer from communicating directly with each other, for the purpose of extracting the fees being demanded for the check restitution program

d.  converting up to 50% of the amount paid by the check writer, if necessary to cover defendant's fees, without the check writer's knowledge or consent, thereby denying the check writer the ability to fully repay the merchant without first paying $170.00 or more in restitution program fees.  When defendants skim fees of the top of check writer payments, they misrepresent to the merchant the amount the check writer has paid.

e.  representing to merchants and check writers that the "bad check restitution program" is an official law enforcement agency when it is nothing more than a *de facto* check collection business that pays the prosecuting attorney a small fee for the use of his or her name and letterhead.

f.  demanding and collecting fees that are in excess of those allowed under California law.

g.  exceeding the jurisdiction of the district attorney by offering check writers a choice of either prosecution or participation in a bad check restitution program, without having first obtained evidence showing probable cause that a crime has been committed.

h.  having a contract between the district attorney and a private collection agency under which the district attorney: (1) receives the proceeds when the collection agency is paid by the check writer; (2) while failing to take any steps to

assure that the private collection agency is only collecting fees that are lawfully owed; and, (3) only allowing the collection agency to contact check writers when the district attorney has first determined that the check writer has violated California Penal Code § 476a.

> i.  allowing ACCS to collect fees that are not authorized by Penal Code §§ 1001.60, *et seq.*

111.  Defendant Kennedy, despite having actual and constructive knowledge that ACCS is not complying with either California law, or with its contract with the Santa Clara County District Attorney, and that ACCS is collecting fees that are not permitted by law, from persons who are not suspected of any crime, continues to authorize ACCS to operate the "Santa Clara County District Attorney Bad Check Restitution Program," without requiring ACCS to conform its conduct to California law, or to the contract. Defendant Kennedy allows ACCS to operate, knowing that it has a direct financial interest in assessing that maximum fees possible, without regard to whether there is probable cause to believe the that check writer has violated Penal Code § 476a.

112.  As a result of the conduct alleged herein, plaintiffs and the class which they seek to represent have paid unlawful fees, totaling millions of dollars and have unknowingly had defendants retain money which they intended to be used to pay the merchant for a dishonored check.

WHEREFORE, relief is requested as set forth below.

## X.    SECOND CLAIM FOR RELIEF
## (CALIFORNIA CONSTITUTION, ARTICLE I, SEC. 7)

113.  Plaintiff incorporates by reference all previous paragraphs as though set forth herein.

114.  California Constitution, Article I, Section 7 provides, in pertinent part: A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws. . . .

115.  Defendants, and each of them, acting under color of state law, violated the Due Process Clause of the California Constitution by engaging in action under color of

law that was clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare, including, but not limited to, the conduct described above.

WHEREFORE, relief is requested as set forth below.

## XI.   THIRD CLAIM FOR RELIEF
### (CALIFORNIA CONSTITUTION, ARTICLE I, SEC. 1)

116.  Plaintiffs incorporate by reference all previous paragraphs as though set forth herein.

117.  Article I, Section 1 of the California Constitution provides:

All people are by nature free and independent and have inalienable rights. Among these are enjoying and defending life and liberty, acquiring, possessing, and protecting property, and pursuing and obtaining safety, happiness, and privacy.

118.  Plaintiffs and class members have a right to maintain the privacy of their bank records.

119.  ACCS, impersonating an employee of a California district attorney, routinely request check writer bank records pursuant to Cal. Govt. Code § 7480(b).  An example of the form request that ACCS uses is attached to this Complaint as Exhibit 15.

120.  ACCS is not a law enforcement agency authorized to request bank records pursuant to Cal. Govt. Code § 7480(b).

121.  Cal. Govt. Code § 7480(b) does not authorize debt collectors or any non-law enforcement agency to obtain an individual's bank records.

122.  Cal. Govt. Code § 7480(b) does not authorize any action unless "a crime report has been filed that involves the alleged fraudulent use of drafts, checks, or other orders."

123.  ACCS, rarely, if ever, investigates a crime report that involves the fraudulent use of checks in connection with its routine requests for check writer bank records.

124.  Plaintiffs believe that ACCS may have sought and/or obtained their private bank records.

125.  Neither plaintiffs, nor the class, authorized defendants to obtain their bank account records.

126.  Defendants will continue to seek access to check writer's bank records, as set forth herein, unless enjoined.

WHEREFORE, relief is requested as set forth below.

## XII.   FOURTH CLAIM FOR RELIEF
### (FAIR DEBT COLLECTION PRACTICES ACT)

127.  Plaintiffs incorporate by reference all previous paragraphs as though set forth herein.

128.  ACCS' violations of the FDCPA include, but are not limited to, the following:

a.  The initial letter of ACCS to check writers, of which Exhibit 1 is an example, does not contain the validation notice required by 15 U.S.C. §1692g(a), nor is the validation notice provided within five days of the initial communication.

b.  None of the collection letters that defendants send contain the debt collection warning required by 15 U.S.C. §1692e(11).

c.  Defendants' collection letters contain false, deceptive and misleading implications or representations concerning ACCS' affiliation with criminal justice powers of California district attorneys in the counties in which ACCS operates, in violation of 15 U.S.C. §1692e(1).

d.  ACCS violates 15 U.S.C. §1692e(2)(A) by misrepresenting the character, amount, and legal status of the debt.

e.  ACCS violates 15 U.S.C. §1692e(4) by using the Santa Clara County District Attorney's name and letterhead combined with repeated references to violations of the law give the false impression that civil collection matters are criminally enforceable which an unsophisticated consumer could reasonably infer include arrest and imprisonment.

f.  ACCS violates 15 U.S.C. §1692e(5) by threatening action that is not intended to be taken or cannot legally be taken.

g.  ACCS violates 15 U.S.C. §1692e(7) by representing or implying that the check writer has committed a crime.

h.  ACCS violates 15 U.S.C. §1692e(9) in that the overall appearance of the defendant's communications which gives the impression it is an official communication from the office of a California district attorney.

i.  ACCS violates 15 U.S.C. §1692e(14) by using a name other than their own, *i.e.* – the name of the district attorney of the county in which the dishonored check was written.

j.  ACCS violates 15 U.S.C. §§ 1692f and 1692f(1) by requesting amounts which are not authorized by contract or by California law.

WHEREFORE, relief is requested as set forth below.

### XIII.   FIFTH CLAIM FOR RELIEF
### (CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.)

129.  Plaintiffs incorporate by reference all previous paragraphs as though set forth herein.

130.  The California Unfair Business Practices Act, [UCL], Cal. Business & Professions Code §§17200, *et seq.*, prohibits unlawful, unfair or fraudulent business acts or practices.  The UCL provides that a Court may order injunctive relief and restitution to affected members of the general public as remedies for any violations of the UCL.

131.  ACCS has committed unlawful, unfair or fraudulent acts or practices in sending the demand letters, making the demands and collecting check fees, engaging in the unauthorized practice of law, converting money intended for merchants to its own use, and invading the privacy of check writers, as described herein, in violation of the Cal. Bus. & Prof. Code §17200 *et seq.*

132. The acts and practices complained of herein constitute unfair business practices because these acts and practices are patently unfair and substantially injurious to the general public and offensive to established California public policy.

133. The acts and practices complained of herein constitute unfair business practices because these acts and practices are likely to deceive the general public as to their legal rights and obligations with respect to the collection of their alleged debts.

134. The acts and practices complained of herein constitute unfair business practices because these acts and practices are unlawful under federal law and state law, including, but not limited to, the federal and state constitutions, Cal. Penal Code § 518 and the Fair Debt Collection Practices Act.

135. The acts and practices complained of herein constitute unfair business practices because these acts and practices are fraudulent.

136. Plaintiffs are entitled under the UCL to enjoin these acts and practices and to obtain restitution of all funds obtained by ACCS by reason of and through the use of these unlawful, unfair and fraudulent acts and practices. Pursuant to the UCL plaintiffs, individually and on behalf of all members of the general public who are, have been or may be, subjected to these unlawful, unfair, and fraudulent business acts and practices of defendants hereby request declaratory and preliminary and permanent injunctive relief prohibiting such practices in the future, and other orders as may be necessary to restore to any person in interest, any money or property, real or personal, which may have been acquired by defendants by means of such unlawful, unfair and fraudulent business practices.

137. In addition, pursuant to Cal. Code of Civil Procedure §1021.5, plaintiff is entitled to recover reasonable attorneys' fees, costs and expenses incurred in bringing this action.

WHEREFORE, relief is requested as set forth below.

## XIV.   SIXTH CLAIM FOR RELIEF
(CONVERSION)

138.  Plaintiffs incorporate by reference all previous paragraphs as though set forth herein.

139.  As a result of defendants' prohibition of direct communication between the check writer and the merchant, check writers who seek to pay the check amount, but who do not intend to participate in the diversion program, send payment of the check amount, or payment of the check amount and the administrative and/or $10.00 bank charge to ACCS.

140.  Without the knowledge of either the check writer or the merchant, ACCS converts up to 50% of such payments to cover, *inter alia*, the class fee and other assessments, totaling up to $170.00 per check, or more.

WHEREFORE, relief is requested as set forth below.

## XV.   SEVENTH CLAIM FOR RELIEF
(FRAUDULENT MISREPRESENTATION)

141.  Plaintiffs incorporate by reference all previous paragraphs as though set forth herein.

142.  Cal. Penal Code §§ 1001.60, *et seq.*, provides that the district attorney may not refer a person for diversion under the Bad Check Diversion Statute, unless there is probable cause to believe the check writer violated of Section 476a.

143.  Cal. Penal Code § 1001.65 provides that the district attorney may collect from a check writer who is properly participating in a bad check restitution program the "actual amount of any bank charges incurred" by the recipient of a dishonored check, up to a maximum amount of $10.00.  This statute also limits the other fees that may be collected.

144.  ACCS represent to check writers in multiple form letters, that there is a substantial possibility the check writer will be prosecuted if he or she does not pay the fees that ACCS demands.  ACCS knows when it makes these representations that these are false.

145.  ACCS' standard practice is to represent in its multiple form letters mailed to check writers that it is entitled to collect a $10.00 bank charge, a diversion class fees, and other unlawful fees.  ACCS knows when it makes these representations that these are false.

146.  Defendants make this representation with the intention that the check writer rely on the representation and pays the fees that ACCS demands.

147.  As a result of the practice described herein, some or all of the named plaintiffs, and the class, have paid unlawful fees to ACCS.

WHEREFORE, relief is requested as set forth below.

### XVI.   EIGHTH CLAIM FOR RELIEF
### (NEGLIGENT MISREPRESENTATION)

148.  Plaintiffs incorporate by reference all previous paragraphs as though set forth herein.

149.  In communicating with check writers in connection with the bad check restitution program ACCS assumed a duty to be truthful in its statements to check writers.

150.  ACCS breached this duty in numerous ways, by making the false representations described in this Complaint.

151.  Relying on these representations, plaintiffs and the class have paid money that they did not owe, including, but not limited to class fees, bank fees, administrative fees and other assessments.

152.  The class alleged herein has paid in excess of $4,000,000.00 in these unlawful fees.

WHEREFORE, relief is requested as set forth below.


### DEMAND FOR TRIAL BY JURY

Plaintiffs demand trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure of all issues triable of right by a jury.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiffs request that judgment be entered for them and the class against defendants for:

1. Declaratory relief that ACCS's collection practices described herein violate the Civil Rights Act, the FDCPA, the UCL, the California Constitution, Article I, §§ 1 and 7 and constitute conversion, fraudulent misrepresentation and negligent misrepresentation.

2. A preliminary and permanent injunction enjoining the defendants, their officers, employees, agents and all those acting in concert with them from, as follows

a. prohibiting the District Attorney from referring checks which did not clear to ACCS without first making an independent finding that there is probable cause to believe that the check writer violated Penal Code § 476a in writing the check.

b. requiring the District Attorney to provide check writers reasonable access to a government employee directly supervised by the district attorney's office to respond to communications concerning referral to the "Bad Check Restitution Program."

c. prohibiting ACCS from communicating with check writers without disclosing in each communication that they it is a debt collector, not a district attorney's office.

d. prohibiting defendants from seeking to collect, or collecting, any unlawful check charges, including, but not limited to, program fees and returned check fees that are not remitted to the payee.

e. prohibiting defendants from making false representations in their communications with check writers.

3. Actual damages.

4. Restitution.

5. Statutory damages pursuant to 15 U.S.C. §1692k;

6. Punitive and exemplary damages.

7. Costs and reasonable attorneys' fees pursuant to 42 U.S.C. §1988, 15 U.S.C. §1692k, and Cal. Code of Civil Procedure § 1021.5.

8. Such other and further relief as the Court deems proper.

1   DATED: March 2, 2006                LAW OFFICES OF PAUL ARONS

2
                                        By s/ Paul Arons_____
3                                          Paul Arons
                                           Attorneys for Plaintiffs
4

5   Additional Plaintiffs' Counsel

6
    Ronald Wilcox, State Bar #176601
7   LAW OFFICE OF RONALD WILCOX
    2160 The Alameda, 1st Flr., Suite F
8   San Jose, CA 95126
    Tel:  (408) 296-0400
9   Fax: (408) 296-0486

10  O. Randolph Bragg, IL. Bar #06221983
    HORWITZ, HORWITZ & ASSOCIATES
11  25 East Washington, Suite 900
    Chicago, IL 60602
12  (312) 372-8822

13

14

15

16

17

18

19

20

21

22

23

24

25

26



Sec.  552 frev  0017
**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7019

**George Kennedy**
District Attorney

# OFFICIAL NOTICE

Iladadladdladdldadllalddadddaddadld
ELENA M DEL CAMPO
PO BOX 292
REDWOOD CITY CA 94064-0292

Date of Notice: 10/03/01

Case #: SCC 102496-00

PLEASE READ THIS NOTICE CAREFULLY. The Santa Clara County District Attorney's Office has received an INCIDENT REPORT  alleging you have violated Penal Code 476(a) of the California State Statute; Passing a Worthless Check.    A conviction under this statute is punishable by up to six (6) months in county jail and up to $1,000 in fines. See  PART 2  of the Information pages attached to this Notice about the party(s) filing this crime report.

YOU MAY AVOID A COURT APPEARANCE if you agree to enroll in the Santa Clara County District Attorney's Bad Check Restitution Program.  California Penal Code Sections 1001.60-1001.65 authorize District Attorneys to make this offer to individuals that comply with the following Program requirements:

1. **Complete the Santa Clara County District Attorney's mandatory one-day educational class on Financial Accountability.**

2. **Pay FULL restitution for all reported checks, PLUS all applicable administrative, returned item, and program fees.**

Program enrollment is OPTIONAL.  You may wish to consult an attorney to obtain legal advice about your rights in regards to this matter. The District Attorney is extending an opportunity to participate in a pre-trial misdemeanor diversion program as an alternative to appearing in court. The District Attorney does not require you to enter any form of plea in exchange for Program participation, and participation is NOT an admission of guilt.

The Bad Check Restitution Program is designed to bring a fast resolution to this matter.   Program completion requires payment of the appropriate restitution and fees and attendance in a one-day class, typically 8:00am - 4:30pm on a Saturday. If you successfully comply, you will receive a notice of completion from the District Attorney and  THERE WILL BE NO CRIMINAL, POLICE, OR COURT RECORD OF THIS MATTER!

WARNING - Completion of the Bad Check Restitution Program is valid ONLY if you comply with ALL District Attorney requirements. Failure to comply with payment of restitution and fees, or class attendance may subject you to criminal court proceedings.

For Program enrollment and payment information, please review PART 1 of the next page. If you believe you received this Notice in error,   please read PART 3 of the instructions before calling this office.

Signed,

Bruce D. Raye
**Bruce D. Raye**
**Criminal Investigator**
**Santa Clara County District Attorney's Office**

Seq. 562 Tray 0047

## PART 1 - PROGRAM ENROLLMENT

Page 2

IF YOU WISH TO ENROLL IN THE DISTRICT ATTORNEY'S BAD CHECK RESTITUTION PROGRAM, COMPLETE THE ENROLLMENT FORM BELOW:

### ENROLLMENT FORM
*(Please Return This Page With Your Payment)*

Case # SCC 102496-00

Name: ELENA M DEL CAMPO

TOTAL BALANCE DUE: **$265.02**

Address: _____

Phone: _____

_____

DL#: _____

City/State/Zip _____

SS#: _____

☐ *Is this a new address?*

*Select Payment Option Below:*

☐ I wish to PAY IN FULL by November 3, 2001 and deduct $25.00 from the Program Fee. I have deducted $25.00 from the TOTAL BALANCE DUE and **I am enclosing $240.02.**

☐ I am requesting an automatic payment extension. I am enclosing $132.51 which is 1/2 of the total balance and the remaining balance of $132.51 will be paid by December 2, 2001.

**ALL PAYMENTS MUST BE POSTMARKED BY THE DATES INDICATED! For additional information** regarding payments, please call **(800) 931-9720.**

*Make payments payable to:*
**Santa Clara County District Attorney
1765 Landess Ave. PMB 150
Milpitas, CA 95035-7019**
*(This is not a walk-in office)*

NOTE: Mail payments by MONEY ORDER, or
**CASHIER'S CHECK ONLY!**
NO PERSONAL CHECKS ACCEPTED!

### FINANCIAL ACCOUNTABILITY CLASS SCHEDULE INFORMATION

Please indicate which Class you wish to attend by placing the #1 in front of the class date. Please choose an alternate date by placing #2 in front of that date in case your first choice is not available as classes are subject to availability. Classes are scheduled on a first come first serve basis.

____ Saturday November 17, 2001 8:00 am - 4:30 pm. ____ Saturday December 1, 2001 8:00 am - 4:30 pm

OUR OFFICE WILL MAIL CONFIRMATION OF YOUR CLASS, ALONG WITH DIRECTIONS TO THE CLASS LOCATION. Please bring your confirmation letter, a pen or pencil, and picture indentification for admittance to the class. Should you not receive confirmation of your requested class by ten (10) working days prior to class, please call (800) 931-9720.

*Special Note: If you have a medical condition that may prevent your attendance in class, please mail in a note from your physician stating your condition and treatment prognosis BEFORE your payment deadline.*

By my signature I hereby enroll in the Bad Check Restitution Program and agree to all terms and conditions.

_____
ELENA M DEL CAMPO

SCC 102496    100301

Seq. 662 Tray: 0017

## PART 2 - INCIDENT REPORT INFORMATION

Page 3

| VICTIM | CASE # | CHECK # | CHECK AMOUNT | RETURNED ITEM FEE | ADMIN FEE | TOTAL THIS CHECK |
|--------|--------|---------|--------------|-------------------|-----------|------------------|
| FRYS ELECTRONICS #03 | 102496 | 1610 | $95.02 | $10.00 | $35.00 | $140.02 |

PROGRAM FEE: $125.00

### TOTAL BALANCE DUE:   $265.02

*NOTE: You may deduct $25.00 from the Program Fee if your FULL PAYMENT is POSTMARKED by: November 3, 2001.*

**Do not attempt to contact the business or party who filed the Report.**
**THIS CASE MUST NOW BE RESOLVED THROUGH THIS OFFICE!**

## PART 3 - IMPORTANT INFORMATION      Please Read Carefully

● **IF YOU BELIEVE YOU RECEIVED THIS NOTICE IN ERROR**




STEP 1 • Review your records CAREFULLY.

STEP 2 - Call the District Attorney's Bad Check Restitution Program Office at **(800) 931-9720.**

STEP 3 - Ask for a Case Coordinator, explain the error.

STEP 4 - The Case Coordinator will ask you to mail in documentation of the error. If you did not write the check(s), you will be asked to go to your bank to obtain and sign an affidavit that you did not write the check(s) in question. In most cases, you will also be required to file a police report if you believe the check(s) were stolen or forged. With cases involving stop payments on checks, or performance disputes, please consult a Case Coordinator for more information.

STEP 5 - Mail in your case documentation to the:   **Santa Clara County District Attorney**
**Bad Check Restitution Program**
**1765 Landess Ave. PMB 150**
**Milpitas, CA 95035-7019**

Note: Personal bankruptcies DO NOT void responsibility in a criminal matter. Contact our office for details, or consult an attorney.

● **IF YOU BELIEVE YOU WERE NOT PROPERLY NOTIFIED**

The District Attorney's Office accepts ONLY bad check incident reports from those businesses, or parties that have DOCUMENTED attempts to notify you according to California State law. In addition to notification from the party you issued the check to, banks routinely send customers notice of returned items. Non-sufficient funds checks also appear on your monthly account statement. CHECK YOUR RECORDS CAREFULLY BEFORE CONTACTING THIS OFFICE.

● **IF YOU HAVE ALREADY PAID THE MERCHANT, OR FILING PARTY**

Please mail documentation that the merchant or filing party received payment BEFORE the date of this Notice. Allow the Office fourteen (14) days to process your information before calling. Our Office will determine the appropriate course of action and contact you by phone and/or letter.

● **IF YOU WANT TO APPEAR IN COURT**

If you want to contest this action and appear in court, you may want to consult an attorney. Contact this office and inform us of your decision. The District Attorney's Office or Court will send additional information and instructions on how to prepare for a Court appearance.

### FOR ADDITIONAL INFORMATION CALL   (800) 931-9720

Seq: 848 Tray 0016

**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7019

**George Kennedy**
District Attorney

# NOTICE OF FAILURE TO COMPLY

ELENA M DEL CAMPO
PO BOX 292
REDWOOD CITY CA 94064-0292

Date of Notice: 11/07/01

Case #: SCC 102496-16

OUR RECORDS INDICATE THAT YOU HAVE FAILED TO RESPOND TO A
PREVIOUS NOTICE REGARDING AN INCIDENT REPORT FILED WITH
THIS OFFICE.

Your failure to respond may now result in the filing of this incident report
by the District Attorney in MUNICIPAL COURT!

CALL THIS OFFICE IMMEDIATELY TO OBTAIN INSTRUCTIONS ON
SCHEDULING YOUR EDUCATION CLASS, AND PAYING THE BALANCE OF
YOUR CASE IF YOU WISH TO PREVENT THIS ACTION!  CALL
**(800) 931-9720.**

Office hours: Monday - Friday 8:00 am - 6:00 pm.

PAYMENTS ACCEPTED BY MONEY ORDER OR CASHIER'S CHECK ONLY!

Sincerely,

**R. D. Davis**
Case Coordinator

Document 115



Seq  633 Tray. 0017

**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7019

**George Kennedy**
District Attorney

# OFFICIAL NOTICE

Ihlnuhnlllmnlhulnulllllmnhllhnulnlllmulnuhllhl
ELENA M DEL CAMPO
PO BOX 292
REDWOOD CITY CA 94064-0292

Date of Notice: 12/05/01

Case #: SCC 102496-16



Please contact this office prior to  12/19/01  regarding incident reports
involving California Penal Code Section 476(a); "Passing a Worthless Check".  Prior
attempts to resolve this situation have been unsuccessful.

**Failure to contact this office may now result in criminal prosecution
proceedings being pursued.**  The amount below reflects the total balance to
discharge your incident report as of the date of this letter.

### CASE BALANCE: $170.00

If you wish to prevent any further action against you by this office, call
**(800) 931-9720**  during the hours listed below.  After hours, please leave
a message on how we may contact you regarding the disposition of your case.

PAYMENTS ACCEPTED BY MONEY ORDER OR CASHIER'S CHECK ONLY!

Office hours: Monday - Friday 8:00 am - 6:00 pm.

Thank you for your immediate response to this letter!

Sincerely,

**R. D. Davis**
Case Coordinator

Document 118



Seq. 536 Tray. 0042
**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7019

**George Kennedy**
District Attorney

# CASE INFORMATION

lllulilllllllllllllllllllllllllllllllllllllllll
ELENA DELCAMPO
PO BOX 292
REDWOOD CITY CA 94064-0292

Date of Notice: 05/28/02

Case #: SCC 118706-00

Per your request, the amount needed, as of the date of this letter, to clear the
bad check incident report(s) that has been filed with this office is:

## CASE BALANCE: $536.99

If you have not completed the Check Writer Education Class that is required, you
will need to do so in order for the District Attorney to discharge this incident
report.

You may reach us at **(800) 931-9720.**

PAYMENTS ACCEPTED BY MONEY ORDER OR CASHIER'S CHECK ONLY!

Thank you for your cooperation.

Document 124



Seq. 745 Tray. 0025
**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7019

**George Kennedy**
District Attorney

# NOTICE OF FAILURE TO COMPLY

ldlulalllulludullllulldllulbulblludulblllulldullul
ELENA M DELCAMPO
PO BOX 292
REDWOOD CITY CA 94064-0292

Date of Notice: 07/01/02

Case #: SCC 99921-16

fry's ββ



OUR RECORDS INDICATE YOU HAVE FAILED TO RESPOND TO A PREVIOUS
NOTICE REGARDING A BAD CHECK CRIME REPORT FILED WITH THIS OFFICE

Your failure to respond NOW may result in the referral of this crime report for
CRIMINAL PROSECUTION.

IF YOU WISH TO AVOID POTENTIAL ARREST AND PROSECUTION, YOU
NEED TO CALL THIS OFFICE IMMEDIATELY!

You may reach us at **(800) 931-9720.**

Office hours: Monday - Friday 8:00 am - 6:00 pm.

After hours, you may leave a message on how we may contact you regarding
the disposition of your case.

PAYMENTS ACCEPTED BY MONEY ORDER OR CASHIER'S CHECK ONLY!

Sincerely,

**Mrs. Lopez - Extension 3165**
Case Coordinator

Document 119

Seq  3468 Tray  0016

**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7019

**George Kennedy**
District Attorney

# OFFICIAL NOTICE

IliIuuIIuuIIuuIIuuIIuIIuIuIuIuIIuIuuuIuIuIuI
ASHORINA MEDINA
502 VERANO CT
SAN JOSE CA 95111-3850

Date of Notice: 03/03/03

Case #: SCC 142724-00

**PLEASE READ THIS NOTICE CAREFULLY. The Santa Clara County District Attorney's Office has
received an INCIDENT REPORT** alleging you have violated Penal Code 476(a) of the California
State Statute; Passing a Worthless Check.   A conviction under this statute is punishable by up to six (6)
months in county jail and up to $1,000 in fines. See **PART 2** of the information pages attached to this
Notice about the party(s) filing this crime report.

YOU MAY AVOID A COURT APPEARANCE if you agree to enroll in the Santa Clara County District
Attorney's Bad Check Restitution Program.   California Penal Code Sections 1001.60-1001.65 authorize
District Attorneys to make this offer to individuals that comply with the following Program requirements:

1. **Complete the Santa Clara County District Attorney's mandatory one-day educational class
   on Financial Accountability.**

2. **Pay FULL restitution for all reported checks, PLUS all applicable administrative, returned item,
   and program fees.**

**Program enrollment is OPTIONAL.**  You may wish to consult an attorney to obtain legal advice about your
rights in regards to this matter. The District Attorney is extending an opportunity to participate in a pre-trial
misdemeanor diversion program as an alternative to appearing in court. The District Attorney does not require
you to enter any form of plea in exchange for Program participation, and participation is NOT an admission
of guilt.

**The Bad Check Restitution Program is designed to bring a fast resolution to this matter.**  Program
completion requires payment of the appropriate restitution and fees and attendance in a one-day class,
typically 8:00am - 4:30pm on a Saturday. If you successfully comply, you will receive a notice of completion
from the District Attorney and  **THERE WILL BE NO CRIMINAL, POLICE, OR COURT RECORD OF
THIS MATTER!**

**WARNING - Completion of the Bad Check Restitution Program is valid ONLY if you comply with ALL
District Attorney requirements. Failure to comply with payment of restitution and fees, or class
attendance may subject you to criminal court proceedings.**

**For Program enrollment and payment information, please review PART 1 of the next page. If you believe
you received this Notice in error,**  **please read PART 3 of the instructions before calling this office.**

Signed,

Bruce D. Raye

**Bruce D. Raye**
**Criminal Investigator**
**Santa Clara County District Attorney's Office**

Seq 3468 Tray 0016
Case5:01-cv-21151-JW   Document196   Filed05/01/06   Page40 of 52

| VICTIM | CASE # | CHECK # | CHECK AMOUNT | RETURNED ITEM FEE | ADMIN FEE | TOTAL THIS CHECK |
|--------|--------|---------|--------------|-------------------|-----------|------------------|
| HUMANE SOCIETY OF SANTA CLARA | 142724 | 262 | $250.00 | $10.00 | $35.00 | $295.00 |

**PROGRAM FEE:**    $125.00

## TOTAL BALANCE DUE:    $420.00

*NOTE: You may deduct $25.00 from the Program Fee if your FULL PAYMENT is POSTMARKED by: April 3, 2003.*

**Do not attempt to contact the business or party who filed the Report.
THIS CASE MUST NOW BE RESOLVED THROUGH THIS OFFICE!**

## PART 3 - IMPORTANT INFORMATION          Please Read Carefully

● **IF YOU BELIEVE YOU RECEIVED THIS NOTICE IN ERROR**

STEP 1 -    Review your records CAREFULLY.

STEP 2 -    Call the District Attorney's Bad Check Restitution Program Office at **(800) 931-9720.**

STEP 3 -    Ask for a Case Coordinator, explain the error.

STEP 4 -    The Case Coordinator will ask you to mail in documentation of the error. If you did not write the check(s), you will be asked to go to your bank to obtain and sign an affidavit that you did not write the check(s) in question. In most cases, you will also be required to file a police report if you believe the check(s) were stolen or forged. With cases involving stop payments on checks, or performance disputes, please consult a Case Coordinator for more information.

STEP 5 -    Mail in your case documentation to the:    **Santa Clara County District Attorney
Bad Check Restitution Program
1765 Landess Ave. PMB 150
Milpitas, CA 95035-7019**

**Note: Personal bankruptcies DO NOT void responsibility in a criminal matter. Contact our office for details, or consult an attorney.**

● **IF YOU BELIEVE YOU WERE NOT PROPERLY NOTIFIED**

The District Attorney's Office accepts ONLY bad check incident reports from those businesses, or parties that have documented ATTEMPTS to notify you according to California State law. In addition to notification from the party you issued the check to, banks routinely send customers notice of returned items. Non-sufficient funds checks also appear on your monthly account statement. CHECK YOUR RECORDS CAREFULLY BEFORE CONTACTING THIS OFFICE.

● **IF YOU HAVE ALREADY PAID THE MERCHANT, OR FILING PARTY**

Please mail documentation that the merchant or filing party received payment BEFORE the date of this Notice.  Allow the Office fourteen (14) days to process your information before calling. Our Office will determine the appropriate course of action and contact you by phone and/or letter.

● **IF YOU WANT TO APPEAR IN COURT**

If you want to contest this action and appear in court, **you may want to consult an attorney.** Contact this office and inform us of your decision. The District Attorney's Office or Court will send additional information and instructions on how to prepare for a Court appearance.

## FOR ADDITIONAL INFORMATION CALL  (800) 931-9720

Seq  3515 Tray 0018

**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7019

**George Kennedy**
District Attorney

# OFFICIAL NOTICE

Date of Notice: 03/24/03

Case #: SCC 142724-47



ASHORINA MEDINA
502 VERANO CT
SAN JOSE CA 95111-3850

Please contact this office prior to  04/07/03  regarding incident reports involving California Penal Code Section 476(a); "Passing a Worthless Check".  Prior attempts to resolve this situation have been unsuccessful.

**Failure to contact this office may now result in criminal prosecution proceedings being pursued.**  The amount below reflects the total balance to discharge your incident report as of the date of this letter.

### CASE BALANCE: $420.00

If you wish to prevent any further action against you by this office, call **(800) 931-9720**  during the hours listed below.  After hours, please leave a message on how we may contact you regarding the disposition of your case.

PAYMENTS ACCEPTED BY MONEY ORDER OR CASHIER'S CHECK ONLY!

Office hours: Monday - Friday 8:00 am - 6:00 pm.

Thank you for your immediate response to this letter!

Sincerely,

**Mr. Green - Extension 3193**
Case Coordinator

Document 118

Seq 2226 Tray 0041

**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7019

**George Kennedy**
District Attorney

# ATTENTION: IMPORTANT INFORMATION NOTICE

Date of Notice: 05/27/03

Case #: SCC 142724-47

ASHORINA MEDINA
502 VERANO CT
SAN JOSE CA 95111-3850

Important information is needed to clear the incident report on file with this office.

**PLEASE CONTACT THIS OFFICE TO AVOID CRIMINAL PROSECUTION.**

You may reach us at **(800) 931-9720.**

Office hours: Monday - Friday 8:00 am - 6:00 pm.

Thank you for your immediate response to this letter!

Sincerely,

**Mr. Green - Extension 3193**
Case Coordinator

Document 121

**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7019

**George Kennedy**
District Attorney

# OFFICIAL NOTICE

Date of Notice: 04/09/03

Case #: SCC 146012-00

MIRIAM R CAMPOS
380 SURBER DR
SAN JOSE CA 95123-4344

PLEASE READ THIS NOTICE CAREFULLY. The Santa Clara County District Attorney's Office has received an INCIDENT REPORT alleging you have violated Penal Code 476(a) of the California State Statute; Passing a Worthless Check. A conviction under this statute is punishable by up to six (6) months in county jail and up to $1,000 in fines. See PART 2 of the information pages attached to this Notice about the party(s) filing this crime report.

YOU MAY AVOID A COURT APPEARANCE if you agree to enroll in the Santa Clara County District Attorney's Bad Check Restitution Program. California Penal Code Sections 1001 60-1001.65 authorize District Attorneys to make this offer to individuals that comply with the following Program requirements:

1. **Complete the Santa Clara County District Attorney's mandatory one-day educational class on Financial Accountability.**

2. **Pay FULL restitution for all reported checks, PLUS all applicable administrative, returned item, and program fees.**

**Program enrollment is OPTIONAL.** You may wish to consult an attorney to obtain legal advice about your rights in regards to this matter. The District Attorney is extending an opportunity to participate in a pre-trial misdemeanor diversion program as an alternative to appearing in court. The District Attorney does not require you to enter any form of plea in exchange for Program participation, and participation is NOT an admission of guilt.

**The Bad Check Restitution Program is designed to bring a fast resolution to this matter.** Program completion requires payment of the appropriate restitution and fees and attendance in a one-day class, typically 8:00am - 4:30pm on a Saturday. If you successfully comply, you will receive a notice of completion from the District Attorney and **THERE WILL BE NO CRIMINAL, POLICE, OR COURT RECORD OF THIS MATTER!**

**WARNING - Completion of the Bad Check Restitution Program is valid ONLY if you comply with ALL District Attorney requirements. Failure to comply with payment of restitution and fees, or class attendance may subject you to criminal court proceedings.**

**For Program enrollment and payment information, please review PART 1 of the next page. If you believe you received this Notice in error, please read PART 3 of the instructions before calling this office.**

Signed,

Bruce D. Raye
**Bruce D. Raye**
**Criminal Investigator**
**Santa Clara County District Attorney's Office**

I⁻ YOU WISH TO ENROLL IN THE DISTRICT ATTORNEY'S BAD CHECK RESTITUTION PROGRAM, COMPLETE THE ENROLLMENT FORM BELOW:

### ENROLLMENT FORM
Case #: SCC 146012-00
*(Please Return This Page With Your Payment)*

Name:  MIRIAM R CAMPOS                    **TOTAL BALANCE DUE:**  **$222.72**

Address: _____    Phone: _____

_____    DL#: _____

City/State/Zip _____    SS#: _____
☐  *Is this a new address?*

*Select Payment Option Below:*

☐  I wish to PAY IN FULL by May 10, 2003 and deduct $25.00 from the Program Fee. I have deducted $25.00 from the TOTAL BALANCE DUE and **I am enclosing $197.72.**

☐  I am requesting an automatic payment extension. I am enclosing $111.36 which is 1/2 of the total balance and the remaining balance of $111.36 will be paid by June 8, 2003.

**ALL PAYMENTS MUST BE POSTMARKED BY THE DATES INDICATED!** **For additional information regarding payments, please call  (800) 931-9720.**

### Make payments payable to:
**Santa Clara County District Attorney**          NOTE: Mail payments by MONEY ORDER, or
**1765 Landess Ave. PMB 150**                    **CASHIER'S CHECK ONLY!**
**Milpitas, CA 95035-7019**                      **NO PERSONAL CHECKS ACCEPTED!**
*(This is not a walk-in office)*

### FINANCIAL ACCOUNTABILITY CLASS SCHEDULE INFORMATION

Please indicate which Class you wish to attend by placing the #1 in front of the class date. Please choose an alternate date by placing #2 in front of that date in case your first choice is not available as classes are subject to availability. Classes are scheduled on a first come first serve basis.

_____ Saturday May 31, 2003  8:00 am - 4:30 pm.          _____ Saturday June 14, 2003  8:00 am - 4:30 pm.

**OUR OFFICE WILL MAIL CONFIRMATION OF YOUR CLASS, ALONG WITH DIRECTIONS TO THE CLASS LOCATION. Please bring your confirmation letter, a pen or pencil, and picture indentification for admittance to the class. Should you not receive confirmation of your requested class by ten (10) working days prior to class, please call  (800) 931-9720.**

*Special Note: If you have a medical condition that may prevent your attendance in class, please mail in a note from your physician stating your condition and treatment prognosis BEFORE your payment deadline.*

By my signature I hereby enroll in the Bad Check Restitution Program and agree to all terms and conditions.

_____                    SCC 146012    040903
MIRIAM R CAMPOS

| VICTIM | CASE # | CHECK # | CHECK AMOUNT | RETURNED ITEM FEE | ADMIN FEE | TOTAL THIS CHECK |
|--------|--------|---------|--------------|-------------------|-----------|------------------|
| GLASS 4 LESS | 146012 | 1574 | $52.72 | $10.00 | $35.00 | $97.72 |

**PROGRAM FEE:**    $125.00

## TOTAL BALANCE DUE:    $222.72

*NOTE: You may deduct $25.00 from the Program Fee if your FULL PAYMENT is POSTMARKED by: May 10, 2003.*

**Do not attempt to contact the business or party who filed the Report.
THIS CASE MUST NOW BE RESOLVED THROUGH THIS OFFICE!**

## PART 3 - IMPORTANT INFORMATION      Please Read Carefully

### ● IF YOU BELIEVE YOU RECEIVED THIS NOTICE IN ERROR

**STEP 1 -** Review your records CAREFULLY.

**STEP 2 -** Call the District Attorney's Bad Check Restitution Program Office at **(800) 931-9720.**

**STEP 3 -** Ask for a Case Coordinator, explain the error.

**STEP 4 -** The Case Coordinator will ask you to mail in documentation of the error. If you did not write the check(s), you will be asked to go to your bank to obtain and sign an affidavit that you did not write the check(s) in question. In most cases, you will also be required to file a police report if you believe the check(s) were stolen or forged. With cases involving stop payments on checks, or performance disputes, please consult a Case Coordinator for more information.

**STEP 5 -** Mail in your case documentation to the:    **Santa Clara County District Attorney
Bad Check Restitution Program
1765 Landess Ave. PMB 150
Milpitas, CA 95035-7019**

**Note: Personal bankruptcies DO NOT void responsibility in a criminal matter. Contact our office for details, or consult an attorney.**

### ● IF YOU BELIEVE YOU WERE NOT PROPERLY NOTIFIED

The District Attorney's Office accepts ONLY bad check incident reports from those businesses, or parties that have documented ATTEMPTS to notify you according to California State law. In addition to notification from the party you issued the check to, banks routinely send customers notice of returned items. Non-sufficient funds checks also appear on your monthly account statement. **CHECK YOUR RECORDS CAREFULLY BEFORE CONTACTING THIS OFFICE.**

### ● IF YOU HAVE ALREADY PAID THE MERCHANT, OR FILING PARTY

<u>Please mail documentation that the merchant or filing party received payment BEFORE the date of this Notice.</u> Allow the Office fourteen (14) days to process your information before calling. Our Office will determine the appropriate course of action and contact you by phone and/or letter.

### ● IF YOU WANT TO APPEAR IN COURT

If you want to contest this action and appear in court, **you may want to consult an attorney.** Contact this office and inform us of your decision. The District Attorney's Office or Court will send additional information and instructions on how to prepare for a Court appearance.

## FOR ADDITIONAL INFORMATION CALL   (800) 931-9720

**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7019

**George Kennedy**
District Attorney

# OFFICIAL NOTICE

Date of Notice: 06/09/03

Case #: SCC 146012-00

MIRIAM R CAMPOS
380 SURBER DR
SAN JOSE CA 95123-4344

Please contact this office prior to  06/23/03  regarding incident reports
involving California Penal Code Section 476(a); "Passing a Worthless Check".  Prior
attempts to resolve this situation have been unsuccessful.

**Failure to contact this office may now result in criminal prosecution**
**proceedings being pursued.**  The amount below reflects the total balance to
discharge your incident report as of the date of this letter.

## CASE BALANCE: $222.72

If you wish to prevent any further action against you by this office, call
**(800) 931-9720**  during the hours listed below.  After hours, please leave
a message on how we may contact you regarding the disposition of your case.

PAYMENTS ACCEPTED BY MONEY ORDER OR CASHIER'S CHECK ONLY!

Office hours: Monday - Friday 8:00 am - 6:00 pm.

Thank you for your immediate response to this letter!

Document 118



**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7018

**George Kennedy**
District Attorney

# OFFICIAL NOTICE

Date of Notice: 11/25/2003

Case #: SCC5876911-0

MIRIAM CAMPOS
380 SURBER DR
SAN JOSE CA 95123-4344

**PLEASE READ THIS NOTICE CAREFULLY. The Santa Clara County District Attorney's Office has received an INCIDENT REPORT** alleging you have violated Penal Code 476(a) of the California State Statute: Passing a Worthless Check.  A conviction under this statute is punishable by up to six (6) months in county jail and up to $1,000 in fines. See **PART 2** of the information pages attached to this Notice about the party(s) filing this crime report.

**YOU MAY AVOID A COURT APPEARANCE if you agree to enroll in the Santa Clara County District Attorney's Bad Check Restitution Program.**  California Penal Code Sections 1001.60-1001.65 authorize District Attorneys to make this offer to individuals that comply with the following Program requirements:

   1. Complete the Santa Clara County District Attorney's mandatory one-day educational class on Financial Accountability.

   2. Pay FULL restitution for all reported checks, PLUS all applicable administrative, returned item, and program fees.

**Program enrollment is OPTIONAL.**  You may wish to consult an attorney to obtain legal advice about your rights in regards to this matter. The District Attorney is extending an opportunity to participate in a pre-trial misdemeanor diversion program as an alternative to appearing in court. The District Attorney does not require you to enter any form of plea in exchange for Program participation, and participation is NOT an admission of guilt.

**The Bad Check Restitution Program is designed to bring a fast resolution to this matter.**  Program completion requires payment of the appropriate restitution and fees and attendance in a one-day class, typically 8:00am - 4:30pm on a Saturday. If you successfully comply, you will receive a notice of completion from the District Attorney and **THERE WILL BE NO CRIMINAL, POLICE, OR COURT RECORD OF THIS MATTER!**

**WARNING - Completion of the Bad Check Restitution Program is valid ONLY if you comply with ALL District Attorney requirements.** Failure to comply with payment of restitution and fees, or class attendance may subject you to criminal court proceedings.

**For Program enrollment and payment information, please review PART 1 of the next page. If you believe you received this Notice in error,** please read PART 3 of the instructions before calling this office.

Signed,

Bruce D. Raye
**Bruce D. Raye**
**Criminal Investigator**
**Santa Clara County District Attorney's Office**

## PART 2 - INCIDENT REPORT INFORMATION

| VICTIM | CHECK # | CHECK AMOUNT | RETURNED ITEM FEE | ADMIN FEE | TOTAL THIS CHECK |
|--------|---------|--------------|-------------------|-----------|------------------|
| GYMBOREE  1 | 1597 | $111.40 | $10.00 | $35.00 | $156.40 |

PROGRAM FEE:    $140.00

### TOTAL BALANCE DUE:     $296.40

*NOTE: You may deduct $25.00 from the Program Fee if your FULL PAYMENT is POSTMARKED by: December 26, 2003.*

**Do not attempt to contact the business or party who filed the Report.**
**THIS CASE MUST NOW BE RESOLVED THROUGH THIS OFFICE!**

## PART 3 - IMPORTANT INFORMATION     Please Read Carefully

● **IF YOU BELIEVE YOU RECEIVED THIS NOTICE IN ERROR**

STEP 1 - Review your records CAREFULLY.

STEP 2 - Call the District Attorney's Bad Check Restitution Program Office at (800)931-9720.

STEP 3 - Ask for a Case Coordinator, explain the error.

STEP 4 - The Case Coordinator will ask you to mail in documentation of the error. If you did not write the check(s), you will be asked to go to your bank to obtain and sign an affidavit that you did not write the check(s) in question. In most cases, you will also be required to file a police report if you believe the check(s) were stolen or forged. With cases involving stop payments on checks, or performance disputes, please consult a Case Coordinator for more information.

STEP 5 - Mail in your case documentation to the:    **Santa Clara County District Attorney**
                                               **Bad Check Restitution Program**
                                             **1765 Landess Ave PMB 150**
                                             **Milpitas CA 95035-7019**

Note: Personal bankruptcies DO NOT void responsibility in a criminal matter. Contact our office for details, or consult an attorney.

● **IF YOU BELIEVE YOU WERE NOT PROPERLY NOTIFIED**

The District Attorney's Office accepts ONLY bad check incident reports from those businesses, or parties that have DOCUMENTED attempts to notify you according to California State law. In addition to notification from the party you issued the check to, banks routinely send customers notice of returned items. Non-sufficient funds checks also appear on your monthly account statement. CHECK YOUR RECORDS CAREFULLY BEFORE CONTACTING THIS OFFICE.

● **IF YOU HAVE ALREADY PAID THE MERCHANT, OR FILING PARTY**

Please mail documentation that the merchant or filing party received payment BEFORE the date of this Notice. Allow the Office fourteen (14) days to process your information before calling. Our Office will determine the appropriate course of action and contact you by phone and/or letter.

● **IF YOU WANT TO APPEAR IN COURT**

If you want to contest this action and appear in court, you may want to consult an attorney. Contact this office and inform us of your decision. The District Attorney's Office or Court will send additional information and instructions on how to prepare for a Court appearance.

### FOR ADDITIONAL INFORMATION CALL   (800)931-9720

P.04



Seq  2944 Tray  0019

**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7019

**George Kennedy**
District Attorney

# CASE INFORMATION

IllluuluIIIIuuuuIIulululuIIIuuuIuuuIIuuuuIIuuIuuluIuI
LISA JOHNSTON
736 MILLER AVE
CUPERTINO CA 95014-4640

Date of Notice: 01/02/03

Case #: SCC 116382-77

Per your request, the amount needed, as of the date of this letter, to clear the bad check incident report(s) that has been filed with this office is:

### CASE BALANCE: $121.16

If you have not completed the Check Writer Education Class that is required, you will need to do so in order for the District Attorney to discharge this incident report.

You may reach us at **(800) 931-9720.**

PAYMENTS ACCEPTED BY MONEY ORDER OR CASHIER'S CHECK ONLY!

Thank you for your cooperation.

Sincerely,

**Mr. Kramer - Extension 3191**
Case Coordinator

Document 124



Seq   593 Tray 0016

**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7019


George Kennedy
District Attorney

# NOTICE OF FAILURE TO COMPLY

Date of Notice: 05/28/03

Case #: SCC 116382-77

LISA JOHNSTON
736 MILLER AVE
CUPERTINO CA 95014-4640

OUR RECORDS INDICATE YOU HAVE FAILED TO RESPOND TO A PREVIOUS
NOTICE REGARDING A BAD CHECK CRIME REPORT FILED WITH THIS OFFICE.

Your failure to respond NOW may result in the referral of this crime report for
CRIMINAL PROSECUTION.

IF YOU WISH TO AVOID POTENTIAL ARREST AND PROSECUTION, YOU
NEED TO CALL THIS OFFICE IMMEDIATELY!

You may reach us at   **(800) 931-9720.**

Office hours: Monday - Friday 8:00 am - 6:00 pm

After hours, you may leave a message on how we may contact you regarding
the disposition of your case.

PAYMENTS ACCEPTED BY MONEY ORDER OR CASHIER'S CHECK ONLY!

Sincerely,

**Mr. Kramer - Extension 3191**
Case Coordinator

Document 119

**3O**   Seq  2616 Tray  0017

**Santa Clara County District Attorney**
**Bad Check Restitution Program**
1765 Landess Ave PMB 150
Milpitas CA 95035-7019

**George Kennedy**
District Attorney

# ATTENTION: LISA JOHNSTON

Date of Notice: 06/09/03

Case #: SCC 116382-77

Illluulldlluulllluldlulllludullluulldlululd

LISA JOHNSTON
736 MILLER AVE
CUPERTINO CA 95014-4640

Due to your failure to complete the requirements of the District Attorney's Bad
Check Restitution Program as specified in previous notices, we are now initiating
formal prosecution proceedings against you.  Criminal charges of PC 476(a),
"Passing a Worthless Check", are being prepared for review by a deputy prosecutor.

If you desire to halt this action, or if you believe there has been an error, contact
this office at  **(800) 931-9720 within 24 hours** upon receipt of this notice.

Office hours: Monday - Friday 8:00 am - 6:00 pm.

PAYMENTS ACCEPTED BY MONEY ORDER OR CASHIER'S CHECK ONLY!

Sincerely,

**Mr. Kramer - Extension 3191**
Case Coordinator

Document 146



**El Dorado County District Attorney**
**Bad Check Restitution Program**
515 Main ST RM 3100
Placerville CA 95667-5697

**Gary Lacy**
District Attorney

# Request for Information

Date of Notice: 03/10/2004

JOHN SMITH
12345 NOWHERE ST
ANY TOWN CA 80047-4369

Case #: ELD642840-42

Attn: Legal Order Processing

Account name: VICTOR DOE
Account number: 4545787545
Complaint number:     45454

This office certifies under penalty of perjury that an investigation is being conducted into a crime report which alleges the fraudulent use of checks on the above checking account, occuring on 11/20/2002. We are requesting a statement setting forth the following information with respect to a customer's account. This request is for a period 30 days prior to, and continuing 30 days after, the date of occurence of the alleged illegal act(s) involving the account. This request is made under the authority of Government Code 7480(b).

The following information is requested under Government Code 7480(b).

1. The number of items dishonored.
2. The number of items paid which created overdrafts.
3. (a) The dollar volume of the dishonored item(s) and item(s) paid which created overdraft(s).
   (b) A statement explaining any credit arrangement between the bank, credit union, or savings and loan association and customer to pay overdrafts.
4. (a) The date(s) and amount(s) of each deposit and each debit.
   (b) The account balance on each of these date(s).
5. A copy of the signature and any addresses appearing on the customer's signature card.
6. The date the account opened and if applicable, the date the account closed.

Please print name: _____   Phone number: _____.

Signature of person completing this request: _____.

We greatly appreciate your cooperation in this matter. If you have any questions, please contact our office at (877)607-2862 Ext. 143.

Sincerely,

*B. R. Ross*

**B. R. Ross**
Case Managment

Document Bankinfo