IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELENA DEL CAMPO, | No. C-01-21151 JW (PVT) |
| Plaintiff, | **ORDER DENYING DEFENDANTS'** |
| | **MOTION TO QUASH SUBPOENAS AND** |
| v. | **IN THE ALTERNATIVE, FOR** |
| | **PROTECTIVE ORDER** |
| GEORGE KENNEDY, AMERICAN | |
| CORRECTIVE COUNSELING SERVICES, | |
| INC., DON R. MEALING, BRUCE D. RAYE, | **[Docket Nos. 165, 181, 182, 192, 193]** |
| LYNN R. HANSEY aka R.D. DAVIS, | |
| Defendants. | |

## INTRODUCTION

Defendants George Kennedy, American Corrective Counseling Services, Inc., Don R. Mealing, Bruce D. Raye, Lynn R. Hansey (collectively "Defendants") move to quash subpoenas and in the alternative, for protective order. Plaintiff Elena Del Campo opposes the motion. On May 2, 2006, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel and for the reasons set forth below, the court denies Defendants' motion to quash subpoenas and in the alternative, for protective order.[1]

---

[1]     The holding of this court is limited to the facts and particular circumstances underlying the present motion.

**United States District Court**

For the Northern District of California

**BACKGROUND**

George Kennedy is the District Attorney of Santa Clara County.  As part of an effort to provide alternatives to prosecution for certain misdemeanor offenses, the District Attorney's Office is empowered to offer diversion programs pursuant to California Penal Code Section 1001 et seq.  Since November 2000, the District Attorney's Office has contracted with a private company, American Corrective Counseling Services, Inc. ("ACCS"), to administer the Santa Clara County Bad Check Restitution Program.  A bad check diversion program allows misdemeanor offenders, who write checks drawn on accounts with insufficient funds to cover the draft amount, to provide restitution to the aggrieved merchant or individual, to pay various administrative fees and bank charges and to attend an eight-hour financial accountability class.  Pursuant to California Penal Code Section 1001.60, ACCS manages the clerical and accounting functions of the program, assists the District Attorney's Office by recovering restitution and returning it to the victims and conducts the financial accountability classes.  The District Attorney's Office alone determines the eligibility criteria for defendants who participate in the program.  Indeed, Bruce D. Raye, an investigator with the District Attorney's Office, drafted and approved the final version of the intake criteria check list, which ACCS uses to evaluate a defendant's eligibility to participate in the bad check diversion program.  A defendant's participation in the bad check diversion program is entirely optional.  If a defendant opts not to participate in the bad check diversion program or fails to fulfill all of the requirements of the program, ACCS reviews further criteria provided by the District Attorney's Office to determine whether the defendant should be prosecuted.  Following an initial screening by ACCS, Mr. Raye conducts further screening of the defendants to determine whether they will be referred to the District Attorney's Office for prosecution.

Plaintiff Elena Del Campo wrote a check for purchases she made at Fry's Electronics on June 11, 2001.  Upon learning that her bank check had not cleared, Ms. Del Campo offered to make full payment to the store a few days later.  The store declined her offer because the check had not been entered yet into the computer system.  In or around October

2

**United States District Court**

For the Northern District of California

1   2001, Ms. Del Campo received a 3-page letter from the District Attorney's office regarding

2   the delinquent bank check.  Based on representations made in the letter, including a reference

3   to an incident report filed by Fry's Electronics and the crime committed by writing a bad

4   check, Ms. Del Campo forwarded payment in the amount of $95.02 on October 17, 2001.

5   However, the letter issued on the District Attorney's Office letterhead had sought remittance

6   of an amount totaling $265.02, which included the delinquent check amount of $95.02,

7   returned item fee of $10, administrative fee of $35 and program fee of $125.  In or around

8   November 2001, Ms. Del Campo received notification that her failure to comply or otherwise

9   respond to the prior letter may result in criminal action against her.  In or around December

10  2001, Ms. Del Campo was further notified that she owed $170 in check fees.

11          On December 11, 2001, plaintiff filed a complaint alleging, *inter alia,* violations of

12  the Fair Debt Collection Practices Act.  Plaintiff alleges that ACCS unlawfully threatens to

13  prosecute program participants and attempts to collect fees allowed under the statute.

14  Although California Penal Code Section 1001.65(a) and (c) authorizes private contractors

15  such as ACCS to collect "the actual amount of any bank charges incurred," the maximum

16  amount of which is $10 in returned item fees, plaintiff alleges that banks charge certain

17  merchants much less than $10 in returned item fees.  Nonetheless, ACCS always seeks

18  remittance from defendants of the maximum amount of $10 in returned item fees.  On

19  October 8, 2002, the action was stayed.[2]  On September 15, 2005, U.S. District Judge James

20  Ware lifted the stay.  On December 6, 2005, plaintiff served a subpoena duces tecum seeking

---

22          [2]      Judge  Ware stayed the action because of events occurring in the District Court of Iowa.  Specifically, the
23  Iowa court preliminarily had approved a global class settlement proposal, which encompassed this action.  Elena Del Campo,
    plaintiff in this action and intervenor in the Iowa action, had filed appeals with the Eighth Circuit Court of Appeals
24  challenging the district court's conditional certification of the class and the district court's order enjoining related litigation.
    Class plaintiffs in the Iowa action also had filed a motion to set aside the proposed settlement and decertify the settlement
25  class.  The motion also had proposed that certain claimants, including California claimants such as Elena Del Campo, be
    carved out from the Iowa class.  The class defendants in Iowa had opposed the efforts to set aside the settlement.

26          The Eighth Circuit affirmed the District Court's preliminary approval of the proposed settlement.  The District Court
    of Iowa was to proceed toward final approval of the proposed global settlement.  On September 27, 2004, the District Court
27  of Iowa vacated its preliminary approval of the proposed settlement.  Defendants then filed a motion for reconsideration of
    the court's order setting aside the proposed settlement and sought to keep the injunction on related litigation in place.

28

production of documents on non-party Safeway, Inc. ("Safeway").  On December 30, 2005, Safeway served its objections to the subpoena.  On December 23, 2005, plaintiff served a subpoena duces tecum seeking production of documents on non-party Target Corporation. ("Target").

On February 1, 2006, Judge Ware granted plaintiff's motion to consolidate this action with another action entitled, *Ashorina Medina v. Mealing, et al.,* Case No. C 03-2611, on the grounds that the two actions were based upon "the same legal theory arising from the same conduct" and that the defenses were similar, if not the same.[3]  In both actions, plaintiffs allege that ACCS engaged in unlawful collection practices.  Only the time period covered in the two actions differs.

On February 16, 2006, Defendants filed a motion to quash subpoenas and in the alternative, for protective order.  On March 7, 2006, plaintiff filed an opposition.  On April 18, Defendants filed their reply.  On April 25, 2006, plaintiff filed a statement of recent decision.

## STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs discovery of non-parties by subpoena.  FED. R. CIV. P. 45.  The Advisory Committee Notes to the 1970 Amendments to Rule 45 state that the "scope of discovery through a subpoena is the same as that applicable to Rule 34 and other discovery rules."  FED R. CIV. P. 45 advisory committee notes on 1970 amendments.  Under Rule 34, the rule governing the production of documents between parties, the proper scope of discovery is as specified in Rule 26(b).  FED. R. CIV. P. 34.  *See also, Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017(Fed. Cir. 1986) ("Rule 45(b)(1) must be read in light of Rule 26(b)") and *Exxon Shipping Co. v. U.S. Dept. of*

---

[3]        The *Medina v. Mealing, et al.*, Case No. C 03-2611 action was filed on June 5, 2003 and partially stayed by U.S. District Judge Ronald M. Whyte pending outcome of proceedings in the District Court in Iowa.  On September 21, 2005, the court found that the *Medina* action was related to this action.  As a result, the *Medina* action was reassigned from Judge Whyte to Judge Ware.

On February 1, 2006, Judge Ware referred all discovery matters related to the consolidated action to U.S. Magistrate Judge Trumbull.  The parties have not appeared yet before Judge Trumbull to discuss a discovery plan related to the consolidated action.

United States District Court

For the Northern District of California

**United States District Court**

For the Northern District of California

1   *Interior*, 34 F. 3d 774, 779 (9th Cir. 1994) (applying both Rule 26 and Rule 45 standards to

2   rule on a motion to quash subpoena).

3         Under the Federal Rules of Civil Procedure,

4           [p]arties may obtain discovery regarding any matter, not
        privileged, that is relevant to the claim or defense of any party . . .

5           . relevant information need not be admissible at the trial if the
        discovery appears reasonably calculated to lead to the discovery

6           of admissible evidence.

7   FED. R. CIV. P. 26(b)(1).  Relevancy, for the purposes of discovery, is defined broadly,

8   although it is not without "ultimate and necessary boundaries."  *Pacific Gas and Elec. Co. v.*

9   *Lynch,* Case No. C-01-3023 VRW, 2002 WL 32812098, at *1 (N.D. Cal. August 19, 2002)

10   (citing *Hickman v. Taylor,* 329 U.S. 495, 507 (1947)).  As emphasized in the Advisory

11   Committee Notes, the language of Rule 26(b) "make[s] clear the broad scope of examination

12   and that it may cover not only evidence for use at trial but also inquiry into matters in

13   themselves inadmissible as evidence but which will lead to the discovery of evidence.  FED.

14   R. CIV. P. 26 advisory committee notes on 1946 amendments.

15         A court, however, has discretion to limit discovery if:

16         (i)     the discovery sought is unreasonably cumulative or duplicative, or is
             obtainable from some other source that is more convenient, less

17                burdensome, or less expensive;

18         (ii)    the party seeking discovery has had ample opportunity by discovery in
             the action to obtain the information sought; or

19

20         (iii)   the burden or expense of the proposed discovery outweighs its likely
     benefit, taking into account the needs of the case, the amount in controversy, the parties'
     resources, the importance of the issues at stake in the litigation, and the importance of the

21        proposed discovery in resolving the issues.

22   Fed. R. Civ. P. 26(b)(2).

23         In addition to the discovery standards under Rule 26 incorporated by Rule 45, Rule 45

24   itself provides that "on timely motion, the court by which a subpoena was issued shall quash

25   or modify the subpoena if it . . .  subjects a person to undue burden."  Rule 45 (3)(A).  Of

26   course, "if the sought-after documents are not relevant, nor calculated to lead to the discovery

27   of admissible evidence, then any burden whatsoever imposed would be by definition

28   'undue.'"  *Compaq Computer Corp. v. Packard Bell Elec., Inc.,* 163 F.R.D. 329, 335-36 (N.D.

1   Cal. 1995).  Underlying the protections of Rule 45 is the recognition that "the word 'non-

2   party' serves as a constant reminder of the reasons for the limitations that characterize 'third-

3   party' discovery." *Dart Indus. Co. v. Westwood Chem. Co.,* 649 F.2d 646, 649 (9th Cir.

4   1980) (citations omitted).  Thus, a court determining the propriety of a subpoena balances the

5   relevance of the discovery sought, the requesting party's need, and the potential hardship to

6   the party subject to the subpoena.  *Heat & Control, supra,* 785 F. 2d at 1024.

## DISCUSSION

8       Defendants move to quash the subpoenas and in the alternative, for protective order,

9   served on non-parties Safeway and Target on the grounds that the discovery sought is overly

10  burdensome, harassing and premature.

11      **A.      Non-Party Safeway Subpoena**

12      The subpoena served on non-party Safeway seeks discovery related to bad checks

13  written by an individual named Brandy G. Hunt.[4]  Defendants complain that Brandy G. Hunt

14  is not a party to any of the consolidated actions.  The discovery sought is improper because

15  consolidation of the two actions does not mean that the action has been certified as a class

16  action and the discovery sought is not relevant to any issues related to a proposed class

17  action.  Defendants further complain that the discovery sought relates to confidential and

18  proprietary information, including internal financial and external banking records, of the non-

---

[4]     The subpoena seeks documents in four categories:

1.   All documents concerning any dishonored check which Brandy G. Hunt wrote to you, including, but not limited to, communications with any banks, with the Santa Clara County Bad Check Restitution Program or with Brandy G. Hunt.

2.   All documents showing the fees your bank charged you for any check written by Brandy G. Hunt that was dishonored on presentment.

3.   All documents concerning compensation you receive from the Santa Clara County Bad Check Restitution Program.  This includes, but is not limited to, documents explaining the Program, reports received from, or provided to, the Program, and promotional material provided by the Program.  In responding to this category, you may redact the name and address of any check writer identified in a document, with the exception of Brandy G. Hunt.

4.   Documents containing or referring to communications with attorneys, paralegals or investigators representing the Santa Clara County Bad Check Restitution Program, American Corrective Counseling Services, Inc., or related persons or entities.

6

United States District Court

For the Northern District of California

1   party merchants.  Finally, Defendants complain the subpoena is burdensome and harassing to

2   the non-party merchants because they are required to obtain counsel to otherwise respond to

3   the subpoena even though a class has not been certified and may not be certified in the future.

4          Plaintiffs argue that Defendants have no standing to quash the subpoenas because they

5   inexplicably delayed in bringing this motion and they cannot claim any privilege or other

6   objection affecting their own rights.  Plaintiffs further argue that there are no other reasons

7   why the discovery should not proceed.

8                 **1.      Defendants have standing to seek a protective order**

9          Rule 45(3)(A) states that "[o]n timely motion, the court by which a subpoena was

10  issued shall quash or modify the subpoena if it subjects a person to undue burden."  Fed. R.

11  Civ. P. 45.  Generally, a response to a subpoena is due within 14 days after service of the

12  subpoena.  FED. R. CIV. P. 45(c)(2)(B).  Alternatively, Rule 26(c) states that "[u]pon motion

13  by a party or by the person from whom discovery is sought, accompanied by a certification

14  that the movant has in good faith conferred or attempted to confer with other affected parties

15  in an effort to resolve the dispute without court action, and for good cause shown, the court

16  in which the action is pending . . . may make any order which justice requires to protect a

17  party or person from annoyance, embarrassment, oppression, or undue burden or expense . . .

18  ."  FED. R. CIV. P. 26.

19         Notwithstanding service of timely objections by non-party Safeway to the subpoena

20  duces tecum on December 30, 2005, plaintiff has not filed a motion to compel discovery.

21  Plaintiff states that despite the objections to the subpoena duces tecum, non-party Safeway

22  intends to comply and later produce discovery.  Defendants filed this motion on February 16,

23  2006, which is not timely. Under Rule 26, however, Defendants have standing as a party to

24  show good cause why the court should issue a protective order.  Here, the discovery sought

25  relates directly to Defendants and their operation of the bad check diversion program.

26  Indeed, Safeway and Target are merchants that have participated in the program.

27  Additionally, Brandy G. Hunt is apparently a program participant.  Defendants have moved

28  alternatively for a protective order under Rule 26(c) as a basis to challenge the subpoena

1   served on non-party Safeway.  Accordingly, Defendants have standing to bring this motion.

2   **2.   Discovery before certification of a class action is discretionary**

3   Judge Ware consolidated the two actions because they were based upon "the same

4   legal theory arising from the same conduct" and the defenses were similar, if not the same.

5   However, the action has not been certified as a class action and there is no motion for class

6   certification currently pending.[5]

7   Prior to certification of a class action, discovery is generally limited and in the

8   discretion of the court.  *See, e.g., Tracy v. Dean Witter Reynolds*, 185 F.R.D. 303, 304 (D.

9   Co. 1998) (although some discovery is necessary prior to determination of class certification,

10  such discovery may be subject to limitations within the sound discretion of the court).

11  Generally, plaintiff "'bears the burden of advancing a prima facie showing that the class

12  action requirements of Fed. R. Civ. P. 23 are satisfied, or that discovery is likely to produce

13  substantiation of the class allegations.'" *Tracy v. Dean Witter Reynolds*, *supra,* 185 F.R.D. at

14  305.  "[D]iscovery often has been used to illuminate issues upon which a district court must

15  pass in deciding whether a suit should proceed as a class action under Rule 23, such as

16  numerosity, common questions, and adequacy of representation." *Oppenheimer Fund, Inc. v.*

17  *Sanders,* 437 U.S. 340, 351 fn. 13 (1978).  *See also,* William Schwarzer, A. Wallace Tashima

18  and James M. Wagstaffe, *California Practice Guide: Federal Civil Procedure Before Trial,*

19  10:740 ("Discovery in connection with class certification motions is discretionary.").

20  Plaintiff's effort to obtain precertification discovery is in the discretion of the court.

21  Accordingly, Defendants' motion to quash the subpoena served on non-party Safeway and in

22  the alternative, for protective order, is denied.

23  **B.   Non-Party Target Subpoena**

24  The subpoena served on Target Corporation seeks discovery related to bad checks

25

26

27

28
___

[5]   On January 13, 2003, plaintiff had filed a motion to certify class.  However, there was no further action taken on the motion.  Plaintiff states that a motion to certify class is forthcoming.

written by an individual named Sally Garbutt.[6]  Defendants likewise complain that Sally

Garbutt is not a party to any of the consolidated actions.

The issues which relate to service of the subpoena on non-party Safeway are the same

as those that bear on the subpoena served on non-party Target.  However, the subpoena

served on non-party Target relates to the Riverside County Bad Check Restitution Program.

The Riverside Bad Check Program is not the subject of either of the consolidated actions.

Nonetheless, ACCS administers the bad check diversion programs in both Riverside County

and Santa Clara County.  Plaintiff has informed the court that she intends to file a motion to

certify a class to encompass class members in California.  Therefore, Defendants' motion to

quash the subpoena served on non-party Target and in the alternative, for protective order is

denied.

## CONCLUSION

For the foregoing reasons, defendants' motion to quash subpoenas served on non-

parties Safeway and Target and in the alternative, for protective order, is denied .

IT IS SO ORDERED.

Dated:    *5/2/2006*                    _____
                                        PATRICIA V. TRUMBULL
                                        United States Magistrate Judge

_____

[6]      The subpoena served on Target was issued by the United States District Court in the District of Minnesota.
Target has not responded yet to the subpoena.

The subpoena seeks documents responsive to four categories:

1.      All documents concerning any dishonored check which Sally Garbutt wrote to you, including, but not
limited to, communications with any banks, with the Riverside County Bad Check Restitution Program
[Riverside Program] or with Sally Garbutt.

2.      All documents showing the fees your bank charged you for any check written by Sally Garbutt that was
dishonored on presentment.

3.      All documents concerning compensation you receive from the Riverside County Bad Check Restitution
Program.  This includes, but is not limited to, documents explaining the Riverside Program, and
promotional material provided by the Riverside Program.  In responding to this category, you may redact
the name and address of any check writer identified in a document, with the exception of Sally Garbutt.

4.      Documents containing or referring to communications with attorneys, paralegals or investigators
representing the Riverside County Bad Check Restitution Program, American Corrective Services, Inc.,
or related persons or entities.

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28