IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELENA DEL CAMPO,<br><br>    Plaintiff,<br><br>  v.<br><br>GEORGE KENNEDY, AMERICAN CORRECTIVE COUNSELING SERVICES, INC., DON R. MEALING, BRUCE D. RAYE, LYNN R. HANSEY aka R.D. DAVIS,<br><br>    Defendants. | No. C-01-21151 JW (PVT)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION REQUIRING PRESERVATION OF DOCUMENTS AND REQUIRING THE PARTIES TO DEVELOP A DOCUMENT PRESERVATION PLAN** |

**I.     INTRODUCTION**

On December 11, 2001, Plaintiff filed a complaint alleging, *inter alia,* violations of the Fair Debt Collection Practices Act.[1] Defendant George Kennedy is the District Attorney of Santa Clara County. Defendant American Corrective Counseling Services, Inc. ("ACCS") is a private company that operates a Bad Check Restitution Program under contracts with district attorneys in California. The program is designed to return lost monies to the victim and provide rehabilitation for the offender. Plaintiff Elena Del Campo ("Plaintiff") alleges that ACCS unlawfully threatens to

---

[1] The case was stayed from October 8, 2002 through September 15, 2005 based on a potential global class settlement. The stay was lifted when the settlement was disapproved.

1  prosecute program participants and attempts to collect fees not allowed under the statute.

2  Plaintiff moves to prevent the destruction of documents and for an order requiring the
3  parties to meet and confer to develop a document preservation plan. ACCS opposes both motions.
4  Having reviewed the papers, the court grants the motion to prevent the destruction of documents and
5  the motion for an order requiring the parties to meet and confer to develop a document preservation
6  plan and vacates the September 12, 2006 hearing date.[2]

7  **II.    DISCUSSION**

8      **A.    Destruction of Telephone Recordings**

9  On June 14, 2006, Plaintiff filed an *ex parte* request for an interim order requiring
10 preservation of documents. Plaintiff claimed to have recently learned that ACCS routinely tapes
11 phone calls and routinely destroys the tapes on a two week schedule. Arons Decl. ¶ 2. By Order
12 filed June 16, 2006, this Court denied the *ex parte* request, finding it procedurally improper. The
13 Court, however, ordered ACCS to abstain from destroying any tapes that exist.

14 ACCS installed a new phone system in May of 2006. Galton Decl. at ¶ 2. One feature of
15 this system is the ability to automatically record all calls. *Id.* at ¶ 3. ACCS tried this automatic
16 recording system for approximately one month and discontinued the automatic recording in June of
17 2006. *Id.* at ¶ 5. ACCS has preserved the recorded calls on digital discs, pursuant to the court order.
18 *Id.* at ¶ 6.

19 ACCS claims there is no evidence that the tapes were going to be destroyed. Plaintiff,
20 however, attached a printout of email from ACCS counsel stating "ACCS plans to maintain any such
21 routine recordings only for two weeks, then discard them in the normal course of their business
22 affairs." (Arons Decl. Exh. A, email from Charles Jenkins.) Thus, Plaintiff had solid evidence of
23 pending destruction.

24 ACCS seeks to be relieved from the "burden" of maintaining the discs. ACCS does not,
25 however, provide any details of the alleged burden. Accordingly, there is no evidence of any
26 burden, undue or otherwise, that would cause the court to allow ACCS to destroy potentially

27
28     [2] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

2

relevant documents.[3]

### B.     Meet and Confer to Develop a Document Preservation Plan

Plaintiff is also seeking an order requiring Defendants to meet and confer to produce a document preservation plan.

> While a litigant is under no duty to keep or retain every document in its possession once a complaint is filed, it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery, and/or is the subject of a pending discovery request.

*National Assoc. of Radiation Survivors v. Turnage*, 115 F.R.D. 543, 556-67, *quoting Wm. T. Thompson Co. v. General Nutrition Corp.*, 593 F. Supp. 1443, 1455 (C.D. Cal. 1984).  Plaintiff claims ACCS has refused to discuss a preservation order.  According to the documents presented, ACCS has not refused to discuss the matter, but it has refused to provide more than vague assurances that it would discuss the matter.  In light of the disagreements the parties have already had, the need to meet and confer to develop a document preservation plan is obvious.  Accordingly, no later than September 29, 2006, the parties shall meet and confer to develop a document preservation plan.  The Court sincerely hopes that the parties will be able to agree upon a reasonable plan.  If the parties fail to agree upon a plan, the parties can submit a joint statement of the issues in dispute and a brief argument in support of their positions.

### C.     Interim Order Precluding Destruction of Documents

Plaintiff also seeks an interim order prohibiting destruction of relevant material.  An interim order is appropriate.  Accordingly, until the parties agree upon, or the court imposes, a document preservation plan, the parties are prohibited from destroying discoverable material including, but not limited to:

> all records of communications with, and collection activity, concerning putative class members, all records of agreements with, and transactions between co-defendants, all records of communications with, and transactions between, defendants and California district attorneys, and all records of communications with, and transactions between, defendants and merchants who referred returned checks to defendants.

---

[3] A motion to compel production of the recordings is not presently before the Court.  The Court does not issue advisory opinions, but does remind all parties that the discovery obligations under Rule 26 of the Federal Rules of Civil Procedure are intentionally broad.

3

**III. CONCLUSION**

For the foregoing reasons, It Is Hereby Ordered that:

1. ACCS shall maintain the existing digital discs of recorded calls;
2. No later than September 29, 2006, the parties shall meet and confer to develop a document preservation plan; and
3. The parties are prohibited from destroying discoverable material, as described in this Order.

IT IS SO ORDERED.

Dated: September 8, 2006

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge