1 | CHARLES D. JENKINS - SBN 114897
DAN D. KIM - SBN 212577
2 | JENKINS GOODMAN NEUMAN & HAMILTON LLP
417 Montgomery Street, 10th Floor
3 | San Francisco, California 94104
Telephone: 415-705-0400
4 | Facsimile: 415-705-0411

5 | DAVID L. HARTSELL - Appearing *Pro Hac Vice*
MCGUIREWOODS, LLP
6 | 77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
7 | Telephone: 312-849-8100
Facsimile: 312-849-3690
8 |
Attorneys for Defendant
9 | AMERICAN CORRECTIVE COUNSELING
SERVICES, INC.
10 |

11 | IN THE UNITED STATES DISTRICT COURT

12 | FOR THE NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

13 |

14 | ELENA DEL CAMPO, et al.

Plaintiffs,

No. C 01-21151 JW PVT

**DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT**

vs.

AMERICAN CORRECTIVE
COUNSELING SERVICES, INC., et al.

Defendants.

**JURY TRIAL DEMANDED**

Defendant AMERICAN CORRECTIVE COUNSELING SERVICES, INC. ("ACCS") hereby answers the complaint of plaintiffs ELENA DEL CAMPO, et al., as follows:

1. Defendant admits that plaintiffs purport to bring this action on behalf of themselves and all others similarly situated, and on behalf of the general public. Defendant admits that it operates in several California counties, and in counties throughout the United States. Defendant denies the remaining allegations contained in paragraph 1.

2. Defendant denies that subject matter jurisdiction exists in this case under either

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104

-1-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1  28 U.S.C. §1331 or 15 U.S.C. §1692k(d) or, even if it did, that the court should exercise

2  supplemental jurisdiction pursuant to 28 U.S.C. §1367 over plaintiff's state law claim(s).

3      3.     Defendant is without sufficient knowledge or information to form a belief as to

4  the truth of the allegations contained in paragraph 3, and on that basis denies each and every

5  allegation contained therein.

6      4.     Defendant admits that it is a corporation, with its principal place of business in

7  California at the stated address.  Defendant denies that it is in the business of "collecting

8  dishonored checks" or that it operates under color of state law, which is a legal conclusion,

9  and further, denies the remaining allegations, if any, contained in paragraph 4.

10     5.     Defendant admits that Don R. Mealing was employed as President of ACCS,

11 but denies the remaining allegations contained in paragraph 5.

12     6.     Defendant admits that Lynn R. Hasney was employed by ACCS as Executive

13 Vice President of operations, but denies the remaining allegations contained in paragraph 6.

14     7.     Defendant denies that it is in "the collection business" and that Inc.

15 Fundamentals "works in concert" with it.  Defendant is without sufficient knowledge or

16 information to form a belief as to the truth of the remaining allegations contained in paragraph

17 7, and on that basis denies each and every remaining allegation contained therein.

18     8.     Defendant denies that it is in "the collection business" and that Fundamental

19 Performance Strategies "works in concert" with it.  Defendant is without sufficient knowledge

20 or information to form a belief as to the truth of the remaining allegations contained in

21 paragraph 8, and on that basis denies each and every other allegation contained therein.

22     9.     Defendant denies that it is in "the collection business" and that Fulfillment

23 Unlimited, Inc. "worked in concert" with it.  Defendant is without sufficient knowledge or

24 information to form a belief as to the truth of the remaining allegations contained in paragraph

25 9, and on that basis denies each and every other allegation contained therein.

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104

-2-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

10.     Defendant denies that it is in "the collection business" and that ACCS Administration, Inc. "worked in concert" with it.  Defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 10, and on that basis denies each and every remaining allegation contained therein.

11.     Defendant admits that Mr. Green was employed by ACCS as a Case Coordinator.  Defendant denies the remaining allegations contained in paragraph 11.

12.     Defendant denies the allegations contained in paragraph 12.

13.     Defendant admits that Mr. Kramer is employed by ACCS as a Case Coordinator.  Defendant denies the remaining allegations contained in paragraph 13.

14.     Defendant admits that Ms. Lopez was employed by ACCS as a Case Coordinator.  Defendant denies the remaining allegations contained in paragraph 14.

15.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 15, and on that basis denies each and every allegation contained therein.

16.     Defendant denies the allegations contained in paragraph 16, including that Defendant has acted under color of state law, which is a legal conclusion.

17.     Defendant denies the allegations contained in paragraph 17.

18.     Defendant denies the allegations contained in paragraph 18.

19.     Defendant admits that it is not an employee of the District Attorney of Santa Clara County or an employee of any other California government entity.

20.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 20, and on that basis denies each and every allegation contained therein.

21.     Defendant admits that it has contracted with district attorneys in several California counties to administer misdemeanor bad check restitution programs.  Defendant

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104

-3-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1   denies the remaining allegations contained in paragraph 21.

2          22.    Defendant denies the allegations contained in paragraph 22.

3          23.    Defendant admits that all of the misdemeanor bad check restitution programs

4   with which it is affiliated in California operate under the same laws and that each program is

5   tailored by the local district attorney.  Defendant denies the remaining allegations contained in

6   paragraph 23.

7          24.    Defendant admits that it maintains records pursuant to the terms of its contracts

8   with district attorneys.  Defendant denies the remaining allegations contained in paragraph 24.

9          25.    Defendant admits that it receives compensation according to its contracts with

10  district attorneys in California.  Defendant denies the remaining allegations contained in

11  paragraph 25.

12         26.    Defendant admits that the Santa Clara County District Attorney receives a

13  portion of the administrative fees as provided in the applicable administrative services

14  contract.  Defendant denies the remaining allegations contained in paragraph 26.

15         27.    Defendant is without sufficient knowledge or information to form a belief as to

16  the truth of the allegations contained in paragraph 27, and on that basis denies each and every

17  allegation contained therein.

18         28.    Defendant admits that on or about June 11, 2001, plaintiff wrote a bad check in

19  the amount of $95.02 to Fry's Electronics Store in Palo Alto, California, but is without

20  sufficient knowledge or information to form a belief as to the remaining allegations contained

21  in paragraph 28, and on that basis denies each and every remaining allegation.

22         29.    Defendant is without sufficient knowledge or information to form a belief as to

23  the truth of the allegations contained in paragraph 29, and on that basis denies each and every

24  allegation contained therein.

25         30.    Defendant admits that an "Official Notice" letter dated October 3, 2001 was sent

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104

-4-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1  to plaintiff from the Santa Clara County District Attorney Bad Check Restitution Program,

2  that a copy of said letter is attached as Exhibit 1 to the complaint, and that said letter speaks

3  for itself.  Defendant denies the remaining allegations contained in paragraph 30.

4      31.    Defendant admits that plaintiff made a partial payment of $95.02 to the Santa

5  Clara County District Attorney Bad Check Restitution Program, but is without sufficient

6  information or knowledge to form a belief as to the remaining allegations contained in

7  paragraph 31.

8      32.    Defendant denies the allegations contained in paragraph 32.

9      33.    Defendant admits that it sent Fry's Electronics $47.51 in the form of a partial

10  payment, which is 50% of the $95.02.  Defendant denies the remaining allegations contained

11  in paragraph 33.

12      34.    Defendant denies the allegations contained in paragraph 34.

13      35.    Defendant admits that a "Notice of Failure to Comply" letter dated November 7,

14  2001 was sent to plaintiff from the Santa Clara County District Attorney Bad Check

15  Restitution Program, that a copy of said letter is attached as Exhibit 2 to the complaint, and

16  that said letter speaks for itself.  Defendant denies the remaining allegations contained in

17  paragraph 35.

18      36.    Defendant admits that an "Official Notice" letter dated December 5, 2001 was

19  sent to plaintiff from the Santa Clara County District Attorney Bad Check Restitution

20  Program, that a copy of said letter is attached as Exhibit 3 to the complaint, and that said letter

21  speaks for itself.  Defendant denies the remaining allegations contained in paragraph 36.

22      37.    Defendant admits that on or about May 26, 2001, plaintiff wrote a bad check in

23  the amount of $81.99 to Fry's Electronics, but is without sufficient knowledge or information

24  to form a belief as to the remaining allegations contained in paragraph 37, and on that basis

25  denies those allegations.

26

enkins Goodman
leuman & Hamilton
.LP
.17 Montgomery St.
0ᵗʰ Floor
lan Francisco, CA
14104

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1    38.    Defendant admits that on or about December 9, 2001, plaintiff wrote a bad

2  check in the amount of $240.00 to the South Peninsula Veterinary Emergency Clinic, but is

3  without sufficient knowledge or information to form a belief as to the remaining allegations

4  contained in paragraph 38, and on that basis denies those allegations.

5    39.    Defendant admits that a letter dated May 28, 2002 was sent to plaintiff from the

6  Santa Clara County District Attorney Bad Check Restitution Program, that a copy of said

7  letter is attached as Exhibit 4 to the complaint, and that said letter speaks for itself.  Defendant

8  denies the remaining allegations contained in paragraph 39.

9    40.    Defendant admits that a "Notice of Failure to Comply" letter dated July 1, 2002

10  was sent to plaintiff from the Santa Clara County District Attorney Bad Check Restitution

11  Program, that a copy of said letter is attached as Exhibit 5 to the complaint, and that said letter

12  speaks for itself.  Defendant denies the remaining allegations contained in paragraph 40.

13    41.    Defendant admits that plaintiff made a partial payment of $411.99 to the Santa

14  Clara County District Attorney Bad Check Restitution Program, but is without sufficient

15  information or knowledge to form a belief as to the truth of the remaining allegations

16  contained in paragraph 41, and on that basis denies the remaining allegations contained in

17  paragraph 41.

18    42.    Defendant admits that it sent South Peninsula Veterinary Emergency Clinic

19  $142.50 and sent Fry's Electronics $63.44.  Defendant denies the remaining allegations

20  contained in paragraph 33.

21    43.    Defendant admits that plaintiff wrote a bad check in the amount of $250.00 to

22  the Humane Society of Santa Clara County, but is without sufficient knowledge or information

23  to form a belief as to the truth of the remaining allegations contained in paragraph 43, and on

24  that basis denies each and every remaining allegation contained in paragraph 43.

25    44.    Defendant admits that an "Official Notice" letter dated March 3, 2003 was sent

enkins Goodman
leuman & Hamilton
LP
17 Montgomery St.
0th Floor
an Francisco, CA
4104

-6-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1   to plaintiff from the Santa Clara County District Attorney Bad Check Restitution Program,

2   that a copy of said letter is attached as Exhibit 6 to the complaint, and that said letter speaks

3   for itself.  Defendant denies the remaining allegations contained in paragraph 44.

4       45.   Defendant admits that a "Notice of Failure to Comply" letter dated March 24,

5   2003 was sent to plaintiff from the Santa Clara County District Attorney Bad Check

6   Restitution Program, that a copy of said letter is attached as Exhibit 7 to the complaint, and

7   that said letter speaks for itself.  Defendant denies the remaining allegations contained in

8   paragraph 45.

9       46.   Defendant admits that plaintiff made a partial payment of $210 to the Santa

10  Clara County District Attorney Bad Check Restitution Program, but is without sufficient

11  information or knowledge to form a belief as to the truth of the remaining allegations

12  contained in paragraph 46, and on that basis denies each and every remaining allegation

13  contained in paragraph 46.

14      47.   Defendant denies the allegations contained in paragraph 47.

15      48.   Defendant admits that a letter dated May 27, 2003 was sent to plaintiff from the

16  Santa Clara County District Attorney Bad Check Restitution Program, that a copy of said

17  letter is attached as Exhibit 8 to the complaint, and that said letter speaks for itself.  Defendant

18  denies the remaining allegations contained in paragraph 48.

19      49.   Defendant admits that plaintiff wrote a bad check to Glass 4 Less, but is without

20  sufficient knowledge or information to form a belief as to the truth of the remaining

21  allegations contained in paragraph 49, and on that basis denies each and every remaining

22  allegation contained in paragraph 49.

23      50.   Defendant admits that an "Official Notice" letter dated April 9, 2003 was sent to

24  plaintiff from the Santa Clara County District Attorney Bad Check Restitution Program, that a

25  copy of said letter is attached as Exhibit 9 to the complaint, and that said letter speaks for

26

enkins Goodman
Jeuman & Hamilton
.LP
17 Montgomery St.
0th Floor
ian Francisco, CA
4104

-7-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1  itself.  Defendant denies the remaining allegations contained in paragraph 50.

2       51.    Defendant admits that a letter dated June 9, 2003 was sent to plaintiff from the

3  Santa Clara County District Attorney Bad Check Restitution Program, that a copy of said

4  letter is attached as Exhibit 10 to the complaint, and that said letter speaks for itself.

5  Defendant denies the remaining allegations contained in paragraph 51.

6       52.    Defendant admits that plaintiff wrote a bad check to Gymboree, but is without

7  sufficient knowledge or information to form a belief as to the truth of the remaining

8  allegations contained in paragraph 52, and on that basis denies each and every remaining

9  allegation contained in paragraph 52.

10      53.    Defendant admits that an "Official Notice" letter dated November 25, 2003 was

11  sent to plaintiff from the Santa Clara County District Attorney Bad Check Restitution

12  Program, that a copy of said letter is attached as Exhibit 11 to the complaint, and that said

13  letter speaks for itself.  Defendant denies the remaining allegations contained in paragraph 53.

14      54.    Defendant admits that prior to April 22, 2002, plaintiff wrote a bad check to

15  Goodwill Industries.  Defendant is without sufficient knowledge or information to form a

16  belief as to the truth of the remaining allegations contained in paragraph 54, and on that basis

17  denies each and every remaining allegation contained in paragraph 54.

18      55.    Defendant denies the allegations contained in paragraph 55.

19      56.    Defendant denies the allegations contained in paragraph 56.

20      57.    Defendant is without sufficient knowledge or information to form a belief as to

21  the truth of the allegations contained in paragraph 57 and thus denies each and every allegation

22  contained therein.

23      58.    Defendant denies the allegations contained in paragraph 58.

24      59.    Defendant admits that prior to January 2003, letters were sent to plaintiff from

25  the Santa Clara County District Attorney Bad Check Restitution Program.  Defendant denies

26

Jenkins Goodman
Neuman & Hamilton
LLP
117 Montgomery St.
10th Floor
San Francisco, CA
94104

-8-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1  any remaining allegations contained in paragraph 59.

2      60.    Defendant admits that a letter dated January 2, 2003 was sent to plaintiff from

3  the Santa Clara County District Attorney Bad Check Restitution Program, that a copy of said

4  letter is attached as Exhibit 12 to the complaint, and that said letter speaks for itself.

5  Defendant denies the remaining allegations contained in paragraph 60.

6      61.    Defendant admits that a "Notice of Failure to Comply" letter dated May 28,

7  2003, was sent to plaintiff from the Santa Clara County District Attorney Bad Check

8  Restitution Program, that a copy of said letter is attached as Exhibit 13 to the complaint, and

9  that said letter speaks for itself.  Defendant denies the remaining allegations contained in

10  paragraph 61.

11      62.    Defendant admits that a letter dated June 9, 2003 was sent to plaintiff from the

12  Santa Clara County District Attorney Bad Check Restitution Program, that a copy of said

13  letter is attached as Exhibit 14 to the complaint, and that said letter speaks for itself.

14  Defendant denies the remaining allegations contained in paragraph 62.

15      63.    Defendant admits that in 2005, plaintiff wrote a bad check in the amount of

16  $26.62 to Cigarettes R Cheaper.  Defendant is without sufficient knowledge or information to

17  form a belief as to the truth of the remaining allegations contained in paragraph 63, and on that

18  basis denies each and every remaining allegation contained in paragraph 63.

19      64.    Defendant admits that an "Official Notice" letter dated November 23, 2005 was

20  sent to plaintiff from the Sonoma County District Attorney Bad Check Restitution Program,

21  that a copy of said letter is attached as Exhibit 15 to the complaint, and that said letter speaks

22  for itself.  Defendant denies the remaining allegations contained in paragraph 64.

23      65.    Defendant is without sufficient knowledge or information to form a belief as to

24  the truth of the allegations contained in paragraph 65, and on that basis denies those

25  allegations.

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St,
10th Floor
San Francisco, CA
94104

-9-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1       66.    Defendant admits that home study materials were sent to plaintiff from the

2   Sonoma County District Attorney Bad Check Restitution Program, but is without sufficient

3   knowledge or information to form a belief as to the truth of the remaining allegations

4   contained in paragraph 66, and on that basis denies each and every remaining  allegation

5   contained in paragraph 66.

6       67.    Defendant denies the allegations contained in paragraph 67.

7       68.    Defendant denies the allegations contained in paragraph 68.

8       69.    Defendant denies the allegations contained in paragraph 69.

9       70.    Defendant admits that most of the bad checks which are referred to it come

10  from merchant victims.  Defendant denies the remaining allegations contained in paragraph

11  70.

12      71.    Defendant denies the allegations contained in paragraph 71.

13      72.    Defendant admits that the Santa Clara County District Attorney Bad Check

14  Restitution Program discourages merchant victims from communicating with bad check

15  writers after bad checks have been referred to the program.  Defendant is without sufficient

16  knowledge or information to form a belief as to the truth of the remaining allegations

17  contained in paragraph 72, and on that basis denies each and every remaining allegation

18  contained in paragraph 72.

19      73.    Defendant denies the allegations contained in paragraph 73, but admits that

20  letters from the Santa Clara County Bad Check Restitution Program speak for themselves.

21      74.    Defendant denies the allegations contained in paragraph 74.

22      75.    Defendant is without sufficient knowledge or information to form a belief as to

23  the truth of the allegations contained in paragraph 75, and on that basis denies each and every

24  allegation contained therein.

25      76.    Defendant denies the allegations contained in paragraph 76.

26

enkins Goodman
Aeuman & Hamilton
.LP
·17 Montgomery St.
0ᵗʰ Floor
ian Francisco, CA
4104

-10-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1    77.    Defendant denies the allegations contained in paragraph 77.

2    78.    Defendant admits that it requested information from the bank of at least one of

3  the named plaintiffs in this lawsuit in discharging its administrative responsibilities to the

4  Santa Clara County District Attorney, as directed by the District Attorney's Office and

5  pursuant to statute.  Defendant denies the remaining allegations contained in paragraph 78.

6    79.    Defendant denies the allegations contained in paragraph 79, including in its

7  subparts.

8    80.    Defendant denies the allegations contained in paragraph 80, including in its

9  subparts.

10    81.    Defendant denies the allegations contained in paragraph 81.

11    82.    Defendant denies the allegations contained in paragraph 82.

12    83.    Defendant denies the allegations contained in paragraph 83.

13    84.    Defendant is without sufficient knowledge or information to form a belief as to

14  the truth of the allegations contained in paragraph 84, and on that basis  denies each and every

15  allegation contained therein.

16    85.    Defendant denies the allegations contained in paragraph 85.

17    86.    Defendant denies the allegations contained in paragraph 86.

18    87.    Defendant admits that it has contracted with district attorneys in California

19  counties to administer misdemeanor bad check restitution programs.  Defendant denies the

20  remaining allegations contained in paragraph 87.

21    88.    Defendant denies the allegations contained in paragraph 88.

22    89.    Defendant denies a validation notice as set forth in 15 U.S.C. § 1692g(a) was

23  required to accompany the letters, which were admittedly sent without such notice.  Defendant

24  denies the remaining allegations contained in paragraph 89.

25    90.    Defendant denies a warning as set forth in 15 U.S.C. § 1692e(11) was required

26

enkins Goodman
Jeuman & Hamilton
.LP
117 Montgomery St.
0ᵗʰ Floor
ian Francisco, CA
14104

-11-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1  to accompany the letters, which were admittedly sent without such notice.  Defendant denies

2  any remaining allegations contained in paragraph 90.

3      91.    Defendant denies the allegations contained in paragraph 91.

4      92.    Defendant denies the allegations contained in paragraph 92.

5      93.    Defendant denies the allegations contained in paragraph 93.

6      94.    Defendant denies the allegations contained in paragraph 94.

7      95.    Defendant denies the allegations contained in paragraph 95.

8      96.    Defendant admits that partial payments are distributed pursuant to the terms of

9  its contracts with district attorneys.  Defendant denies the remaining allegations contained in

10  paragraph 96.

11      97.    Defendant denies the allegations contained in paragraph 97.

12      98.    Defendant admits that this case purports to be brought as a class action, but

13  denies that the case is appropriate for class certification and denies the remaining allegations

14  contained in paragraph 98.

15      99.    Defendant denies the allegations contained in paragraph 99.

16      100.   Defendant denies the allegations contained in paragraph 100, including in its

17  subparts.

18      101.   Defendant denies the allegations contained in paragraph 101.

19      102.   Defendant denies the allegations contained in paragraph 102.

20      103.   Defendant denies the allegations contained in paragraph 103.

21      104.   Defendant denies the allegations contained in paragraph 104, including in its

22  subparts.

23      105.   Defendant admits that plaintiffs request class certification, but denies that the

24  case is appropriate for class certification and denies the remaining allegations contained in

25  paragraph 105.

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104

-12-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1    106.    Defendant incorporates all responses previously asserted as though set forth

2    herein.

3    107.    Defendant admits that Article I, Section 1 of the California Constitution speaks

4    for itself, but denies that it applies to this case.  Defendant denies the remaining allegations

5    contained in paragraph 107.

6    108.    Defendant denies the allegations contained in paragraph 108.

7    109.    Defendant admits that an example "Request for Information" is attached as

8    Exhibit 16 to the complaint.  Defendant denies the remaining allegations contained in

9    paragraph 109.

10    110.    Defendant admits that it has contracted with district attorneys in California

11    counties to administer misdemeanor bad check restitution programs, and that pursuant to

12    statute some district attorneys direct Defendant to request bank records under specified

13    circumstances.  Defendant denies the remaining allegations contained in paragraph 110, which

14    are legal conclusions.

15    111.    Defendant denies the allegations contained in paragraph 111, which are legal

16    conclusions.

17    112.    Defendant admits that Cal. Govt. Code § 7480(b) speaks for itself, and denies

18    the allegations contained in paragraph 112, which are legal conclusions.

19    113.    Defendant denies the allegations contained in paragraph 113.

20    114.    Defendant is without sufficient knowledge or information to form a belief as to

21    the truth of the allegations contained in paragraph 114, and on that basis denies each and every

22    allegation contained therein.

23    115.    Defendant is without sufficient knowledge or information to form a belief as to

24    the truth of the allegations contained in paragraph 115, and on that basis denies each and every

25    allegation contained therein.

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104

-13-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1   116.   Defendant admits that it has contracted with district attorneys in California

2   counties to administer misdemeanor bad check restitution programs, and that pursuant to

3   statute some district attorneys direct Defendant to request bank records under specified

4   circumstances.  Defendant denies any remaining allegations contained in paragraph 116.

5   117.   Defendant incorporates all responses previously asserted as though set forth

6   herein.

7   118.   Defendant denies the allegations contained in paragraph 118, including in its

8   subparts, with the following exceptions:

9   118(a).   Defendant denies a validation notice as set forth in 15 U.S.C. §

10   1692g(a) was required to accompany letters from the Santa Clara County District Attorney

11   Bad Check Restitution Program, which were admittedly sent without such notice.  Defendant

12   denies the remaining allegations contained in paragraph 118(a).

13   118(b).   Defendant denies a warning as set forth in 15 U.S.C. § 1692e(11) was

14   required in letters from the Santa Clara County District Attorney Bad Check Restitution

15   Program, which were admittedly sent without such warning.  Defendant denies the remaining

16   allegations contained in paragraph 118(b).

17   119.   Defendant incorporates all responses previously asserted as though set forth

18   herein.

19   120.   Defendant admits the allegations contained in paragraph 120, but denies that

20   plaintiffs have stated a claim or are entitled to any relief under CUBPA.

21   121.   Defendant denies the allegations contained in paragraph 121.

22   122.   Defendant denies the allegations contained in paragraph 122.

23   123.   Defendant denies the allegations contained in paragraph 123.

24   124.   Defendant denies the allegations contained in paragraph 124.

25   125.   Defendant denies the allegations contained in paragraph 125.

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104

-14-

1    126.    Defendant denies the allegations contained in paragraph 126.

2    127.    Defendant denies the allegations contained in paragraph 127.

3    128.    Defendant incorporates all responses previously asserted as though set forth

4  herein.

5    129.    Defendant denies the allegations contained in paragraph 129.

6    130.    Defendant denies the allegations contained in paragraph 130.

7    131.    Defendant incorporates all responses previously asserted as though set forth

8  herein.

9    132.    Defendant denies the allegations contained in paragraph 132, but admits that

10  Cal. Penal Code §§ 1001.60 *et seq.* speaks for itself.

11    133.    Defendant denies the allegations contained in paragraph 133, but admits that

12  Cal. Penal Code §§ 1001.65 speaks for itself.

13    134.    Defendant denies the allegations contained in paragraph 134.

14    135.    Defendant denies the allegations contained in paragraph 135.

15    136.    Defendant denies the allegations contained in paragraph 135.

16    137.    Defendant denies the allegations contained in paragraph 137.

17    138.    Defendant incorporates all responses previously asserted as though set forth

18  herein.

19    139.    Defendant denies the allegation contained in paragraph 139, which is a legal

20  conclusion.

21    140.    Defendant denies the allegations contained in paragraph 140.

22    141.    Defendant denies the allegations contained in paragraph 141.

23    142.    Defendant denies the allegations contained in paragraph 142.

24  //

25  //

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104

-15-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1

**AFFIRMATIVE DEFENSES**

**I.**

2

3    Plaintiffs' Amended Consolidated Complaint fails to state a claim upon which relief

4  can be granted.

**II.**

5

6    The court should abstain from exercising jurisdiction over this case based upon

7  principles of federalism and comity.

**III.**

8

9    Subject matter jurisdiction is lacking with respect to plaintiffs' federal law claims and

10  the court should decline to exercise supplemental jurisdiction over the state law claims.

**IV.**

11

12    Plaintiffs' claims can not and should not be maintained as a class action because those

13  claims fail to meet the necessary requirements for certification as a class or collective action,

14  including, *inter alia*, numerosity, commonality, typicality, predominance, superiority,

15  adequacy of the class representatives, adequacy of class counsel, and similarity.

**V.**

16

17    Neither plaintiffs' claims, nor those claims of the purported members of the putative

18  classes as defined, based on the facts alleged in the Amended Consolidated Complaint, are

19  governed by the FDCPA. Accordingly, for this and other reasons, plaintiffs' claims, or some

20  of them, and those of the putative classes, or some of them, are barred in whole or in part

21  because plaintiffs lack standing.

**VI.**

22

23    Neither plaintiffs' claims, nor those claims of the purported members of the putative

24  classes as defined, based on the facts alleged in the Amended Consolidated Complaint, are

25  governed by CUBPA. Accordingly, for this and other reasons, plaintiffs' claims, or some of

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104

-16-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1  them, and those of the putative classes, or some of them, are barred in whole or in part because
2  plaintiffs lack standing.

### VII.

4  Plaintiffs' claims and the claims of each purported member of the putative classes as
5  defined, are barred in whole or in part by the doctrine of laches.

### VIII.

7  Plaintiffs' claims and the claims of each purported member of the putative classes as
8  defined, are barred in whole or in part by the doctrine of unclean hands.

### IX.

10  Plaintiffs' damages, if any, are the result of their own acts or omissions and cannot be
11  attributed to the acts or omissions of defendant.

### X.

13  Plaintiffs' claims and the claims of each purported member of the putative classes as
14  defined, are barred in whole or in part because plaintiffs and said putative class members
15  knowingly and voluntarily submitted to the actions alleged in the Amended Consolidated
16  Complaint.

### XI.

18  To the extent the FDCPA is found to apply to defendant (which application is denied),
19  any violation of the FDCPA was unintentional and resulted from a *bona fide* error
20  notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

### XII.

22  To the extent the FDCPA is found to apply to defendant (which application is denied),
23  defendant is specifically exempted from liability under the FDCPA

### XIII.

25  Plaintiffs' claims for equitable relief and those equitable relief claims of each purported

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104

-17-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

1   member of the putative classes as defined, or some of them, are barred in whole or in part

2   because, based on the facts in the Amended Consolidated Complaint, equitable relief is

3   unavailable.

4                                              **XIV.**

5          Plaintiffs' claims and the claims of each purported member of the putative classes as

6   defined, or some of them, based on the facts alleged in the Amended Consolidated

7   Complaint, are barred in whole or in part, because of the applicable statute of limitations.

8                                              **XV.**

9          Plaintiffs' claims and the claims of each purported member of the putative classes as

10  defined, or some of them, based on the facts alleged in the Amended Consolidated Complaint,

11  are barred in whole or in part, because of the Eleventh Amendment to the U.S. Constitution.

12                                             **XVI.**

13         Plaintiffs' claims and the claims of each purported member of the putative classes as

14  defined, or some of them, based on the facts alleged in the Amended Consolidated Complaint,

15  are limited in whole or in part, because plaintiffs themselves were careless and negligent and

16  contributed to the proximate cause of their alleged losses, and any recovery by plaintiffs

17  should be reduced or eliminated based upon principles of comparative fault.

18                                             **XVII.**

19          Plaintiffs' claims and the claims of each purported member of the putative classes as

20  defined, or some of them, based on the facts alleged in the Amended Consolidated Complaint,

21  are limited in whole or in part, because plaintiffs failed to reasonably mitigate their losses,

22  which mitigation would have occurred had plaintiffs acted with reasonable diligence.

23  //

24  //

25  //

26

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104

-18-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT

**DEMAND FOR JURY TRIAL**

Defendant demands a jury trial.

Dated:  January 3, 2007

JENKINS, GOODMAN, NEUMAN & HAMILTON LLP

By: _____
CHARLES D. JENKINS
DAN D. KIM
Attorneys for Defendant American Corrective
Counseling Services, Inc.

Jenkins Goodman
Neuman & Hamilton
LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104

-19-

DEFENDANT'S ANSWER TO AMENDED CONSOLIDATED COMPLAINT