IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Elena Del Campo, et al.,<br><br>                    Plaintiffs,<br>   v.<br>American Corrective Counseling Services, et al.,<br><br>                    Defendants.<br>                                                              / | NO. C 01-21151 JW<br><br>**ORDER REVERSING MAGISTRATE JUDGE'S ORDER GRANTING IN PART DEFENDANT MEALING'S MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORY AND DOCUMENT REQUESTS** |

## I. INTRODUCTION

On November 17, 2006, Magistrate Judge Trumbull issued an Order Granting in Part and Denying in Part Defendant Mealing's Motion to Compel Responses to Interrogatory and Document Requests. (hereafter, "Order," Docket Item No. 267.) On December 4, 2006, Plaintiffs filed their objections to the Order. (hereafter, "Objections," Docket Item No. 272.) The Court considers Plaintiffs' Objections based on the record of the proceedings before the Magistrate Judge. See Civ. L.R. 72-3(c). Based upon the papers filed to date, the Court REVERSES the Magistrate Judge's Order.

## II. BACKGROUND

The Magistrate Judge's Order referenced the following:

On May 1, 2006, Plaintiffs filed a Consolidated Complaint alleging, *inter alia*, violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Defendant American

1 Corrective Counseling Services ("ACCS") is a private company that operates a Bad Check 2 Restitution Program under contract with California district attorneys. The program is designed to 3 return lost monies to the victim and to provide rehabilitation for the offender. Plaintiffs allege that 4 ACCS unlawfully threatens to prosecute program participants and attempts to collect fees not 5 allowed under the statute. Defendant Don Mealing ("Mealing") is the founder and former CEO and 6 President of ACCS. (Order at 1-2.)

7 Mealing filed a Motion to Compel information about, and production of, Plaintiffs' bank 8 records for the past ten years. Mealing sought (1) the account number and other information about 9 all checking accounts Plaintiffs have held for the past ten years, via interrogatory; (2) all bank 10 records, bank statements, and documents relating to bad checks for Plaintiffs for the past ten years, 11 via document requests. Mealing contended that the documents were relevant to show the notice that 12 Plaintiffs received prior to being placed in the diversion program. Mealing further contended that 13 Plaintiffs' histories of writing bad checks were relevant to show whether the checks were written 14 with the intent to defraud. Plaintiffs contended that the discovery violates their right to privacy by 15 seeking financial information not reasonably calculated to lead to the discovery of admissible 16 evidence, and that ten years was an overbroad length of time. (Order at 2.)

17 The Magistrate Judge found, *inter alia*, that the records Mealing sought were relevant to the 18 litigation for three reasons. (Order at 3-4.) The Magistrate Judge further held that Mealing's request 19 for ten years worth of banking records was overbroad; she granted the discovery motion as to 20 records from 2000 through the end of 2005. (Order at 4-5.)

21 Presently before the Court are Plaintiffs' Objections to the Magistrate Judge's Order.

## **III. DISCUSSION**

23 A district court may modify a magistrate judge's ruling on a non-dispositive matter, such as 24 an order to compel discovery, if the order is "clearly erroneous" or "contrary to law."[1] 28 U.S.C. §

25

26 [1] In his Response, Mealing contends that a district court reviews a magistrate judge's 27 determination of relevance in the discovery context for abuse of discretion. (Defendant Don R. Mealing's Response to Plaintiffs' Objection to Order Granting in Part and Denying in Part Defendant

28

2

1 636(b)(1)(A); Fed. R. Civ. P. 72(a); Bahn v. NME Hospitals, Inc., 929 F.2d 1404, 1414 (9th Cir.
2 1991). Pursuant to Civil Local Rule 72-2, the court may not grant a motion objecting to a
3 Magistrate Judge's order without first giving the opposing party an opportunity to brief the matter.
4 See Civ. L.R. 72-2. In this case, Defendant has submitted a response to Plaintiffs' motion.

5 Plaintiffs contend that the Magistrate Judge erred in finding that Mealing's proposed
6 discovery was relevant. The Court considers each of the Magistrate Judge's three grounds for this
7 holding.

**A.    Plaintiffs' Commission of a Crime**

9 The Magistrate Judge found that Plaintiffs' check writing habits were relevant to refute
10 Plaintiffs' allegations that ACCS falsely represented that Plaintiffs had committed a crime and
11 falsely stated that they could be prosecuted. (Order at 3.) Plaintiffs allege:

12  1.    It is or was the practice and policy of ACCS to send collection letters with the false
13         representation or implication that the consumer had committed a crime.
14  2.    ACCS violates 15 U.S.C. § 1692e(7) by representing or implying that the check
15         writer has committed a crime.
16  3.    ACCS falsely represents to check writers in multiple form letters that there is a
17         substantial possibility that the check writer will be prosecuted under Cal. Penal Code
18         § 476 if he or she does not pay the fees that ACCS demands.

19 (Consolidated Complaint ¶¶ 97, 128(g), 144, hereafter, "Complaint," Docket Item No. 196.)

20 The parties dispute whether these FDCPA allegations put Plaintiffs' own conduct in issue, or
21 whether Defendants' liability will be determined generally based on the language in ACCS' form
22 letters. (Objections at 13; Response at 6.)

---

Mealing's Motion to Compel at 4, hereafter, "Response," Docket Item No. 280.) In support of this contention, Mealing cites cases solely from the Central District of California. See Wolpin v. Philip Morris, Inc., 189 F.R.D. 418, 422 (C.D. Cal. 1999); Geophysical Sys. Corp. v. Raytheon Co., Inc., 117 F.R.D. 646, 647 (C.D. Cal. 1987). These cases are not consistent with the statutory standard, and other district courts have accordingly declined to apply an abuse of discretion analysis. See, e.g., Central Valley Chrysler-Jeep v. Witherspoon, 2006 U.S. Dist. LEXIS 67933, *7 (E.D. Cal. Sept. 11, 2006). Similarly, the Court declines to apply an abuse of discretion analysis.

3

The FDCPA prohibits the use of false, deceptive, or misleading representation or means in connection with the collection of a debt including, *inter alia*, "[t]he false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer." 15 U.S.C. § 1692e(7). The Federal Trade Commission's Staff Commentary construes this section to mean that:

> A debt collector may not make a misleading statement of law, falsely implying that the consumer has committed a crime, or mischaracterize what constitutes an offense by misstating or omitting significant elements of the offense. For example, a debt collector may not tell the consumer that he has committed a crime by issuing a check that is dishonored, when the statute applies only when there is a "scheme to defraud."

53 Fed. Reg. 50106 (1988). Penal Code Section 476 provides that a person commits forgery who (1) with fraudulent intent (2) passes, intends to pass, or possesses (3) a fictitious or altered bill, note, or check (4) purporting to be the bill, note, check, or other instrument in writing for the payment of money or property of a financial institution.

At the heart of Plaintiffs' Complaint is that ACCS' collection letters inform recipients that they have violated Penal Code Section 476 without describing the elements of the offense, specifically that a person must have fraudulent intent to be convicted of forgery. (Complaint ¶¶ 56; 59; 68; 80(d), (i); 81(d), (e), (i); 86.) Even check writers who explain that the check was returned because of a mistake (whether by the check writer or the bank) are informed that they are nonetheless liable and must pay the amount requested to avoid prosecution. (Complaint ¶ 75.) Thus, whether ACCS is liable under the FDCPA will be determined based on the representations in its form letters, not any other particular check writer's fraudulent intent when writing a check. See, e.g. Gradisher v. Check Enforcement Unit, 210 F. Supp. 2d 907 (W.D. Mich. 2002).

**B.     Plaintiffs' Notice of Bad Checks; Time to Pay Debt Before Being Contacted by ACCS**

The Magistrate Judge found that Plaintiffs' bank records were relevant to show whether they received notice of the bad checks, and the amount of time that Plaintiffs had to make good on the debt before being contacted by ACCS. (Order at 3.) Plaintiff contends that the issue is whether ACCS falsely threatens prosecution, when in reality there is no substantial likelihood of prosecution for check writers who do not pay ACCS' fees. (Objections at 16.)

4

Under the FDCPA, a debt collector may not, *inter alia*, threaten to take any action that cannot legally be taken or is not intended to be taken. 15 U.S.C. § 1692e(5). A defendant violates this subsection by rarely, or never, following through on its threats to sue; threats to sue must be accompanied by a particularized intention to sue a given debtor if he or she does not pay. U.S. v. Nat'l Fin. Servs., 98 F.3d 131, 137-39 (4th Cir. 1996).

The issues relevant to the FDCPA determination are (1) the debt collector's knowledge of whether recipients could be prosecuted *at the time the letters were sent* and (2) the debt collector's intent to take legal action at that time. Whether or not a particular individual could have been prosecuted, based on their notice of the bad checks or the amount of time they had to make good on the debt before being contacted by ACCS, is not relevant to the FDCPA issues in this case.

### C.  **Public Policy Exemption from FDCPA**

The Magistrate Judge found that Plaintiffs' bank records were relevant to the defense that the Bad Check Restitution Program should be exempt from the FDCPA as a matter of public policy. (Order at 3-4.) Plaintiffs contend that the FDCPA exemption has never been adopted by any court. (Objections at 19.) Additionally, Plaintiffs contend that the relevant issue is whether Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a. Id.

The federal courts determine whether a party is subject to FDCPA requirements by analyzing the party's collection activity rather than the conduct or recidivism rate of a particular check writer. See, e.g. Gradisher v. Check Enforcement Unit, 133 F. Supp. 2d 988, 990-91 (W.D. Mich. 2001); Liles v. Am. Corrective Counseling Servs., 131 F. Supp. 2d 1114, 1118-19 (S.D. Iowa 2001).

In this case, the Court held early on that the initial Plaintiff, in her first Complaint, had adequately alleged a FDCPA claim and that the public policy exemptions cited by Defendants were unavailing, reasoning:

> As a private actor, attempting to take action against Plaintiff, a private individual, in order to compensate a private third-party creditor, partially or completely, for a private debt owed by Plaintiff to that third-party, ACCS is bound by the requirements of the FDCPA . . . Although the FDCPA exempts from its requirements officers and employees of state governments, ACCS is a private organization with a government contract; it is not a government agency or employee. The existence of a contract with

5

a local government, regardless of its underlying purpose or motive, cannot exempt a private actor from the provisions and requirements of the FDCPA.

(Order Granting in Part and Denying in Part Defendants' Motion to Dismiss at 5-6, Docket Item No. 23.) Thus, whether Defendant is covered by a FDCPA exemption is based on ACCS' collection activities; Plaintiffs' check-writing practices are not relevant to any FDCPA exemption identified by Defendant.

The Court finds that neither the Magistrate Judge's Order, nor the Defendant's Response to Plaintiffs' Objections, identified any valid cause of action or defense to which the proposed discovery is relevant.

## IV. CONCLUSION

The Court REVERSES the Magistrate Judge's Order Compelling Further Responses to Interrogatory and Document Requests.

Dated: February 8, 2007

JAMES WARE
United States District Judge

6

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Charles D. Jenkins cjenkins@jgn.com
Charles E. Perkins cperkins@jgn.com
Dan D. Kim dkim@jgn.com
David L. Hartsell dhartsell@mcguirewoods.com
Deepak Gupta dgupta@citizen.org
O. Randolph Bragg rand@horwitzlaw.com
Paul Arons lopa@rockisland.com
Ronald Wilcox ronaldwilcox@post.harvard.edu
Timothy P. Irving tirving@rdblaw.com

**Dated: February 8, 2007**              **Richard W. Wieking, Clerk**

                              **By:    /s/ JW Chambers**
                                   **Elizabeth Garcia**
                                   **Courtroom Deputy**

**United States District Court**
For the Northern District of California