IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELENA DEL CAMPO ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN CORRECTIVE COUNSELING SERVICES, INC. ET AL., <br><br> Defendants. | No. C-01-21151 JW (PVT) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO DISPUTE CONFIDENTIALITY DESIGNATION OF DOCUMENTS** |

I.   **INTRODUCTION AND FACTUAL BACKGROUND**[1]

   **A.   The Litigation**

   Plaintiffs assert in this class action complaint that private entity Defendant American Corrective Counseling Services ("ACCS"), violates the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") by operating a Bad Check Restitution Program in connection with the District Attorney.[2] Plaintiffs allege that ACCS unlawfully threatens to prosecute program participants and attempts to collect fees not allowed under the statute. ACCS was the umbrella

---

[1]   The holding of this court is limited to the facts and the particular circumstances underlying the present motion.

[2] The trial court dismissed all claims against District Attorney George Kennedy and he is no longer a Defendant.

corporation for allegedly independent companies: ACCS Administration Inc. ("Admin"), Fulfillment Unlimited, Inc. ("FUI"), and Fundamental Performance Strategies ("FPS").  Admin provided all of the staff for ACCS and FUI.  FUI printed and mailed the form letters sent by ACCS in the restitution program.  FPS provided consulting services to Admin and FUI and was a partnership of two one-man corporations, one belonging to Defendant Mealing (former CEO and President of ACCs), and one to Defendant Lynn Hasney (former Vice President of ACCS, and President of Admin).  In November of 2004, ACCS was sold and the other companies became inactive.

### B. The Motion to Dispute Confidentiality Designations

On February 5, 2007,  Plaintiffs filed a Motion to Dispute Confidentiality Designation of Documents.  The documents in question are:

1) agreements between Defendants revealing cost and scope of work performed;

2) employment agreements of Defendant Lynn Hasney and Paul Fischer, former CEO of ACCS; and

3) Weekly Mailing Reports, detailing the number and type of form letters mailed by county.

### C. The Administrative Motion to Seal

On February 5, 2007, Plaintiffs also filed an administrative request to file the disputed documents under seal.  Plaintiff s, however, neglected to lodge the copies in sealed envelopes with face pages taped the front in accordance with Civil Local Rule 79-5(b)(3).  Although Plaintiffs submitted multiple copies of the documents, they were all bound together by a single ACCO fastener.  The packet  appeared to be a single copy of the documents, was forwarded to chambers and was not lodged in the official court file.  On March 6, 2007, after Plaintiffs' mistake was brought to their attention by court staff, Plaintiffs lodged the documents as required by the Civil Local Rules. On March 7, 2007, the court issued an order temporarily sealing the documents, stating: "Because the documents are currently the subject of a motion disputing their confidentiality, the party claiming confidentiality need not make any further showing at this time."  (Docket # 330 at 1-2.)

//

//

### D. The Motion to Shorten Time

On February 5, 2 007, Plaintiffs also filed a Motion to Shorten Time for the Motion to Dispute Confidentiality. Plaintiff based the motion to shorten time on the need for different plaintiffs, represented by the same counsel, to use the documents in connection with cross-motions for summary judgment in a case pending in the Northern District of Indiana (the "Hamilton Case"). On February 9, 2007, this court denied the motion to shorten time, finding that Plaintiffs had only asserted harm to different plaintiffs in a different suit pending in a different court. The court found that the Hamilton Plaintiffs needed to seek relief from the Hamilton Court to get documents to use in connection with the Hamilton action.

### E. Alleged Violation of the Protective Order

On February 8, 20007, while the motion to shorten time was still pending,[3] the Hamilton Plaintiffs served an opposition to the Hamilton Defendants' motion for summary judgment that attached, and referred to, the documents sought to be de-designated here.[4] The opposition was served upon Lucetta Pope, Esq, counsel for ACCS in the Hamilton Litigation. Ms. Pope does not represent any party in the Del Campo litigation and is not among the categories of persons to whom disclosure is permitted under the protective order. (Irving Decl. ¶ 4.)

On February 17, 2007, counsel for the Hamilton Plaintiffs, Mr. O. Randolph Bragg (also counsel in this case), served a subpoena on his co-counsel in both cases, Mr. Arons. Defendants moved to quash the subpoena in the Hamilton Court, arguing that the subpoena was improper because the discovery cut-off had passed and because Plaintiffs were violating the N.D. Cal. Protective Order. The Hamilton Court granted the motion to quash, finding that the discovery was improper and that it did not have to reach the question of whether the Protective Order in this case was violated. The Hamilton court noted:

> the facts surrounding this particular subpoena suggests it was a clever attempt to

---

[3] The Civil Local Rules provide a party three court days in which to oppose a motion to shorten time. Civ. L.R. 6-3(c).

[4] Under the Indiana federal court rules, papers are served until briefing is complete and then the moving party files all the papers together.

3

> circumvent this Court's clearly established deadlines. One of plaintiff's counsel subpoenaed documents in the possession of another one of plaintiffs' counsel. Oddly, the subpoenaed party, Paul Arons, appeared telephonically at the hearing to defend the validity of the subpoena. While the documents may indeed be helpful to establishing the existence of a material f act, this Court cannot allow this clever and blatant abuse of the Federal Rules of Civil Procedure simply to run around this Court's clearly established deadline.

Irving Decl., Ex. "A" at 3 (emphasis added). The Hamilton Plaintiffs have objected to the order quashing the subpoena and the court has stayed the filing of the cross-motions for summary judgment pending the resolution of that objection. (Arons Supp. Decl. ¶ 4.)

## II. DISCUSSION

### A. Alleged Violation of the Protective Order

Defendants claim that Plaintiffs' violation of the Protective Order is sufficient reason to deny the motion. In Reply, Plaintiffs claim that they did not violate the protective order because Defendants failed to comply with Civil Local Rule 79-5(d). Under Rule 79-5(d), when a party files an administrative motion to seal a document designated as confidential by another party, the designating party has five days to file a declaration establishing that the information is sealable. The rule further provides that the documents will be made part of the public record if the designating party does not provide the declaration as required. Civ. L.R. 79-5(d). In this case, Defendants have not filed a declaration supporting the designation. Thus, Plaintiffs argue that the documents became part of the public record five days after they filed their original administrative motion to seal.

Rule 79-5(d) only provides for documents to be filed publicly when a party files and serves an Administrative Motion to seal and lodges the document "in accordance with this rule." Because Plaintiffs failed to lodge the documents in accordance with the rule, the penalty for failing to comply with the rule of public filing of the documents does not apply. In short, the court declines to simultaneously waive Plaintiffs' violation of Rule 79 and impose a substantive penalty on Defendants for their failure to follow the Rule. Additionally, the underlying motion is about the correctness of the designation. The designating party is entitled to two weeks in which to file an opposition to the motion and the court is entitled to have a hearing on the question. Accordingly, finding waiver from the lack of a declaration within five court days would deprive the designating party of its rights. Thus, this court issued an order temporarily sealing the documents pending

4

1  resolution of the motion. Moreover, the purpose of the requirement of a declaration is to assist the
2  court in determining whether sealing is appropriate. Once the court has ruled on the sealing motion,
3  the lack of a declaration is moot. *See Reilly v. MediaNews Group Inc.*, 2007 WL 196682 at *3
4  (N.D.Cal. Jan 24, 2007) (Excusing non-compliance with Rule 79(d) where court ordered that the
5  documents be filed under seal and was ruling on motion to unseal documents.)

6  Accordingly, Plaintiffs' use of the documents in the *Hamilton* Litigation appears to be a
7  violation of the Protective Order. However, the court is without sufficient facts to make a final
8  determination as to whether the Protective Order was violated. On March 19, 2007, Defendants
9  filed Motion for Order to Show Cause Regarding Contempt, alleging the violation of the Protective
10 Order. When this motion is fully briefed, and Plaintiffs have had a full and fair opportunity to
11 explain their conduct, the appropriate penalty, if any, will be determined .

### B.   Confidentiality of Documents in Question

13 A party bears the burden for each document it seeks to protect of showing the specific harm
14 or prejudice that would result if the document is not sealed. *Foltz v. State Farm Mutual Automobile*
15 *Ins. Co.*, 331 F.3d 1122, 1130 (9th Cir. 2003).[5]  If a court finds particularized harm will result from
16 disclosure of information to the public, then it balances the public and private interests to decide
17 whether a protective order is necessary. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*,
18 307 F.3d 1206, 1211 (9th Cir. 2002).

19 Although Plaintiffs' counsel did not specifically argue for the right of the Hamilton plaintiffs
20 to have access to discovery in this case, counsel did admit that the timing of this motion was driven
21 by the needs of the Hamilton Plaintiffs. In general, where the protective order can be modified to
22 allow collateral litigants access but still protect the documents from public disclosure, the
23 modification "should generally be granted." *Foltz*, 331 F.3d at1132. A request to modify the
24 protective order should not be granted automatically;  the court must first consider the

---

[5]When a document is attached to a dispositive motion, a party must make the higher showing of  compelling reasons to the rebut the presumption of the public's right of access to judicial records. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).  In this case, the documents have not yet been attached to any dispositive motion. Accordingly, the compelling reasons standard does not apply.

5

discoverability of the documents in the collateral litigation.  The current status is that no documents are discoverable in Hamilton because discovery is closed in that case.  Accordingly, there is no basis to modify the protective order to allow use of documents in the Hamilton Litigation.

### 1. Agreements Between Defendants Revealing Cost and Scope of Work Performed (Exhibits 1 and 2)

Plaintiffs move to de-designate agreements between defendants.  Plaintiffs' motion is not specific as to what agreements they seek to de-designate, stating only that examples of these agreements are filed under seal as exhibit 1 and exhibit 2.  At the hearing, Plaintiffs clarified that this motion seeks de-designation of only the documents attached as exhibits.  Plaintiffs expressed a hope that a court ruling on these documents will provide sufficient guidance to the parties to prevent the parties from requiring further motions.  The Court joins in this hope and urges both parties to meet and confer in good faith and warns both parties that any failure to be reasonable may result in appropriate sanctions, if additional motions cannot be avoided.

Exhibit 1 is entitled "Independent Contractor Agreement for Staffing and Support Services" between Admin and ACCS.  This contract governs the terms and conditions under which Admin provided support staff to ACCS.  Exhibit 2 is entitled "Independent Contractor Agreement for Management and Marketing Services" between FPS and FUI.  This contract governs the terms and conditions under which FPS agreed to provide management and marketing to FUI.

Plaintiffs claim that these documents should not be confidential because the agreements were only in effect through 2004 and that the companies involved (other than ACCS) are no longer active. Plaintiffs further argue that the agreements do not disclose financial information of any individuals.

Defendants counter that the documents were specifically discussed when negotiating the protective order.  Defendants argue that even though they agreed to the sample protective order without a provision as to these documents, they understood that Plaintiffs would not challenge the confidentiality designation of these documents.  (Irving Decl. ¶ 6).  However, at most, this shows that Defendants were mistaken about Plaintiffs intent not to challenge the designation.  Defendants also argue that the contracts contain provisions making them confidential.

Defendants have not articulated any specific harm that would result from the failure to

6

1  maintain these documents under seal.  Accordingly, the motion is granted as to Exhibits 1 and  2 in
2  their entirety.

### 2. Employment Agreements with Admin (Exhibits 3 and 4).

Plaintiffs move to de-designate the employment agreements between Admin and Defendants Lynn Hasney (Exhibit 3) and Paul Fischer (Exhibit 4).  The agreements were in effect no later than November, 2004.  Plaintiffs offered to keep the salary amounts confidential if Defendants de-designated the remainder of the two documents.  Defendants refused.

Defendants argue that the information in the agreements is private and could compromise the individual's ability to negotiate with new employers. (Hasney Decl. ¶ ¶ 11-12.)[6]  However, Defendants have articulated no showing of harm once the salary information is deleted. Accordingly, the employment agreements shall be de-designated, except that salary and benefit information must be redacted.

### 3. Weekly Mailing Reports Detailing the Number and Type of Form Letters Mailed by County

FUI produced weekly mailing reports to ACCS of how many form letters it mailed each week.  The reports detail how many of each type of form letter FUI mailed for each county with which ACCS did business nationwide.  An example of a mailing report is attached as Exhibit 5. Plaintiffs argue that the reports are not confidential because similar and more detailed information can be acquired through a request for public records from any county with which ACCS does business.  Thus, Plaintiffs argue that the information complied in these reports is not confidential because it could recreate the same report by making public records requests from each county and then re-compiling all the data.  This argument is not persuasive.  A trade secret

> may consist of any formula, pattern, device or *compilation of information* which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it. It may be a formula for a chemical compound, a process of manufacturing, treating or preserving materials, a pattern for

---

[6]Plaintiffs object to the declaration on a number of  grounds including hearsay and best evidence and speculative.  These objections are overruled.  Plaintiffs also argue that because Hasney has not worked for ACCs since 2004, her evidence is weak and the conclusion that stronger evidence would have been adverse is compelled.  Not such conclusion is compelled by the evidence submitted in opposition to a discovery motion.

7

a machine or other device, or *a list of customers*.

*Sinclair v. Aquarius Electronics, Inc.*, 42 Cal.App.3d 216, 222 (1974) (emphasis added.)  In this case, the information is much more detailed than a list of customers, it is a list of the exact amount and type of business transacted for each customer (county district attorney).  Moreover, a compilation does not lose its confidentiality merely because someone could, at great expense, recreate the compilation. *See e.g. Walker v. University Books, Inc.*, 602 F.2d 859, 865 at n 2 (9th Cir. 1979) (one factor in determining whether information is trade secret is the ease or difficulty with which the information could be properly acquired or duplicated by others.)

Defendants argue that the compilation of information about the volume of business in each county on a weekly basis is valuable because a competitor could use this information to target the counties that are most profitable.  (Hasney Decl. ¶ 8.)  Defendants further argue that information from 2004 is not too stale to be protected because the market changes very slowly and trends are consistent over time.  Although the information is not the most current or most valuable information about ACCS,  Defendants have articulated the specific harm that could occur from public disclosure.  The only burden Plaintiffs have asserted is the administrative costs of lodging these documents under seal if attached to a pleading in the future. This burden is insufficient to outweigh the potential harm to Defendants.  Accordingly, the motion is denied as to the mailing reports.

## III.   CONCLUSION

For the foregoing reasons, It Is Hereby Ordered that:

1. Plaintiffs' motion is granted as to Exhibits 1 and 2;
2. Plaintiffs' motion is granted in part in that Exhibits 3 and 4 are de-designated except as to the salary and benefits paid; and
3. Plaintiffs' motion is denied as to Exhibit 5.

IT IS SO ORDERED.

Dated:   March  22 ,  2007

PATRICIA V. TRUMBULL
United States Magistrate Judge

8