Roy Morrow Bell (Cal. Bar No. 60555)
Timothy P. Irving (Cal. Bar No. 108413)
Lindsay J. Reese (Cal. Bar No. 228678)
ROSS, DIXON & BELL, LLP
550 West B Street, Suite 400
San Diego, CA  92101-3599
Telephone:   (619) 235-4040
Facsimile:    (619) 231-8796

Attorneys for Defendants Don R. Mealing; Lynn R. Hasney; Fundamental Performance Strategies; Fulfillment Unlimited, Inc.; Inc. Fundamentals, and ACCS Administration, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| ELENA DEL CAMPO on behalf of herself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN CORRECTIVE COUNSELING SERVICES, INC., et al.,<br><br>Defendants. | Civ. No. 01-21151 JW (PVT)<br>[Consolidated with<br>Civ. No. 03-02611 JW] (PVT)<br><br>**RESPONSE TO PLAINTIFFS' MOTION TO ADOPT A DISCOVERY MANAGEMENT PLAN AND SUBMISSION OF DEFENDANTS' PROPOSED DISCOVERY PLAN**<br><br>Date:         **October 30, 2007**<br>Time:        **10:00 a.m.**<br>Courtroom: **5**<br>Judge:       **Magistrate Patricia V. Trumbull** |

Defendants Don R. Mealing, Lynn R. Hasney, Inc. Fundamentals ("INC"), Fulfillment Unlimited Inc. ("FUI"), Fundamental Performance Strategies ("FPS"), and ACCS Administration, Inc. ("Admin") (collectively the "Co-Defendants") submit this opposition to Plaintiffs' motion to adopt a discovery management plan.  Although counsel have exchanged drafts and have had several telephone conferences in an attempt to develop a mutual discovery

plan, they have been unable to agree on several major issues.

## I. INTRODUCTION

Defendants agree with Plaintiffs that a discovery management plan is overdue. However, Plaintiffs' one-sided proposed plan seeks without adequate justification to expand the amount of discovery Plaintiffs may conduct in this case far beyond the limitations imposed by Federal Rules of Civil Procedure 30 and 33. In their plan, Plaintiffs seek to take over *sixty* depositions and issue countless subpoenas. In making this request, Plaintiffs fail to make the required "particularized" showing of why this additional discovery is needed. Indeed, since this action was filed, they have taken only three depositions (one in the last year) and have not exhausted their allotted twenty-five interrogatories as to several of the Co-Defendants.[1]

Plaintiffs argue that they "may" need this additional discovery "if" certain circumstances unfold during this litigation. However, the need for this discovery cannot be evaluated in the abstract and should be determined only after that need actually arises, when the Court and the parties are fully apprised of the reasons why such discovery is necessary. Until that time Defendants cannot, for example, intelligently waive their right to object to third party subpoenas issued by Plaintiffs or their right to limit depositions to seven hours.

Without reaching the presumptive discovery limits imposed by the Federal Rules, and without making a particularized showing for why additional discovery is necessary, Plaintiffs' motion and proposed plan should be denied. Instead, Defendants propose a plan that requires both parties to comport with the Federal Rules' directions and balance discovery needs against concerns for litigation efficiency and costs.[2] Defendants propose that each party be limited to ten "one-day/seven hour" depositions until and unless a party makes a particularized showing that additional depositions are necessary. Defendants also request that the parties be ordered to provide sufficient notice of any third-party discovery they intend to conduct.

---

[1] Plaintiffs propose that each side be allowed to take fifty interrogatories of each party. While Plaintiffs have not yet exhausted the twenty-five interrogatories allowed by the Federal Rules, Co-Defendants are willing to agree to Plaintiffs proposal with respect to interrogatories.

[2] Defendants American Corrective Counseling Services, Inc. ("ACCS"), Don R. Mealing, Lynn R. Hasney, INC, FUI, FPS, and Admin submit their agreed upon discovery plan for this Court's approval with this response.

647182 v 4    - 2 -    RESPONSE TO PLAINTIFFS' MOTION TO ADOPT A DISCOVERY PLAN

## II. BACKGROUND

### A. Discovery to Date

Plaintiffs have taken the deposition of Santa Clara District Attorney George Kennedy, Santa Clara District Attorney representative Bruce D. Raye and third-party Fry's Electronics. *See* Declaration of Timothy Irving in Support of Co-Defendants' Response to Plaintiffs' Motion to Adopt a Discovery Plan ("Irving Dec."), ¶ 2.

Plaintiffs have also propounded written discovery on ACCS, Admin, FPS, FUI, and INC. Plaintiffs propounded forty-two interrogatories on ACCS, twenty-eight interrogatories on Admin, twenty interrogatories on FPS, twenty-two interrogatories on FUI and twelve interrogatories on INC. Irving Dec., ¶ 3. Defendants responded to these interrogatories and even agreed to answer those interrogatories beyond the twenty-five permitted by Federal Rule of Civil Procedure 33. *Id*.

In addition, Plaintiffs have propounded forty-two document requests on ACCS, thirty-five document requests on Admin, thirty-four document requests on FPS, thirty-two document requests on FUI and seventeen document requests on INC. Irving Dec. ¶ 4. Defendants responded to these document requests and produced over fifteen thousand pages of documents. *Id*.

ACCS has propounded twenty-one interrogatories and twelve requests for production on Plaintiffs del Campo, Medina, Campos and Johnston. Irving Dec., ¶ 5. Plaintiffs have responded to these requests, but have yet to produce any documents. *Id*.

Defendant Mealing propounded one interrogatory and three document requests on Plaintiffs del Campo, Medina, Campos and Johnston. Irving Dec.*, ¶* 6. Plaintiffs objected to those requests and refused to provide responses. *Id*.

### B. Depositions in *Hamilton*

Plaintiffs have taken the depositions of Don Mealing and Lynn Hasney in the action pending in the Northern District of Indiana, titled *Hamilton v. American Corrective Services, Inc., et.al.*, No. 3:05-CV-434-RM ("*Hamilton*"). Declaration of Todd Sloan in Support of Co-Defendants' Response to Plaintiffs' Motion to Adopt a Discovery Plan ("Sloan Dec."), ¶¶ 2-3. Prior to the commencement of Mr. Mealing's deposition, Plaintiffs' counsel Mr. Arons and Co-

1  Defendants' counsel Mr. Sloan agreed to conduct one deposition of Mr. Mealing and Ms. Hasney
2  to be used both in *Hamilton* and *del Campo*.  *Id*.  Co-Defendants' counsel agreed to waive the
3  seven-hour time limitation imposed by Federal Rule of Civil Procedure 30(d).  *Id*.  In exchange,
4  Co-Defendants would be allowed Plaintiffs to question Mr. Mealing and Ms. Hasney about issues
5  related to both the *Hamilton* and the *del Campo* matters.  *Id*.  Additionally, Co-Defendants
6  agreed to allow Plaintiffs to use those depositions in the *del Campo* matter.  *Id*.  In exchange,
7  Plaintiffs' counsel agreed that they would not re-depose Mr. Mealing or Ms. Hasney in *del*
8  *Campo*.  *Id*.

9  Although this oral agreement between counsel was not placed on the record, it is borne
10 out in the depositions of Mr. Mealing and Ms. Hasney.  Mr. Mealing's deposition, which took
11 place on September 7 and 8, 2006, lasted approximately twelve hours. Sloan Dec., ¶ 2.  Mr.
12 Arons questioned Mr. Mealing at length regarding topics relevant to the *del Campo* litigation.
13 *See* Deposition of Don R. Mealing, Volumes 1 and 2, attached to Irving Dec. at Exs. A and B.
14 Mr. Arons asked questions regarding programs in several California counties, including El
15 Dorado, Merced, Riverside, Santa Clara and Sonoma.  *Id*.  at  97:7-99:1; 166:2-13; 187:11-
16 189:14; 232:6-243:12; 346:22-350:18, Exs. 16, 35, 36.  In addition, Mr. Arons questioned Mr.
17 Mealing about disbursement reports related to Elena del Campo. *Id*. at 86:4-87:25; Ex. 4.  Mr.
18 Arons also used documents related to the California litigation as exhibits, including one of the
19 exhibits to the Amended Complaint in *del Campo*.  *Id*.  at Exs. 4, 16, 32, 35-37, 41, 42, 45.
20 Plaintiffs also questioned Mr. Mealing regarding the relationship between ACCS and Defendants.
21 *Id*. at 115:21-117:21; 123:11-124:22; 125:6-24;129:7-18, 129:22-131:5; 135:3-137:23.

22 Ms. Hasney, on the other hand, was questioned in general terms on how the bad check
23 diversion programs work, in part without distinguishing between Indiana and California
24 programs.  *See* Deposition of Lynn R. Hasney attached to Irving Dec. at Ex. C.  For example, Ms.
25 Hasney testified generally about notice requirements, mailing requirements and limitations
26 imposed by prosecutors.  *Id*.  at 75:9-15; 77:18-78:1; 94:7-15.  Ms. Hasney further testified about
27 the general operations of ACCS, such as how reports were generated and how check submissions
28 were received and recorded.  *Id*. at 60:8-66:22; 83:3-84:15.  Finally, Ms. Hasney was questioned

1 extensively regarding the relationship between ACCS and each Defendant. *Id*. at 10:22-11:23;
2 124:13-127:2; 130:12-131:7; 131:18-25; 132:14-135:3.

### III.  PLAINTIFFS HAVE FAILED TO MAKE THE NECESSARY PARTICULARIZED SHOWING FOR ADDITIONAL DISCOVERY

The Federal Rules of Civil Procedure impose certain limits on discovery. A party must seek leave of court to take more than ten depositions. *See* Rule 30(a). A party seeking leave of court to take more depositions must make a particularized showing of why the discovery is necessary. *See Archer Daniels Midland Co. v. Aon Risk Services, Inc*., 187 F.R.D. 578, 587 (D. Minn. 1999) (denying defendants motion for additional discovery where defendants had made no showing that each of the forty-seven proposed deponents were essential to its discovery and was not "merely a replication of discovery that could best be accomplished with the number of deponents previously allocated"); *Lloyd v. Valley Forge Life Ins. Co.*, 2007 WL 906150 *2 (D. Wash. Mar. 23, 2007) (denying plaintiffs request for additional depositions where plaintiff failed to explain why the depositions were necessary to substantiate her claims); *Finazzo v. Hawaiian Airlines*, 2007 WL 1425241 *4 (D. Hawai'i May 10, 2007) (refusing to grant plaintiffs' motion for leave where plaintiff did not make a particularized showing when arguing that her claims involved numerous individuals and she must offer broad evidence to support her claims).

Moreover, courts generally do not grant leave to conduct additional discovery until the moving party has exhausted the discovery permitted by the Federal Rules of Civil Procedure. *See e.g.*, *Archer Daniels Midland*, 187 F.R.D. at 587 (noting that defendant should "exhaust its current quota of depositions in order to make an informed request for an opportunity to depose more witnesses before seeking leave to depose a legion of others"). Courts are also reluctant to grant additional discovery that is cumulative, duplicative or unduly burdensome. *See Finazzo*, 2007 WL 1425241 *4 (denying plaintiff's request for additional depositions where plaintiff sought to depose several of the individuals for the same or similar information and failed to demonstrate that she had exhausted less expensive and burdensome means of discovery before seeking leave of court); *Lloyd*, 2007 WL 906150 *2 ("[i]t is important for all parties to understand that prior to taking any deposition they must always assess whether or not a deposition of that

1  witness is truly necessary, based in part on the time and expense that even a single deposition
2  incurs for all parties involved.").

3  Here, Plaintiffs who have taken only three depositions since the discovery stay was lifted
4  on September 15, 2005, now contend that another *sixty* are necessary.  Their proposed discovery
5  plan includes a three-day deposition of ACCS, a one-day deposition of each other defendant, up
6  to ten depositions of current or former ACCS employees who are not defendants, one deposition
7  for each California district attorney that has contracted with ACCS anytime since 1998 (which by
8  Plaintiffs' own count could total forty depositions), up to seven depositions of merchants or other
9  debt collectors, and one deposition each of representatives from the National District Attorneys'
10 Association, the California Association of District Attorneys and the American Collector's
11 Association.

12 This request for additional depositions is premature, not only because Plaintiffs have yet
13 to take the ten depositions allowed by Rule 30(b), but also because Plaintiffs have failed to show
14 with particularity that there is a current need for exceeding this presumptive limit.  Plaintiffs
15 merely contend, without any attempt at a particularized factual showing, that scores of
16 depositions are necessary in order for them to learn about programs in several California
17 counties[3], and to obtain information related to the relationship among the various parties.  This
18 general contention is insufficient; Plaintiffs must consider which additional depositions are truly
19 necessary to substantiate their claims and explain why each deposition is needed.  *See e.g., Lloyd,*
20 2007 WL 906150 *2.

21 Undoubtedly, several of these depositions would be cumulative (for example, ten
22 depositions of current and former ACCS employees) and thus an unnecessary waste of resources
23 and time.  Indeed, one Rule 30(b)(6) deposition would likely provide Plaintiffs with the same
24 information as the suggested *ten* depositions of ACCS employees.  In addition, Mr. Mealing and
25 Ms. Hasney have both already been deposed at length with respect to information related the *del*
26 *Campo* matter, including several of the programs in California and the relationship between

---

[3] Plaintiffs' Amended Complaint addresses only twelve California counties.  Plaintiffs contention that they "may" need to depose district attorneys from virtually all counties in California is nothing more than an excuse to conduct a fishing expedition in the hopes of increasing the size of the putative class.

647182 v 4

- 6 -

RESPONSE TO PLAINTIFFS' MOTION TO ADOPT A DISCOVERY PLAN

1  ACCS and other Defendants.  Irving Dec., Exs. A, B.  Plaintiffs and Co-Defendants agreed that

2  these depositions may be used in both the *del Campo* and *Hamilton* matters so that neither Mr.

3  Mealing or Ms. Hasney would be re-deposed in the *del Campo* matter.[4]  Sloan Dec., ¶ 3.

4        Plaintiffs' proposed discovery plan would also grant them blanket permission to subpoena

5  documents from any merchant who refers returned checks to the prosecutors' bad check

6  restitution programs in California, from any district attorney who works with ACCS and from the

7  National District Attorneys' Association, the California Association of District Attorneys and the

8  American Collector's Association.  While Defendants do not dispute Plaintiffs' ability to

9  subpoena these documents, inclusion of such a provision in the discovery plan is unwarranted.

10  Defendants cannot meaningfully object to a subpoena or evaluate whether an objection is

11  necessary until they know who and what is being subpoenaed.  Presumably, Plaintiffs want

12  Defendants to agree to this provision in the discovery plan so that any objection Defendants may

13  have to such subpoenas would be deemed waived.

14        Defendants, on the other hand, have included a necessary provision in their discovery plan

15  with respect to third-party discovery.  Rule 45(b)(1) requires a party to provide prior notice of a

16  subpoena to other parties in the case.  Defendants' discovery plan that each party provide at least

17  fourteen (14) days' notice before issuing a subpoena in order provide the parties with a

18  meaningful opportunity to meet and confer and to move to quash the subpoena, if necessary.  In

19  addition, the plan requires Plaintiffs to advise Defendants within three (3) days of serving a

20  Public Records Request on any prosecutor and provide Defendants with a copy of said request.[5]

21  **IV.  CONCLUSION**

22        Plaintiffs have failed to make a particularized showing to justify relief from the ten

23  deposition limit under Rule 30(a)(2)(A).  After only taking three depositions in this case thus far,

24  Plaintiffs request for additional discovery is premature and wholly unwarranted and would

---

[4] Plaintiffs contend that they need a one-day deposition for each Defendant.  Yet Mr. Mealing and Ms. Hasney, two of the Co-Defendants, have already been deposed for purposes of this litigation.  Plaintiffs are duty bound to use the information learned from Mr. Mealing and Ms. Hasney to strategically select their seven remaining deponents.

[5] Plaintiffs have attempted to use documents discovered through Public Records Request in the *Hamilton* litigation without having provided Defendants any notice of such requests.  Irving Dec. ¶ 7.  Thus, a discovery provision ordering them to do so is necessary to provide Defendants with the opportunity to request that any information discovered is also provided to Defendants.

647182 v 4

- 7 -

RESPONSE TO PLAINTIFFS' MOTION TO ADOPT A DISCOVERY PLAN

1  subject Defendants to enormous litigation costs.  Thus, Co-Defendants respectfully request that
2  the Court deny Plaintiffs' motion to adopt their discovery management plan and issue an order
3  adopting Defendants' Proposed Discovery Plan.

4  Date:   October 9, 2007                         Respectfully Submitted,

                                                   By:     /s/ Timothy P. Irving
                                                   Timothy P. Irving
                                                   ROSS, DIXON & BELL, LLP
                                                   550 West B Street, Suite 400
                                                   San Diego, CA  92101-3599
                                                   Telephone:     (619) 235-4040
                                                   Facsimile:     (619) 231-8796

                                                   *Attorneys for Co-Defendants*