UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELENA DEL CAMPO, ET AL., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMERICAN CORRECTIVE ) <br> COUNSELING SERVICES, INC., ET AL., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: C 01-21151 JW (PVT) <br><br> **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF ELENA DEL CAMPO'S MOTION TO DISPUTE CONFIDENTIALITY DESIGNATIONS OF NON-PARTY CERTEGY, INC.** <br><br> **Docket No. 512** |

### I.   INTRODUCTION

On April 15, 2008, plaintiffs' moved to challenge the confidentiality designations made by non-party Certegy Payment Recovery Systems, Inc., (Certegy). Certegy originally designated the following documents: (1) a contract with defendant ACCS; (2) an Agency Due Diligence Checklist; and (3) miscellaneous emails. On May 16, 2008, non-party Certegy filed an opposition to plaintiffs' motion to de-designate and conceded that only three emails qualified for de-designation. On May 29, 2008, plaintiffs' filed a reply to Certegy, arguing certain portions of four emails could be redacted, but the remaining portions of the emails, along with the other documents, should be de-designated. On June 17, 2008, the parties appeared for a hearing. Following the hearing, Certegy withdrew their designation of the ACCS contract and the Agency Due Diligence Checklist.

## II. BACKGROUND

In December 2001, plaintiff Elena Del Campo filed this class action lawsuit against defendant American Corrective Counseling Services (ACCS) and certain officers of the company alleging defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. (FDCPA) by operating a bad check restitution program with the District Attorney Office.

On December 1, 2007, plaintiffs served a subpoena on Certegy, a collection agency and non-party to the instant lawsuit, but one who has had a past business relationship with defendant ACCS involving dishonored personal checks. (Certegy Opp. Mem. at 2). Certegy moved to quash the subpoena in United States District Court in the Middle District of Florida. (*Id.*) As part of a compromise, plaintiff and Certegy later entered into a Stipulated Protective Order; Certegy also agreed to allow plaintiff to depose a corporate executive and produce certain documents under seal. (*Id.*) The Protective Order provided that the parties comport with the guidelines of Federal Rule of Civil Procedure 26(c) for the issuance of confidential designations during discovery. (Plaintiff Mem. P&A at 3).

Certegy designated certain documents as confidential, and plaintiffs asked Certegy to de-designate three classes of documents: (1) a contract between Certegy and defendant ACCS; (2) an Agency Due Diligence Checklist; and (3) a series of miscellaneous e-mail messages. (*Id.*) Certegy refused, and plaintiffs' filed the instant motion to de-designate the disputed documents arguing that Certegy could not meet their burden under Rule 26(c).

Following the hearing on June 17, 2008, non-party Certegy withdrew their designations from the ACCS contract and the Agency Due Diligence Checklist.

## III. DISCUSSION

Federal Rule of Civil Procedure 26(c) provides that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," based on an enumerated, but not exhaustive, list of reasons. FED. R. CIV. P. 26(c). The specific reason at issue here is sub-heading (G), which allows a court to "requir[e] that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only is a specified way." *Id.*

For the purposes of determining what documents are deserving of protection under Rule 26(c), the Ninth Circuit distinguishes between documents attached to dispositive motions, and those attached to non-dispositive motions. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The confidential designation of a document attached to a dispositive motion requires the party seeking the designation to articulate a "compelling reason" to restrict access. *Id.* A document attached to a non-dispositive motion requires the party to justify a designation with "good cause." *Id.*

Both parties agree that the documents involved here are attached to a non-dispositive motion and thus, the confidential designations are to be judged by the "good cause" threshold. A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted. *Foltz v. State Farm Mut. Auto. Ins.* Co*.,* 331 F.3d 1122, 1130 (9th Cir. 2003). To meet their burden, a party cannot rely on broad conclusory statements of predicted future harm, but must show specific facts or articulated reasons demonstrating prejudice or harm. *See, e.g.*, *Beckman Indus. Inc. v. Int'l Ins. Co.*, 966 F.2d 470 at 476 (9th Cir. 1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test") (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986) (internal quotation marks omitted)).

Additionally, the party must show that it has made reasonable efforts to keep confidential documents a secret to qualify for Rule 26(c) protection. *Gonzalez v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006); *Dedford v. Prod. Co.*, 120 F.R.D. 648, 653 (D. Md. 1987) ("The burden is on the party requesting a protective order to demonstrate that (1) the material in question is a trade secret or other confidential information within the scope of Rule 26(c), and (2) disclosure would cause an identifiable, significant harm.") (cited in *Foltz,* 331 F.3d at 1130 (9th Cir. 2003)). The required showing of efforts maintaining and achieving confidentiality is typically demonstrative of the specific harm or prejudice suffered, and is not necessarily a threshold determination of the applicability of Rule 26(c). *See Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 308 n.3 (N.D. Cal. 2005) (noting that the Ninth Circuit has yet to define the term "trade secret" as it appears in Rule 26(c), and that "[i]t does not necessarily follow that a definition of information which cannot be

1  appropriated under state law, or which need not be disclosed under a FOIA request, is the same as
2  the definition for purposes of a protective order under Rule 26(c)."). When a business is the party
3  seeking protection, it will have to show that disclosure of a particular document would cause
4  significant harm *to its competitive and financial position*. *Id.* at 308 (emphasis added).

Miscellaneous Emails

At issue in the current motion are seven emails. At the hearing, non-party Certegy failed to demonstrate any particular harm that would result from the disclosure of most of the emails. Except for particular computer codes and customer names contained in emails (3), (5), (7), and (10), the balance of e-mails (3), (5), (6), (7), (9), and (10) are hereby ordered de-designated. Plaintiff's motion to de-designate email (4) is denied. In light of Certegy's withdrawal of designations for other documents, Plaintiff's motion to de-designate the ACCS contract and the Agency Due Diligence Checklist is moot.

**CONCLUSION**

Notwithstanding the redaction of specific computer codes and customer names, plaintiffs' motion to de-designated the e-mails is GRANTED in part, and DENIED in part.

IT IS SO ORDERED.

Dated:   July 21, 2008

*Patricia V. Trumbull*
_____
PATRICIA V. TRUMBULL
United States Magistrate Judge