1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                          NORTHERN DISTRICT OF CALIFORNIA

10                                SAN JOSE DIVISION

11   ELENA DEL CAMPO on behalf of herself )        Case No.: C 01-21151 JW (PVT)
     and all others similarly situated,          )
12                                               )   **ORDER GRANTING IN PART AND**
                          Plaintiff,             )   **DEFERRING IN PART DEFENDANTS'**
13                                               )   **MOTION TO COMPEL PRODUCTION OF**
              v.                                 )   **DOCUMENTS**
14                                               )
     AMERICAN CORRECTIVE                         )
15   COUNSELING SERVICES, et al.,                )
                                                 )
16                        Defendants.            )
     _____ )
17                                               )
                                                 )
18                                               )

19
     **I. Introduction**
20
             In the consolidated complaint filed on May 1, 2006, Plaintiffs alleged the following against
21
     Defendants: (1) violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.; (2)
22
     violations of the Civil Rights Act, 42 U.S.C. § 1983; (3) violations of Sections 1 and 7 of Article I of
23
     the California Constitution; (4) a violation of the California Business & Professions Code § 17200 et
24
     seq.; (5) conversion; (6) fraudulent misrepresentation; and (7) negligent misrepresentation.
25
     Currently in front of this Court is Defendants' Motion to Compel Production of Documents.
26
     Defendants seek to compel two types of documents: (1) public records from district attorneys that
27
     relate to any program administered by ACCS or that reference any defendant in this action, and (2)
28
     Plaintiff Artz's home study workbook.  On July 29, 2008, the parties appeared for hearing.  Having

1  reviewed the papers and considered the arguments of counsel and for the reasons set forth below, the

2  court grants in part, and denies in part, Defendants' motion to compel.[1]

3  **II. Background**

4        On December 5, 2007, Defendant Mealing propounded document requests on each of the

5  Plaintiffs.  Plaintiffs served written responses and objections to these requests on January 11, 2008.

6  After obtaining an extension from Mealing, Plaintiffs produced some documents responsive to the

7  request on March 8, 2008.  Similarly, on February 21, 2008 and March 31, 2008, ACCS propounded

8  additional document requests to each of the Plaintiffs.  Plaintiffs served written responses and

9  objections to ACCS's requests on April 3, 2008 and April 30, 2008, respectively.  In sum, Plaintiffs

10  refused to produce thousands of documents they obtained from public agencies, pursuant to public

11  record requests, that relate to the bad check diversion programs at issue or that reference the

12  defendants in this lawsuit.  Plaintiffs did not provide a privilege log indicating that documents were

13  being withheld from production and the basis for withholding the documents.

14        Both Mealing and ACCS's counsel requested a meet and confer with Plaintiffs' counsel on

15  May 2, 2008 and June 6, 2008, respectively.  During the meet and confers, Defendants' counsel

16  learned about Plaintiff Artz's home study workbook.  Subsequent to a telephonic meet and confer,

17  counsel exchanged letters wherein each side reiterated their positions with regard to the

18  discoverability of the documents obtained by Plaintiffs from third parties through various public

19  record act requests.  Plaintiffs' counsel confirmed that Plaintiffs would not produce a privilege log.

20  Despite numerous meet and confer efforts, the parties were unable to resolve their dispute over the

21  documents obtained pursuant to public record act requests and production of Plaintiff Artz's home

22  study workbook.  This motion followed.

23  **III. Legal Standards**

24        Under the Federal Rules of Civil Procedure,

25          [p]arties may obtain discovery regarding any matter, not
        privileged, that is relevant to the claim or defense of any

26          party,...Relevant information need not be admissible at the trial if
        the discovery appears reasonably calculated to lead to the

27

28      [1]This holding of this court is limited to the facts and particular circumstances underlying the present motion.

1    discovery of admissible evidence.

2    Fed. R. Civ. P. 26(b)(1).  The scope of discovery is broad and encompasses any matter that bears on,

3    or that reasonably could lead to another matter that could bear on, any issue that is or may be in the

4    case.  *See Oregon Precision Industries, Inc. v. International Omni-Pac Corp.*, 160 F.R.D. 592, 594

5    (D. Or. 1995).  Mutual knowledge of all relevant facts gathered by parties to litigation is essential so

6    that a party may, in good faith, compel the other to disclose what relevant facts he has in his

7    possession, if not otherwise privileged.  *See Hickman v. Taylor*, 329 U.S. 495, 507 (1947).  A party

8    asserting a privilege bears its burden of proof; however, the party seeking production may obtain

9    discovery only upon a showing that the party has a substantial need of materials in preparation of the

10   party's case and the party is unable to obtain substantial equivalent materials by other means without

11   substantial hardship.  *See E.E.O.C. v. Guess?, Inc.*, 176 F. Supp. 2d 416, 423 (E.D. Pa. 2001).

12   Nevertheless, it is not a bar to the discovery of relevant material that the same material may be in the

13   possession of the requesting party or obtainable from another source.  *See Fort Washington*

14   *Resources, Inc. V. Tannen*, 153 F.R.D. 78, 79 (E.D. Pa. 1994).  In addition, it is usually not

15   objectionable when the information sought by discovery is a matter of public record.  *See Petruska*

16   *v. Johns-Manville*, 83 F.R.D. 32, 35 (E.D. Pa. 1979); *see also Riordan v. Ferguson*, 2 F.R.D. 349,

17   350 (S.D.N.Y. 1942).

18   **IV. Discussion**

19          **A. Public Record Requests**

20          Plaintiffs fail to show a reason why Defendants should not receive their requested public

21   records.  Plaintiffs have confirmed that the documents in question were obtained from district

22   attorneys in Indiana and California.  In addition, Plaintiffs have also confirmed that these documents

23   were prepared by ACCS or by prosecuting agencies with which ACCS contracted services.

24   Plaintiffs first argue that Plaintiffs should not be compelled because the requests are overbroad and

25   burdensome.  Specifically, Plaintiffs state that their burden in providing the documents would

26   outweigh Defendants' need for the documents.  Plaintiffs base this assertion on the assumption that

27   ACCS already has most of the documents.  However, a mere statement that production would be

28   burdensome is not enough to avoid discovery obligations.  *See St. Paul Reinsurance Co., Ltd. v.*

1  *Commercial Financial Corp.*, 198 F.R.D. 508, 511 (N.D. Iowa 2000).  Defendants respond by

2  stating that the burden to both themselves and to the various government agencies would be high

3  because Defendants would have to serve duplicative public record act requests.  In addition,

4  Defendants state that the public agencies may no longer have the documents because Plaintiffs'

5  requests were made over the past six years.  Lastly, Defendants state that Plaintiffs have not shown

6  that the request is burdensome because all of the documents are compiled into seven banker boxes.

7       Plaintiffs also asserted that the requests were founded on an improper purpose.  Specifically,

8  Plaintiffs allege that Defendants have engaged in prior discovery abuses.  Plaintiffs also assert that

9  Defendants want the documents in order to make tactical decisions about its defense and pending

10  discovery.  Plaintiffs may not avoid discovery obligations because of defendants' alleged abuses.

11  *See Fresenius Medical Care Holding, Inc. v. Baxter Intern, Inc.*, 224 F.R.D. 644, 653 (N.D. Cal.

12  2004).  Moreover, Defendants have not demonstrated any actual evidence of an improper purpose.

13  Therefore, Defendants' motion to compel should be granted with respect to the public records.

14       **B. Plaintiff Artz's Workbook**

15       Defendants also move to compel Plaintiff Artz's home study workbook.  Defendants claim

16  that Plaintiff Artz is unreasonably withholding the home study workbook.  Plaintiff Artz, however,

17  asserts that the workbook is protected by her right to privacy.  *See A. Farber & Ptrnrs, Inc. v.

18  Garber*, 234 F.R.D. 186, 191 (C.D. Cal. 2006).  Although, the right of privacy is not an absolute bar

19  to discovery, it must be balanced against the need for the information.  *See Ragge v. MCA/Universal

20  Studios*, 165 F.R.D. 601, 604 (C.D. Cal. 1998).  Here, Plaintiffs state that the workbook contains

21  information regarding Ms. Artz's state of mind and general financial practices.  Defendants,

22  however, state that the workbook contains communications between ACCS and Plaintiff Artz.  Since

23  it is unclear what information the workbook contains, the Court orders an *in camera* inspection of

24  the workbook for further determination.

25  **V. Conclusion**

26       Based on the foregoing reasons, Defendants' motion to compel is GRANTED with respect to

27  Mealing's First Set of Requests for Production of Documents (Requests Nos. 3 and 4) and Second

28  Set of Requests for Production of Documents (Request Nos. 4, 6, and 7) and ACCS's First Set of

Requests for Production of Documents (Request No. 16), Second Set of Requests for Production of Documents (Request Nos. 2, 3, and 4) and Third Set of Requests for Production of Documents (Request Nos. 2 and 3).  Plaintiffs shall produce responsive documents no later than August 15, 2008.  Defendants shall bear the cost of copying the above-specified documents.  Defendants' motion to compel production of Plaintiff Artz's home study workbook is DEFERRED pending an *in camera* inspection.

IT IS SO ORDERED.

Dated:        *August 1, 2008*

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge