UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELENA DEL CAMPO, ET AL., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> AMERICAN CORRECTIVE ) <br> COUNSELING SERVICES, INC., ET AL., ) <br> ) <br> Defendants. ) <br> _____ ) | Case No.: C 01-21151 JW (PVT) <br><br> **ORDER DENYING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF PLAINTIFF LOIS ARTZ'S WORKBOOK** <br><br> **[Docket No. 593]** |

On June 24, 2008, defendants Don R. Mealing and American Corrective Counseling Services, Inc. moved to compel, *inter alia,* plaintiff Lois Artz's home study workbook because the discovery sought was responsive to a discovery request which had been previously propounded by defendant Mealing. Plaintiff Artz opposes production of the workbook on the grounds that disclosure is protected by her right to privacy. However, she concedes that the workbook is responsive to the discovery request. Following arguments of counsel at a hearing held on July 29, 2008, the court ordered that plaintiff Artz produce the home study workbook for an *in camera* inspection. ("August 1, 2008 Order"). On August 3, 2008, plaintiff Artz lodged her workbook with the court and this order follows.

After she was contacted by defendant ACCS regarding a deficient check she had written in

Sonoma County, plaintiff Artz completed a workbook entitled "Checks & Balances: A Program for Getting Your Financial Life Back on Track" in lieu of attending a financial responsibility class because of certain health limitations. ("workbook").  Plaintiff Artz completed the workbook, provided it to ACCS and requested that the workbook later be returned to her.  Apparently, ACCS later returned the workbook to plaintiff without retaining any copies of it.

During the course of discovery, defendant Mealing propounded a discovery request on plaintiff Artz seeking, *inter alia,* "[a]ll documents relating to communications between you and any defendant and any agent or employee of any defendant."  Plaintiff responded that she objected to production of the workbook on the grounds that the information contained therein was "protected from disclosure pursuant to her right of privacy."

"Although the right to privacy is not a recognized privilege, many courts have considered it in discovery dispute." *Ragge v. MCA/Universal Studios,* 165 F.R.D. 601, 604, fn. 3 (C.D. Ca. 1995).  Courts strike a balance the right to privacy against the goals of litigation. *Id.*  "[T]he initiation of a law suit, does not, by itself, grant [a party] the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose.  A balance must be struck." *Id.* at 605.

Having reviewed the workbook, the court finds that plaintiff's right to privacy outweighs the importance of the information to the litigation.  Accordingly, defendants' motion to compel production of plaintiff Artz's workbook is denied.

IT IS SO ORDERED.

Dated:   *August 26, 2008*

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge

ORDER, *page 2*