IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Elena Del Campo, et al., | NO. C 01-21151 JW |
| Plaintiffs, | **ORDER DENYING MOTION TO STAY; WITHDRAWING THE REFERENCE No. 09-05036 FROM BANKRUPTCY COURT AND DISMISSING THE CASE WITH PREJUDICE** |
| v. | |
| American Corrective Counseling Serv., et al., | |
| Defendants. | |

Plaintiffs bring this class action alleging, *inter alia*, that Defendants engaged in a pattern of behavior through the District Attorney Bad Check Diversion Program ("Diversion Program") violating the California Constitution, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, as well as other related state statutory and tort laws. Plaintiffs allege that Defendants operated the Diversion Program by unlawfully using the names of local district attorneys, demanding fees, and threatening criminal prosecution to force bad check writers to comply with their payment demands.

Presently before the Court is Defendants Don R. Mealing, Lynn R. Hasney, ACCS Administration, Inc., Fundamental Performance Strategies and Inc. Fundamentals' (collectively, "the Non-Debtor Defendants") Motion to Stay, or, in the Alternative, Refer the Action to Bankruptcy Court.[1]

---

[1] (Notice of Motion and Motion to Stay Proceedings or Alternatively to Refer Action to the Bankruptcy Court for the Northern District of California, San Jose Division, for Further Proceedings, hereafter, "Motion," Docket Item No. 734.)

The Court finds it appropriate to take the matter under submission without oral argument. See Civ. L.R. 7-1(b). Based on the papers submitted to date, the Court DENIES the Non-Debtor Defendants' Motion to Stay or, in the Alternative, to Refer the Action to Bankruptcy Court.

**A.  Procedural Background**

Plaintiffs filed this case on December 11, 2001. (See Docket Item No. 2.) On April 4, 2006, this case was consolidated with another related class action. (See Docket Item No. 191.) On December 22, 2006, the operative Amended Consolidated Complaint was filed. (See Docket Item No. 283.) On December 3, 2008, the Court certified this case as a class action. (See Docket Item No. 705.)

On January 14, 2009, Plaintiffs filed a Motion for Partial Summary Judgment. (See Docket Item No. 717.) On January 19, 2009, Defendant American Corrective Counseling Services ("ACCS") filed a Chapter 11 Bankruptcy Petition in the United States Bankruptcy Court for the District of Delaware. (Notice of Bankruptcy and Automatic Stay, hereafter, "Bankruptcy Notice," Docket Item No. 724.) Pursuant to 11 U.S.C. § 362(a), this action was automatically stayed as to ACCS. On February 5, 2009, ACCS filed a Notice of Removal under 28 U.S.C. § 1452, purporting to remove this case to the United States Bankruptcy Court for the Northern District of California. (Notice of Filing of Notice of Removal, hereafter, "Notice of Removal," Docket Item No. 727.) Following a Case Management Conference, the Court invited briefing as to whether this action should be stayed as to the remaining Non-Debtor Defendants. (See Docket Item No. 731.)

**B.  Jurisdiction**

As a threshold issue, the Non-Debtor Defendants contend that, in light of ACCS' purported removal, the Court no longer has jurisdiction over this case. (Motion at 5.) According to the Non-Debtor Defendants, 28 U.S.C. § 1452 allows a party to remove an action from a district court to a bankruptcy court, thus divesting the district court of jurisdiction. (Motion at 5-7.)

2

Title 28 U.S.C. § 1452 governs the removal of claims related to bankruptcy cases.[2] Under § 1452, a party

> may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under [28 U.S.C. § 1334].

Under § 1334,

> [e]xcept as provided in subsection (e)(2), and notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

28 U.S.C. § 1334(b). Under Fed. R. Bankr. P. 9027(c), a removal is effected upon the filing of a copy of the notice of removal in the court from which the action was removed. Thus, courts have held that, after removal, the court from which the action was removed no longer has jurisdiction. See In re Princess Louise Corp., 77 B.R. 766, 788 (Bankr. C.D. Cal. 1987); see also In re Eyecare of So. California, 258 B.R. 765, 768 (Bankr. C.D. Cal. 2001). However, the divestiture of jurisdiction contemplated by such courts prevents a *state* court from taking action concerning the removed claims, including determining whether the removal was proper. See In re Princess Louise, 77 B.R. at 788; In re Eyecare, 258 B.R. at 768.

Here, the Court finds that the general divestiture of jurisdiction upon removal under § 1452 is inapplicable under its plain language; namely, § 1452 allows for a claim to be removed to a "district court," not from the district court to a bankruptcy court in the same district. See In re Mitchell, 206 B.R. 204, 210 (Bankr. C.D. Cal. 1997) ("This Court holds that 28 U.S.C. § 1452(a) cannot be used to remove a lawsuit pending in federal district court to *the same district court where the lawsuit is already pending*.") (emphasis in original). Thus, although ACCS' notice purports to remove this case to the bankruptcy court in this district, the Court finds that § 1452 does not provide for such removal.

---

[2] Section 1452 is contained within Chapter 89 of Title 28, which generally governs removal of cases from state courts.

3

Accordingly, ACCS' removal was improper. The Court orders the bankruptcy reference No. 09-05036 withdrawn to this Court and dismisses the case with prejudice. The Court proceeds to address the merits of the Non-Debtor Defendants' Motion to Stay.

**C.     Motion to Stay**

The Non-Debtor Defendants move to stay this action on three grounds:  (1) since ACCS filed for bankruptcy, Plaintiffs' alter ego claims against the Non-Debtor Defendants belong to the ACCS bankruptcy trustee; (2) an interim stay should be granted to allow the Non-Debtor Defendants to petition the Delaware bankruptcy court to extend ACCS' automatic stay to include the Non-Debtor Defendants; and (3) allowing Plaintiffs to pursue their claims against the Non-Debtor Defendants will potentially nullify indemnity agreements between Non-Debtor Defendants Don Mealing ("Mealing") and Lynn Hasney ("Hasney") and ACCS.[3]  (Motion at 9-12.)

A district court has discretion over whether to stay a case. See Landis v. North American Co., 299 U.S. 248, 254-55 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Id.

The Court considers each ground for staying this action in turn.

**1.     Plaintiffs' Alter Ego Claims Against the Non-Debtor Defendants**

The Non-Debtor Defendants contend that Plaintiffs' alter ego claims are the property of the ACCS bankruptcy estate because, under California law, a corporation may pierce its own corporate veil. (Motion at 9-10.)  In light of Plaintiffs' voluntary dismissal of their alter ego claims, this issue is no longer relevant to the Court's analysis with respect to staying the entire action. (Plaintiffs' Opposition to Defendants' Motion for Stay at 3, hereafter, "Opposition," Docket Item No. 737.)

---

[3] The Non-Debtor Defendants also seek, in the alternative, and on the same grounds as their Motion to Stay, a referral of this entire action to the Delaware bankruptcy court under B. L.R. 5011(b). (Motion at 14.) Since the Non-Debtor Defendants' alternative request is based on the same grounds as their request for a stay, the Court finds that it need not analyze the request separately.

4

### 2. Extension of the Automatic Stay by the Bankruptcy Court

The Non-Debtor Defendants contend that the Court should stay this action because they intend to file a motion requesting the Delaware bankruptcy court to extend ACCS' automatic stay under 11 U.S.C. § 362(a) to the Non-Debtor Defendants. (Motion at 11.) The parties dispute whether the Non-Debtor Defendants have sufficient grounds for prevailing on such a motion. (See Motion at 11; Opposition at 4-5.)

A determination concerning whether the automatic stay under § 362(a) should be extended to non-debtor parties is a determination to be made by a bankruptcy court. See In re Chugach Forest Products, Inc., 23 F.3d 241, 247 (9th Cir. 1994); A.H. Robins Co., Inc. v. Piccinin, 788 F.2d 994, 999 (1986).

Here, since there is no currently pending motion before the Delaware bankruptcy court, the Court declines to stay the case on this basis.

### 3. The Non-Debtor Defendants' Indemnity

The Non-Debtor Defendants Mealing and Hasney contend that continuing this action may subject them to liability for which they will have to seek indemnity from ACCS in bankruptcy court, jeopardizing their ability to recover against ACCS through an indemnity action. (Motion at 13.) Plaintiffs contend, *inter alia*, that the Non-Debtor Defendants' indemnity action against ACCS is independent of Plaintiffs' claims in this action. (Opposition at 7.)

The Court finds that the indemnity agreements between Mealing and Hasney and ACCS have no bearing on Plaintiffs' claims against these Defendants. (See Declaration of Don Mealing in Support of Motion to Stay Proceedings, Exs. 1, 2, Docket Item No. 735.) Thus, Plaintiffs will be unduly prejudiced if their claims against Defendants Mealing and Hasney are stayed. Accordingly, the Court declines to stay the case on this basis.

//

**D. Conclusion**

The Court orders as follows:

(1) The Court DENIES the Non-Debtor Defendants' Motion to Stay. In light of this Order, the March 16, 2009 hearing on the Non-Debtor Defendants' Motion is VACATED.

(2) Plaintiffs' alter ego claims against the Non-Debtor Defendants in this action is DISMISSED pursuant to Fed. R. Civ. P. 41(a).

(3) In light of the Court's finding that Defendant ACCS' removal under 28 U.S.C. § 1452 was improper, the Court orders the reference <u>Del Campo, et al. v. American Corrective Counseling Services, et al.</u>, No. 09-05036, withdrawn to this Court and dismisses the case with prejudice.

In light of this Order, the Court sets **May 4, 2009 at 9 a.m.** as a hearing date for Plaintiffs' Motion for Summary Judgment which was previously noticed. The parties shall brief this matter in accordance with the Civil Local Rules of the Court.

Dated: March 12, 2009

JAMES WARE
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Charles D. Jenkins cjenkins@jgn.com
Charles Edward Perkins cperkins@jgn.com
Dan Day Kim dkim@jgn.com
David L. Hartsell dhartsell@mcguirewoods.com
Deepak Gupta dgupta@citizen.org
Eric Neil Landau elandau@jonesday.com
Hugh Tabor Verano hverano@verano-verano.com
Hugh Tabor Verano hverano@verano-verano.com
Lester A. Perry lap@hooleking.com
Natalie P. Vance nvance@klinedinstlaw.com
O. Randolph Bragg rand@horwitzlaw.com
Paul Arons lopa@rockisland.com
Peter Manfred Bransten pbransten@lblawllp.com
Ronald Wilcox ronaldwilcox@post.harvard.edu
Sharon Kathleen Grace parons@rockisland.com
Susan L. Germaise sgermaise@mcguirewoods.com

United States Bankruptcy Court
Northern District of California

**Dated: March 12, 2009**                                    **Richard W. Wieking, Clerk**

                                                             **By:    /s/ JW Chambers**
                                                                 **Elizabeth Garcia**
                                                                 **Courtroom Deputy**