UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELENA DEL CAMPO, ET AL., ) | Case No.: C 01-21151 JW (PVT) |
| ) | |
| Plaintiffs, ) | **ORDER DENYING DEFENDANTS' MOTION** |
| ) | **FOR PROTECTIVE ORDER; AND ORDER** |
| v. ) | **GRANTING PLAINTIFFS' MOTION TO** |
| ) | **COMPEL** |
| AMERICAN CORRECTIVE ) | |
| COUNSELING SERVICES, INC., ET AL., ) | **[Docket Nos. 756, 758 ]** |
| ) | |
| Defendants. ) | |
| ─────────────────────────── ) | |

### INTRODUCTION

Individual defendants Don R. Mealing and Lynn Hasney move for protective order to delay the production of discovery related to their private financial information, unless and until, liability is first determined. (collectively "defendants"). On the other hand, plaintiffs Elena del Campo, and others similarly situated, move to compel further interrogatory responses related to that same information. (collectively "plaintiffs"). The parties oppose each others' respective motions. Pursuant to Civ. L.R. 7-1, the motions were taken under submission. Having reviewed the papers and considered the arguments of counsel, defendants' motion for protective order is denied and plaintiffs' motion to compel is granted.[1]

---

[1] The holdings of this court are limited to the facts and particular circumstances underlying the present motions.

**BACKGROUND**

American Corrective Counseling Services, Inc. has filed for bankruptcy and all proceedings related to that corporate entity have been stayed by the court. ("ACCS"). However, the above-captioned case is proceeding against the individual defendants and one of the corporations formed by defendant Mealing named Inc. Fundamentals. *See* Docket No. 740.

In the amended and consolidated complaint, plaintiffs have alleged, *inter alia*, that defendants violated the Fair Debt Collection Practices Act, 15 U.S.C §1692, by operating a bad check diversion program which threatened criminal prosecution if bad check writers failed to remit certain fees. *See* Docket No. 283. On January 3, 2007, the court approved the parties' stipulated protective order to govern the discovery and disclosure of confidential, proprietary and private information. ("January 3, 2007 Stipulated Protective Order"). *See* Docket No. 290. On December 3, 2008, the case was certified as a class action. *See* Docket No. 705.

Plaintiffs served the individual defendants with certain discovery related to their private financial information. Specifically, plaintiffs propounded interrogatories seeking information regarding defendants' personal assets and net worth. The defendants objected, and in turn, moved for protective order. And plaintiffs moved to compel.

**DISCUSSION**

**I.     Defendants' Motion for Protective Order**

"A party or any person from whom discovery is sought may move for a protective order . . . . [and] [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, . . . ." Fed. R. Civ. P. 26(c)(1). "To obtain a protective order, the party resisting discovery or seeking limitations thereon, must show 'good cause' for its issuance." Schwarzer, William W., Tashima, A. Wallace, Wagstaffe, James M., California Practice Guide, Federal Civil Procedure Before Trial, 11:1070 (citing Fed. R. Civ. P. 26(c)(1); *Jepson, Inc. v. Makita Elec. Works, Ltd,* 30 F.3d 854, 858 (7th Cir. 1994)). "The moving party must make a clear showing of a particular and specific need for the order." *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975)).

**A.     Right to Privacy**

Generally, federal courts recognize a right to privacy that can be raised in response to discovery requests. *See, e.g., Johnson by Johnson v. Thompson,* 971 F.2d 1487, 1497 (10th Cir. 1992) and *DeMasi v. Weiss,* 669 F.2d 114, 119-120 (3rd Cir. 1982).  However, the right of privacy is not an absolute bar to discovery.  Rather, courts balance the need for the information against the claimed privacy right. *See, e.g., Ragge v. MCA/Universal Studios,* 165 FRD 601, 604 (C.D. Ca. 1995).

Defendants Mealing and Hasney move for protective order on the grounds that a protective order would prevent the premature disclosure of their private financial information in violation of their respective privacy rights.  Instead, defendants request that any such discovery occur, only if and after, liability has been determined because of the especially "burdensome and intrusive nature of the net worth discovery requests."  In addition, defendants note that plaintiffs' own hybrid approach to class certification warrants granting their request.

Originally, plaintiffs had sought to certify two classes, one class pursuant to Rule 23(b)(2) on the issues of injunctive and declaratory relief and statutory damages and then another class pursuant to Rule 23(b)(3) on the issue of actual damages.  (the "Rule 23(b)(2) class" and the "Rule 23(b)(3) class").  Plaintiffs explained that they sought to certify the two classes consecutively, instead of concurrently, because they were uncertain whether defendants would be able to pay damages. The district court rejected any efforts to bifurcate class certification stating that "judicial economy militated against plaintiffs' piecemeal approach, especially in light of the speculative nature of plaintiffs' contentions regarding damages."  Order Denying Plaintiffs' Implied Motion to Bifurcate Class Certification dated September 19, 2008.  ("September 19, 2008 Order"). *See* Docket no. 682. Pursuant to the September 19, 2008 Order, plaintiffs later moved for concurrent certification of the two classes, which was granted by the district court.  Order Granting Plaintiffs' Supplemental Motion for Class Certification dated December 3, 2008. *See* Docket no. 705.

Defendants further note that plaintiffs have contended that the primary goal of litigation is declaratory and injunctive relief.  Indeed, defendants point out that the district court itself noted that monetary damages are incidental to the Rule 23(b)(2) class. *Id.*

1  Plaintiffs argue that bifurcating liability and discovery will cause even further delays in
2  already protracted litigation. Indeed, the above-captioned action was filed on December 11, 2001.
3  Plaintiffs further argue that the district court's rejection of their efforts to impliedly bifurcate class
4  certification in the interests of judicial economy militates against bifurcating liability and discovery
5  here. Plaintiffs also argue that defendants had not sought to bifurcate discovery when the parties
6  submitted their respective proposals for a discovery management plan in or around November 2007.

7  Defendants have not shown good cause for a protective order. The court agrees that efforts
8  to bifurcate liability and discovery would only cause further and unnecessary delays in the above-
9  captioned action. As noted by plaintiffs (and as discussed below), defendants' private financial
10 information is relevant and may be disclosed subject to the January 3, 2007 Stipulated Protective
11 Order. Therefore, on balance, the need here for the information outweighs the claimed privacy
12 rights. Accordingly, defendants' motion for protective order is denied.

13 **II.  Plaintiffs' Motion to Compel**

14 Pursuant to Rule 37(a), plaintiffs move to compel further interrogatory responses on the
15 grounds that the discovery sought is relevant, that the discovery is reasonably calculated to lead to
16 the discovery of admissible evidence and that the discovery is not protected from disclosure by any
17 privilege.

18 Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter
19 that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need
20 not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery
21 of admissible evidence." *Id.*

22 Notwithstanding the above, discovery is subject to certain limitations and is not without
23 "ultimate and necessary boundaries." *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 680 (N.D. Cal.
24 2006) (citing *Pacific Gas and Elec., Co. v. Lynch*, 2002 WL 32812098, at *1 (N.D. Cal. August 19,
25 2002). Unless a party objects to producing any documents requested, it must produce the requested
26 documents as they are kept in the usual course of business or organize and label them to correspond
27 to the categories in the request. Fed. R. Civ. P. 34(b)(2)(E).

28 Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of

the following:

    (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

    (iii)    the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

Based on the various claims alleged in the above-captioned action, a court may award statutory and punitive damages. Specifically, the Fair Debt Collection Practices Act allows for statutory damages, which may include no more than 1 percent of the defendants' net worth. Plaintiffs' remaining claims provide for an award of punitive damages.

Plaintiffs argue that discovery related to the individual defendants' personal assets and net worth is relevant and reasonably calculated to lead to the discovery of admissible evidence. From approximately 1996 until November 2004, defendants Mealing and Hasney actively managed and controlled ACCS. Their majority interest in ACCS was later sold for $30 million.

Defendants too, concede that the discovery sought is relevant. *See, e.g.,* Notice of Motion and Motion for Protective Order to Bifurcate Discovery to Protect Privacy Rights at 11. ("Defendants do not dispute that Plaintiffs are entitled to discovery to help establish their damages claims, . . . . ").

In light of the claims alleged and the potential remedies thereto, the discovery sought by plaintiffs is relevant. *See, e.g., Oakes v. Halvorsen Marine Ltd., et al.,* 179 F.R.D. 281, 286 (C.D. Cal. 1998)("The discovery of financial information relevant to a punitive damages claim is permissible under the Federal Rules of Civil Procedure, whether or not such evidence would be admissible at trial."). Defendants may produce their interrogatory responses subject to the January 3, 2007 Stipulated Protective Order. Accordingly, plaintiffs' motion to compel is granted.

**CONCLUSION**

Based on the foregoing reasons, defendants' motion for protective order is denied and plaintiffs' motion to compel is granted. Defendants shall serve their interrogatory responses no later than November 13, 2009. Defendant Hasney shall serve further interrogatory responses to interrogatory nos. 17 (set one), 20 and 21 (set two), 22, 23 and 25 (set three) and defendant Mealing shall serve further interrogatory responses to interrogatory nos. 16, 17 and 18 (set one), 20, 21 and 22 (set two), 22 [*sic*] and 24 (set three). Defendants Hasney and Mealing may elect to respond to certain interrogatories (interrogatory nos. 23 and 25 for defendant Hasney and interrogatory nos. 22 and 24 for defendant Mealing) pursuant to Rule 33(d)(1).

IT IS SO ORDERED.

Dated:   October 23, 2009

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge