**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Elena Del Campo, et al., | NO. C 01-21151 JW |
|       Plaintiffs, | **ORDER APPROVING SECOND AMENDED JOINT SUBMISSION OF CLASS NOTICE PLAN** |
|   v. | |
| American Corrective Counseling Servs., Inc., et al., | |
|       Defendants. | |

Presently before the Court is a Second Amended Joint Submission of Class Notice Plan. (hereafter, "Plan," Docket Item No. 777.) The parties seek the Court's approval on the form of a proposed class notice plan and also ask the Court to determine to whom the notice should be sent.

Plaintiffs contend an opt-out notice should be sent only to members of the Rule 23(b)(3) class members, while Defendants contend notice must be sent to both Rule 23(b)(3) and Rule 23(b)(2) class members. (See Plan at 5-6.) Although there is no statutory right to opt out of a Rule 23(b)(2) class action, the Court has discretion to allow class members to opt out. See Fed. R. Civ. P. 23(c)(2)(A); Crawford v. Honig, 37 F.3d 485, 487 n.2 (9th Cir. 2004).

**A.   Class Notice Proposal is Approved**

The Court approves the two-step notice plan proposed by the parties.[1] Plaintiffs shall mail the postcard notices using the addresses in American Corrective Counseling Service's ("ACCS")

---

[1] The parties rely on two Florida district court cases where this method of class notification has previously been approved. See Perez v. Asurion Insurance Services, Inc., 501 F. Supp. 2d 1360, 1375 (S.D. FL 2007) (notification plan included postcard mailings, website, toll-free hotline, and publishing a Summary Notice in USA Weekend). The parties have modeled their postcard summary notice from the postcard used in Lockwood v. Certegy Check Services, Inc., Civ. No. 8:07-cv-1434-T-23TGW (M.D. FL 2007) (approving a settlement notice plan containing a postcard notice directing recipients to a website and toll-free phone line).

records, updated by the National Change of Address Database, and verified by the industry-standard verification procedures cited in the Plan. Plaintiffs shall additionally set up a website and a toll-free number in order to provide class members with the Detailed Notice and other case information documents. Plaintiffs shall provide detailed directions for how a class member may opt out of the lawsuit on the internet and through a toll-free number.

The Plan notes that class members will be given no less than forty-five days from the date that *initial* notices are mailed to opt out. (See Plan at 5.) However, the Plan does not provide any time frame for the members of the class whose notices are returned by the Post Office with forwarding addresses and are subsequently remailed by Plaintiffs. (See Plan at 4.) Thus, for class members whose notices are returned and then remailed, the parties shall give no less than forty-five days from the date the notices are remailed to opt out.

**B.      Notice is Required Only to Rule 23(b)(3) Class Members**

Defendants contend that the Rule 23(b)(2) claimants are difficult to distinguish from the Rule 23(b)(3) claimants because "injunctive relief cannot now be the predominant focus of Plaintiffs' action," and thus both groups are seeking monetary damages.[2]

The Court concurrently certified classes under both Rules 23(b)(2) and 23(b)(3).[3] In the Order, the Court determined that the damages sought by Plaintiffs through a Rule 23(b)(2) class were incidental to injunctive and declaratory relief. (See Order at 14.) The Court declines to revisit that determination at this time. The Court certified the 23(b)(2) class because the primary relief sought was injunctive, thus it is unnecessary for Plaintiffs to send 23(b)(2) class members opt-out notices.

Accordingly, the Court APPROVES the Second Amended Joint Submission of Class Notice Plan and ORDERS Plaintiffs to send the approved form of notice to all Rule 23(b)(3) class

---

[2] "The circumstances have changed since defendant ACCS is no longer an active business and the non-ACCS defendants ceased their involvement with ACCS since November 2004." (Plan at 6.)

[3] (See Order Granting Plaintiffs' Supplemental Motion for Class Certification, hereafter, "Order," Docket Item No. 705.)

members, i.e., all check writers who paid allegedly unlawful fees at, on, or after December 12, 2000. (See Plan at 2.)

To ensure compliance, the parties shall file a Joint Status Report re: mailing of class notices within ten days of the actual mailing.

Dated: February 9, 2010

*James Ware*
JAMES WARE
United States District Judge

3

**United States District Court**
For the Northern District of California

1 **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  David L. Hartsell dhartsell@mcguirewoods.com
   Deepak Gupta dgupta@citizen.org
3  Douglas Robert Schwartz doug@schwartz-cera.com
   Eric Neil Landau elandau@jonesday.com
4  George Stephen Azadian gazadian@stroock.com
   Hugh Tabor Verano hverano@verano-verano.com
5  Lester A. Perry lap@hooleking.com
   Natalie P. Vance nvance@klinedinstlaw.com
6  O. Randolph Bragg rand@horwitzlaw.com
   Paul Arons lopa@rockisland.com
7  Peter Manfred Bransten pbransten@lblawllp.com
   Ronald Wilcox ronaldwilcox@post.harvard.edu
8  Sharon Kathleen Grace parons@rockisland.com

11 **Dated: February 9, 2010**            **Richard W. Wieking, Clerk**

                                          **By:    /s/ JW Chambers**
                                                **Elizabeth Garcia**
                                                **Courtroom Deputy**