UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELENA DEL CAMPO, ET AL.,<br><br>        Plaintiffs,<br><br>   v.<br><br>AMERICAN CORRECTIVE<br>COUNSELING SERVICES, INC., ET AL.,<br><br>        Defendants.<br>_____ | Case No.: C 01-21151 JW (PVT)<br><br>**ORDER GRANTING MOTION OF PLAINTIFFS' IN [UN]RELATED CASE TO INTERVENE AND TO MODIFY JANUARY 3, 2007 STIPULATED PROTECTIVE ORDER**<br><br>**[Docket No. 786]** |

Christine Smith, Ashley Henderson, Lois Artz and Jana Sperling are plaintiffs in an unrelated action, entitled *Christine Smith, et al. v. Levine Leichtman Partners, Inc., et al.,* Case No. 10-0010 JSW (N.D. Cal.), and move to intervene and to modify the January 3, 2007 stipulated protective order in the above-captioned action.[1] ("Smith plaintiffs" or "Smith action"). No opposition to the Smith plaintiffs' motion has been filed. Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on March 9, 2010 is vacated. Having reviewed the

---

[1] On January 22, 2010, the district court denied plaintiffs' administrative motion to relate the above-captioned action and the Smith action. Order Denying Administrative Motion to Relate Cases dated January 22, 2010. ("January 22, 2010 Order"). *See* Docket No. 793. Specifically, "[t]he Court finds that the cases involve different parties, time periods, and events and are thus, not related within the meaning of Rule 3-12." January 22, 2010 Order at 2. "Thus, the risk of unduly burdensome duplication of labor and expense or conflicting results does not exist here, where a different judge will hear different facts applied to different laws." *Id.* at 3.

ORDER, *page 1*

papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Smith plaintiffs' motion to intervene and to modify the January 3, 2007 stipulated protective order is granted.[2]

"On a timely motion, the court may permit anyone to intervene who: has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "In exercising its discretion the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(2). "[A] Rule 24(b) intervention [is] the proper method to modify a protective order . . . . [and it] permits limited intervention for the purpose of challenging a protective order." *Beckman Industries, Inc. v. International Ins. Co.,* 966 F.2d 470, 472 (9th Cir. 1992)(internal citations omitted); and *Foltz v. States Farm Mut. Auto Ins.,* 331 F.3d 1122, 1134 (9th Cir. 2003). *See also, Grove Fresh Distributors, Inc. v. Everfresh Juice Co.,* 24 F.3d 893, 896 (7th Cir. 1994); *United Nuclear Corp. v. Cranford Ins. Co.,* 905 F.2d 1424, 1427 (10th Cir. 1990).

Under Rule 24(b), permissive intervention to litigate a claim on the merits includes the following requirements: (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the claim or defense of the moving party and the main action. *Id.* at 473. However, a party seeking to intervene to modify a protective order need not show an independent jurisdictional basis if "[t]he district court retained the power to modify the protective order." *Id. See also, San Jose Mercury News, Inc. v. United States Dist. Ct., No. Dist. (San Jose),* 187 F.3d 1096, 1100 (9th Cir. 1999). "[T]he importance of access to documents prepared for similar litigation involving the same parties satisf[ies] the commonality requirement of 24(b)." *Id.* At 474.

Smith plaintiffs argue that there is common question of law and fact between the above-captioned action and the Smith action. On January 19, 2009, defendant American Corrective Counseling Services, Inc. (in the above-captioned action) filed for bankruptcy under Chapter 11. ("ACCS"). Intervenor's Motion to Modify the Protective Order at 3. ("Mot."). Pursuant to the

---

[2] The holding of this court is limited to the facts and particular circumstances underlying the present motion.

ORDER, *page 2*

bankruptcy, "the business assets of ACCS were conveyed to a [Levine Leichtman Capital Partners, Inc. ("LLCP")] subsidiary, National Corrective Group, Inc. d/b/a 'Corrective Solutions' ("NCG")." *Id.* LLCP and its subsidiary NCG are both defendants in the Smith action. "While the bankruptcy effectively ended [the above-captioned] action against ACCS, the same collection practices that are the subject of [the Smith action] have continued under the new ownership." *Id.* As in the above-captioned action, Smith plaintiffs allege that defendants there have invoked the authority of local prosecutor's offices to engage in unfair debt collection practices. Moreover, plaintiffs in the Smith action also allege a RICO claim that involves ACCS. "The operative facts are virtually identical in the new case, which means that many of the discovery issues will be the same, except in Smith there will be an additional focus on LLCP's role in conspiring with the ACCS enterprise." Mot. at 4-5.

In determining the timeliness of a motion to intervene, the court considers three factors including (1) the stage of the proceeding at which the applicant seeks to intervene; (2) the prejudice to the other parties; and (3) the reason for and length of the delay. *See, e.g., Martinez v. City of Oxnard,* 229 F.R.D. 159, 162 (C.D. Cal. 2005). Here, Smith plaintiffs have moved to intervene during the pendency of the above-captioned action. Summary judgment motions are scheduled to be heard on or about March 22, 2010. Counsel for plaintiffs in the above-captioned action is also counsel for Smith plaintiffs and do not seek any further production of documents. Rather, Smith plaintiffs' counsel seeks to use the documents subject to the January 3, 2007 Stipulated Protective Order already in his possession. Smith plaintiffs further state that they agree to be bound by the terms of the January 3, 2007 Stipulated Protective Order. Therefore, there is no prejudice to the other parties. Finally, the Smith action was only filed this year. Accordingly, Smith plaintiffs' motion is timely.

The court also "roughly estimates" that the discovery sought by Smith plaintiffs is relevant to the collateral proceedings in light of the degree of overlap of facts, parties and issues. *Foltz v. State Farm,* 331 F.3d at 1132. (" . . . collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein . . . [and] [s]uch relevance hinges 'on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings."). First, plaintiffs in the above-captioned action

allege that defendant ACCS violated the Fair Debt Collection Practices Act by charging program participants or prospective program applicants certain bank fees regardless of whether merchants had been charged such fees themselves. For their part, Smith plaintiffs allege that defendants in that action continued those same practices thereafter. Second, Lois Artz is a plaintiff in both actions. Defendant NCG in the Smith action acquired the business assets of defendant ACCS in the above-captioned action. Moreover, defendants Michael Schreck and Bret Stohlton in the Smith action were former owners and officers at ACCS. Notwithstanding the above, the collateral court in the Smith action determines the "ultimate admissibility" of any discovery obtained in the above-captioned action. *Foltz v. State Farm,* 331 F.3d at 1133. ("The disputes over the ultimate discoverability of specific materials covered by the protective order must be resolved by the collateral courts.").

Accordingly, Smith plaintiffs' motion to intervene and to modify the January 3, 2007 Stipulated Protective Order is granted. Any discovery from the above-captioned action shall be subject to the terms of the January 3, 2007 Stipulated Protective Order.

IT IS SO ORDERED.

Dated:   March 5, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge