UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELENA DEL CAMPO, ET AL.,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN CORRECTIVE<br>COUNSELING SERVICES, INC., ET AL.,<br><br>　　　　　　Defendants.<br>_____ | Case No.: C 01-21151 JW (PVT)<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DEFENDANTS TO SUPPLEMENT THEIR DISCOVERY RESPONSES; AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL NON-PARTY CAPROCK GROUP, INC.**<br><br>**[Docket Nos. 904, 911]** |

　　　　Plaintiffs Elena Del Campo, Lois Artz, Lisa Johnston and Ashorina Medina move to compel defendants Don Mealing and Lynn Hasney to supplement their prior responses to certain interrogatories and document requests. (collectively "plaintiffs"). Defendants Mealing and Hasney oppose the motion. (collectively "defendants").

　　　　Plaintiffs further move to compel non-party The Caprock Group, Inc. to produce documents related to the Mealing family and Inc. Fundamentals. ("CGI"). (collectively the "Mealing Accounts"). Non-Party CGI has responded to the motion seeking certain modifications to the subpoena. Pursuant to Civ. L.R. 7-1(b), the motions are taken under submission and the hearing scheduled to be held on September 21, 2010 is vacated. Having reviewed the papers and considered the arguments of counsel,

ORDER, *page 1*

1  IT IS HEREBY ORDERED that plaintiffs' motion to compel defendants to supplement their prior responses to certain interrogatories and document requests is granted in part.[1]

Pursuant to Rules 26(e)(1)(A) and 37(c), plaintiffs move to compel defendants to supplement their responses to certain interrogatories and document requests regarding their individual assets and net worth. They contend that the original responses were "incomplete or incorrect when made" and that "there have been material changes in defendant Mealing's assets since the discovery responses were originally made in November 2009." Mot. at 2.

Specifically, plaintiffs move to compel defendant Mealing to supplement interrogatory nos. 15-18 (set one), 20-22 (set two), 22 [*sic*.]-26 (set three) and document request nos. 12-15, 21, 23 (set two) and 24-38 (set three) and defendant Hasney to supplement interrogatory nos. 15-17, 20, 21 (set one), 20-22 (set two), 23-26 (set three) and document request nos. 12-15, 21, 23 (set two) and 24-38 (set three).

Defendants Mealing and Hasney oppose the motion on the grounds that this is a thinly veiled effort to obtain reconsideration of the district court's July 19, 2010 order. *See* Order Denying Plaintiffs' Application for a Temporary Restraining Order and Order to Show Cause; Denying Plaintiffs' Application for an Accounting filed on July 19, 2010. ("July 19, 2010 Order"). (Docket No. 895). Defendants further note that the additional discovery sought is not relevant especially in light of their negative net worth.

Rule 26(e) requires that "[a] party who has made a disclosure to an interrogatory, request for production, or request for admission- must supplement or correct its disclosure or response;

(A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or

(B) as ordered by the court.

Fed. R. Civ. P. 26(e).

Pursuant to Rule 26(e), defendants Mealing and Hasney have an obligation to supplement interrogatories, requests for production of documents, or requests for admission. Therefore,

---

[1] The holding of this court are limited to the facts and particular circumstances underlying the present motions.

ORDER, *page 2*

1  defendants shall supplement their respective responses to the discovery requests set forth above no
2  later than October 4, 2010.  If plaintiffs determine that any of the above responses are incomplete or
3  incorrect pursuant to Rule 26(e)(1)(A), they may renew their motion to compel.
4        IT IS FURTHER ORDERED that plaintiffs' motion to compel non-party CGI is granted in
5  part and denied in part.
6        Plaintiffs move to compel documents from non-party CGI regarding the Mealing Accounts.
7  They contend that the discovery sought relates to personal financial information of defendant
8  Mealing and is relevant to determining his net worth and whether plaintiffs may move for a
9  preliminary injunction against him.
10       Defendant Mealing objects to the subpoena on the grounds that the discovery sought exceeds
11 the scope of permissible discovery and improperly invades his (and his family's) privacy rights.  *See*
12 Objection to Plaintiffs' Subpoenas to : (1) Key Bank; (2) Caprock Group, Inc.; and (3) Sunwest
13 Bank filed on August 13, 2010.  (Docket No. 912-1).  He further objects on the grounds that the
14 subpoena is defective because it was not signed by an attorney licensed to practice in California and
15 the caption of the action is incorrect.
16       Non-party CGI seeks to modify the subpoena in three respects: (1) deny production of any
17 internal reports not directly related to any individual client and redaction of any non-Mealing client
18 names and addresses from emails and other documents; (2) confidential designation of any
19 documents it produces; and (3) plaintiffs to reimburse it for attorneys' fees and costs.  Response at 2.
20       Rule 45 authorizes issuance of a subpoena to command a nonparty to produce designated
21 documents, electronically stored information, or tangible things in its possession, custody or control.
22 Fed. R. Civ. P. 45(a)(1)(A)(iii).  "[T]he scope of discovery through subpoena is the same as that
23 applicable to Rule 34 and the other discovery rules."  Advisory Committee Notes (1970).  Rule 34
24 states that "[a] party may serve on any other party a request within the scope of Rule 26(b)."  Fed. R.
25 Civ. P. 34(a).  Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged
26 matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b).  "Relevant
27 information need not be admissible at the trial if the discovery appears reasonably calculated to lead
28 to the discovery of admissible evidence."  *Id.*  Indeed, "[a] district court whose only connection with

a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. Where relevance is in doubt . . . The court should be permissive." *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 681 (N.D. Ca. 2006)(citing *Truswal Sys. Corp. v. Hydro-Air Engineering, Inc.,* 813 F.2d 1207, 1211-1212 (Fed. Cir. 1987). Notwithstanding the above, discovery is subject to certain limitations and is not without "ultimate and necessary boundaries." *Id.* at 680 (citing *Pacific Gas and Elec., Co. v. Lynch,* 2002 WL 32812098, at *1 (N.D. Cal. August 19, 2002).

Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of the following:

(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or

(iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

A nonparty commanded to produce documents and tangible things may serve objections to any of the documents or materials sought. Fed. R. Civ. P. 45(c)(2)(B). "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a [nonparty] subject to a subpoena." Fed. R. Civ. P. 45(c)(1). "Rule 26(c) and Rule 45(c)(3) give ample discretion to district courts to quash or modify subpoenas causing 'undue burden.'" *Exxon Shipping Co. v. U.S. Dept. of Interior, et al.,* 34 F.3d 774, , 779 (9th Cir. 1994).

A nonparty withholding subpoenaed information on the grounds of privilege or otherwise subject to protection must serve a privilege log describing the nature of the documents withheld so that the other parties may assess the privilege or protection claimed. Fed. R. Civ. P. 45(d)(2)(A)(ii).

Here, the court has previously ruled that discovery regarding defendant Mealing's private financial information is relevant. *See, e.g.,* Order Denying Defendants' Motion for Protective Order; and Order Granting Plaintiffs' Motion to Compel filed on October 23, 2010. ("October 23, 2010

1 | Order"). Moreover, plaintiffs later amended the subpoena to non-party CGI to address any of the
2 | deficiencies set forth in defendant Mealing's objections.

3 |     Having determined that the documents sought are relevant, non-party CGI shall produce the
4 | discovery under the following terms: (1) any internal reports that reference the Mealing accounts
5 | shall be produced.  Any internal reports that are not directly related to any individual client will not
6 | have to be produced.  References to other client names, addresses, other identifying information and
7 | references to other financial accounts may be redacted; and (2) documents may be produced
8 | pursuant to the stipulated protective order.

9 |     As a general matter, courts consider four factors in determining whether to award costs: (1)
10 | the scope of the discovery; (2) the invasiveness of the request; (3) the extent to which the producing
11 | party must separate responsive information from privileged or irrelevant material; and (4) the
12 | reasonableness of the costs of production.  *See, e.g., U.S.A. v. Columbia Pictures, Indust., Inc., et al.,*
13 | 666 F. 2d 364, 372, fn. 9 (9th Cir. 1982).  "While these considerations are important, we do not view
14 | them as inflexible or exclusive."  *Id.*  "[A] witness's nonparty status is an important factor to be
15 | considered in determining whether to allocate discovery costs on the demanding or the producing
16 | party."  *Id.* at 372.

17 |     Based on the above order, non-party CGI will have to separate responsive information from
18 | non-responsive information within and among certain documents and then redact unrelated client
19 | names, addresses, and other identifying information.  Therefore, the court finds that it is appropriate
20 | to award reasonable costs for production.  Accordingly, plaintiffs shall pay non-party CGI the
21 | reasonable costs of production, not including attorneys' fees.

22 |     IT IS SO ORDERED.
23 | Dated:    September 20, 2010

*[signature: Patricia V. Trumbull]*

    PATRICIA V. TRUMBULL
    United States Magistrate Judge

ORDER, *page 5*