UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELENA DEL CAMPO, ET AL.,<br><br>                Plaintiffs,<br><br>   v.<br><br>AMERICAN CORRECTIVE<br>COUNSELING SERVICES, INC., ET AL.,<br><br>                Defendants.<br>_____ | Case No.: C 01-21151 JW (PVT)<br><br>**ORDER GRANTING AS UNOPPOSED PLAINTIFFS' MOTION TO COMPEL CHARLES SCHWAB & CO.**<br><br>**[Docket No. 924]** |

      Plaintiffs Elena Del Campo, Lois Artz, Lisa Johnston and Ashorina Medina move to compel non-party Charles Schwab & Company to produce documents pursuant to a subpoena *duces tecum* and noticed a hearing for October 12, 2010. (collectively "plaintiffs"). Pursuant to Civ. L.R. 7-3, "[a]ny opposition to a motion must be served and filed not less than 21 days before the hearing date." Therefore, any opposition to the motion was due no later than September 21, 2010. To date, no opposition has been filed. Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the October 12, 2010 hearing is vacated. Having reviewed the papers and considered the arguments of counsel,

      IT IS HEREBY ORDERED that plaintiffs' motion to compel is granted as unopposed.[1]

---

[1]     The holding of this court is limited to the facts and particular circumstances underlying the present motion.

ORDER, *page 1*

On August 11, 2010, plaintiffs served a subpoena *duces tecum* on Charles Schwab & Co. In sum, plaintiffs sought documents related to accounts held by defendant Don Mealing and his family.

Rule 45 authorizes issuance of a subpoena to command a nonparty to produce designated documents, electronically stored information, or tangible things in its possession, custody or control. Fed. R. Civ. P. 45(a)(1)(A)(iii). "[T]he scope of discovery through subpoena is the same as that applicable to Rule 34 and the other discovery rules." Advisory Committee Notes (1970). Rule 34 states that "[a] party may serve on any other party a request within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Indeed, "[a] district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. Where relevance is in doubt . . . The court should be permissive." *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 681 (N.D. Ca. 2006)(citing *Truswal Sys. Corp. v. Hydro-Air Engineering, Inc.,* 813 F.2d 1207, 1211-1212 (Fed. Cir. 1987). Notwithstanding the above, discovery is subject to certain limitations and is not without "ultimate and necessary boundaries." *Id.* at 680 (citing *Pacific Gas and Elec., Co. v. Lynch,* 2002 WL 32812098, at *1 (N.D. Cal. August 19, 2002).

Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of the following:

>   (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
>   (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
>   (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

A nonparty commanded to produce documents and tangible things may serve objections to

any of the documents or materials sought.  Fed. R. Civ. P. 45(c)(2)(B).  "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a [nonparty] subject to a subpoena."  Fed. R. Civ. P. 45(c)(1).  "Rule 26(c) and Rule 45(c)(3) give ample discretion to district courts to quash or modify subpoenas causing 'undue burden.'"  *Exxon Shipping Co. v. U.S. Dept. of Interior, et al.,* 34 F.3d 774, , 779 (9th Cir. 1994).

Here, the court has previously ruled that discovery regarding defendant Mealing's private financial information is relevant.  *See, e.g.,* Order Denying Defendants' Motion for Protective Order; and Order Granting Plaintiffs' Motion to Compel filed on October 23, 2010.  ("October 23, 2010 Order").  Neither defendant Mealing nor non-party Charles Schwab & Co, has opposed the motion.  Accordingly, plaintiffs' motion to compel is granted.  Non-party Charles Schwab shall produce responsive documents no later than October 15, 2010.  The documents may be produced subject to the stipulated protective order in the above-captioned action.  Stipulated Protective Order filed on January 3, 2007.  (Docket No. 290).

IT IS FURTHER ORDERED that plaintiffs' motion for attorneys' fees and costs is denied.

IT IS SO ORDERED.

Dated:    October 7, 2010

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER, *page 4*