1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

9
10
11
12
13
14
15
16
17
18

| ELENA DEL CAMPO, ET AL., | ) | Case No.: C 01-21151 JW (PVT) |
|---|---|---|
| Plaintiffs, | ) ) ) | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL; ORDER DENYING PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES; AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL** |
| v. | ) ) | |
| AMERICAN CORRECTIVE COUNSELING SERVICES, INC., ET AL., | ) ) ) | |
| Defendants. | ) ) ) | |

**[Docket Nos. 959, 961, 973]**

19        Plaintiffs Elena Del Campo, Ashorina Medina and Lisa Johnston move to compel further

20   interrogatory responses from defendant Don Mealing. (collectively "plaintiffs"). *See* Docket No.

21   959. Plaintiffs further move for reasonable attorneys' fees and expenses. *See* Docket No. 961.

22   Defendant Don Mealing opposes the motions.

23        Defendants Don Mealing, Lynn Hasney, and Inc. Fundamentals move to compel plaintiffs to

24   supplement their responses to interrogatories nos. 10-63, requests for production nos. 4-12, 22-31,

25   and 34-37, and to produce all responsive documents. (collectively "defendants"). Additionally,

26   defendants request that they be allowed to propound more than 25 interrogatories. *See* Docket No.

27   973. Plaintiffs oppose the motion. Pursuant to Civ. L.R. 7-1(b), the above-specified motions are

28   taken under submission and the hearing scheduled to be held on November 16, 2010 is vacated.

ORDER, *page 1*

1    Having reviewed the papers and considered the arguments of counsel,

2         IT IS HEREBY ORDERED that plaintiffs' motion to compel is granted in part and denied in

3    part.[1]  Plaintiffs move to compel defendant Don Mealing to supplement his responses to

4    interrogatory nos. 39, 40 and 41 (set 5), and to verify his prior interrogatory responses.

5         Interrogatory no. 39 asks "[i]f you contend that either the named plaintiffs, and/or class

6    members did not incur actual damages as a result of the conduct alleged in the Amended

7    Consolidated Complaint: (i) set forth each fact upon which you base your contention; (ii) identify all

8    documents relating to that contention; (iii) identify all witnesses you intend to call at trial in support

9    of that contention.

10        Defendant Mealing responded in pertinent part as follows:

11        It does not appear that four of the five named Plaintiffs ever paid the class fee or any
          other fee not specified in the Penal Code.  The one named Plaintiff who allegedly did
12        pay the class fee paid it after Mealing and Hasney sold ACCS and were no longer
          associated with the business.  Another named Plaintiff effectively dropped out of the
13        case and was not certified as a class representative.  Another has disclaimed any
          actual damages against Mealing or any of the other remaining Defendants.  Thus,
14        even if payment of the class fee somehow constituted "actual damages" - a
          proposition which Mealing unequivocally rejects, as discussed previously and below-
15        it does not appear that any of the named Plaintiffs even arguably suffered any
          damage, much less damage fairly attributable to Mealing or Hasney.  Payment of the
16        check amount, the $35 fee and the $10 returned item fee does not constitute actual
          damages as a matter of law, fact, common sense, and the Court's prior rulings.
17        Mealing never personally did anything not improperly failed to do anything that
          damaged any of the Plaintiffs, named or unnamed.  As to each of the named Plaintiffs
18        and each unnamed class member, there was probable cause that a violation of Penal
          Code 476a had occurred, based on various prima facie evidence including the intake
19        criteria established by the District Attorneys, passing multiple bad checks, passing
          "closed account" checks, etc.  Although not required, there were, in fact,
20        individualized determinations of probable cause by the victim/merchant and/or by the
          District Attorney.  The District Attorney bad Check Diversion Programs which
21        Plaintiffs were invited to participate in were purely optional, as the Court has already
          found.  All payments made to ACCS were purely voluntary, as the Court has already
22        found, and resulted in something of commensurate or greater value being received in
          return.  Plaintiffs have not suffered any "injury in fact" or "loss of money or
23        property" as required by Prop 64.  The educational component contemplated in the
          BCDA, the fees for which, as with all other fees, were approved at the County level,
24        were a bargain at the price charged, and even more so for class members who took
          the class without paying the full price.  The overwhelming majority of class members
25        who participated in the educational component reported a favorable experience.
          District Attorneys have prosecutorial discretion to charge fees not specifically called
26        out on the BCDA.  Plaintiff sent money to ACCS on the advice of counsel, not in
          reliance on any act or omission of Mealing.  The sole 'evidence' which Plaintiffs

27

28        _____

          [1]    The holding of this court is limited to the facts and particular circumstances underlying
     the present motion.

1   have proffered in support of their damage claim- the disk containing a portion of
    ACCS's database- does not prove what Plaintiffs would like to believe it proves, for
2   reasons explained in prior discovery responses.  Whether and the extent to which
    Plaintiffs have actual damages is partially a function of the factors specified in 15
3   U.S.C. § 1692K(b), including the resources of Mealing, which is a negative number,
    for reasons explained previously.  Everything Mealing and ACCS did was expressly
4   authorized by and done pursuant to valid written contracts with District Attorneys, as
    discussed previously.  Notwithstanding but with all due respect to the contrary
5   opinion of Judge Ware, Mealing has never believed that he or ACCS violated the
    FDCPA, or that the FDCPA even applies to District Attorney bad check diversion
6   program administrators like ACCS.  Each and every one of the dozens if not
    hundreds of law enforcement personnel, elected officials and regulators at the federal,
7   state and local levels with whom Mealing has discussed these issues completely
    agrees with Mealing and fundamentally and totally disagrees with Judge Ware on
8   those issues.  Much of the money Plaintiffs are claiming as damages against Mealing
    was never actually or constructively received by Mealing.  Liability under the UCL
9   cannot be vicarious or joint and several.  Plaintiffs have disclaimed any claim for
    actual damages on their First Claim for Relief.  Plaintiffs' common law claims were
10  not certified for class treatment, and the named Plaintiffs cannot establish any
    element for those causes of action.

11

12      Based on the above, the court finds that defendant Mealing has responded to subsection (i) of

13  the interrogatory.  However, defendant Mealing shall supplement his responses to subsections (ii)

14  and (iii) by identifying the specific documents and witnesses that support those responses.

15      In interrogatory nos. 40 and 41, plaintiffs seek information related to the Inc. Fundamentals

16  Employee Stock Ownership Plan and the Inc. Fundamentals Defined Benefit Pension Plan.  In his

17  responses, defendant Mealing identifies the date the two plans were adopted and specifies that he is

18  one of three participants.  On privacy grounds, he declines to identify the two other participants.  He

19  further states that his former accountant passed away unexpectedly and obtaining any further

20  information has been a challenge.

21      Here, the court finds that the identities of the two other participants are not relevant.

22  However, defendant Mealing shall confirm whether or not he is a participant in the Defined Benefit

23  Plan.  He has responded that he is a participant in the ESOP Plan., i,e, "The ESOP Plan has three

24  participants, including Don Mealing."  Additionally, defendant Mealing shall provide the dates of

25  participation for the other two participants.

26      Defendant Mealing represents that he has verified his interrogatory responses.  As such, this

27  request is moot.  Defendant Mealing shall provide responses to the above-specified discovery no

28  later than November 17, 2010.

IT IS FURTHER ORDERED that plaintiffs' motion for attorneys' fees and expenses is denied. Pursuant to Rule 37(a)(5)(A)(ii), the court finds that defendant Mealing's responses were substantially justified. Fed. R. Civ. P. 37(a). Accordingly, plaintiffs' motion for attorneys' fees and expenses is denied.

IT IS FURTHER ORDERED that defendants' motion to compel is granted in part and denied in part. Defendants' counsel was engaged a few months ago and has very little of the discovery in this action. Declaration of John D. Higginbotham, ¶ 3. He surmises that "cooperation has been very limited, perhaps due to pending litigation between my clients and those who control what used to be ACCS." *Id.* The above-captioned action was filed in 2001 and trial is scheduled to commence in or around December 1, 2010, or in approximately three weeks. *See* Final Pretrial Conference Order dated November 3, 2010. Plaintiffs have represented to defendants' counsel that ACCS has served them with in excess of 100,000 documents in the action.

On August 27, 2010, defendants propounded 63 interrogatories and 40 document requests. Higginbotham Decl., ¶ 4, Exhs. A and B. At least 10 of the above interrogatories were rendered moot after plaintiffs later dismissed certain claims in the action. Mot. at 2. Higginbotham Decl., ¶ 5, Exh. C. Defendants move to compel further responses to interrogatories nos. 10-63, requests for production nos. 4-12, 22-31 and 34-37, and to produce all responsive documents.

Rule 26(b) states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Notwithstanding the above, discovery is subject to certain limitations and is not without "ultimate and necessary boundaries." *Gonzales v. Google, Inc.,* 234 F.R.D. 674, 680 (N.D. Cal. 2006) (citing *Pacific Gas and Elec., Co. v. Lynch*, 2002 WL 32812098, at *1 (N.D. Cal. August 19, 2002).

Under Rule 26, a court must limit the frequency or extent of discovery if it determines any of the following:

    (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;

    (ii)   the party seeking discovery has had ample opportunity to obtain the information by

discovery in the action; or

(iii)    the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(i), (ii) and (iii).

As an initial matter, defendant Mealing's request to propound additional interrogatories is granted.  Having reviewed the interrogatories and document requests and considered their relevance, the court finds that plaintiffs shall supplement their responses to interrogatory nos. 11, 12, 13, 14, 15, 16, 17, 26, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, , 46, 47, 48, 49, 50, 52, 53, 54, 55, 56 and 57 and requests for production of document nos 4, 8, 9, 10, 11, 24, 25, 34, 35, 36 and 37 no later than November 19, 2010.  Additionally, plaintiffs shall produce responsive documents no later than November 19, 2010.

The parties shall meet and confer regarding the scope of any additional documents previously produced by ACCS to plaintiffs, which defendants may need to prepare for trial.  *See, e.g.,* Request for Production No. 4 ("If defendants have lost or misplaced specific documents and prior counsel refuses to provide copies upon written demand, as a courtesy plaintiffs will consider providing copies of these requests.").  The documents shall be produced in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.  Fed. R. Civ. P. 34(b)(2)(E). Defendants shall bear the costs of any additional production.

IT IS SO ORDERED.

Dated:    November 9, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge