UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELENA DEL CAMPO, ET AL., | Case No.: C 01-21151 PSG |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL** |
| v. | |
| AMERICAN CORRECTIVE COUNSELING SERVICES, INC., ET AL., | (Docket No. 1166) |
| Defendants. | |

Plaintiffs Elena Del Campo, Ashorina Medina and Lisa Johnston, on behalf of themselves and others similarly situated, move to compel production of documents. (collectively "Plaintiffs"). Defendants Don Mealing and Lynn Hasney oppose the motion. (collectively "Defendants"). On May 24, 2011, the parties appeared for hearing. Having reviewed the papers and considered the arguments of counsel, Plaintiffs' motion to compel is GRANTED.

**I. BACKGROUND AND DISCUSSION**

Plaintiffs move to compel Defendants to produce documents responsive to certain requests for production of documents served on February 22, 2011. The documents requests are as follows:

40. All agreements between any defendant and Leeside Management Group, Ltd.

41. All agreements between any defendant and SJP.

42. All communications with any defendant and Leeside Management Group, Ltd.

43. All communications with any defendant and SJP.

ORDER, *page 1*

| | | |
|---|---|---|
| 1 | 44. | All payments from SJP to any defendant. |
| 2 | 45. | All agreements between adventfs, and any of the following: (1) SJP, (3) [*sic*.] Leeside Management Group, Ltd.; or (3) any defendant. |
| 3 4 | 46. | Any promotional materials used by SJP in connection with any Check Restitution Program. |
| 5 6 | 47. | All documents reflecting or relating to any activity by any defendant or by Leeside Management Group, Ltd., on behalf of either SJP or adventfs. |

Because injunctive and declaratory relief remain at issue in the case, Plaintiffs argue that documents that reflect whether Mealing and Hasney are currently engaged in the check collection business are relevant. While Mealing and Hasney have denied any further involvement in such a business, Plaintiffs contend that they have unearthed specific evidence showing that they are involved in bad check restitution programs and indeed, may be working to expand their business. Specifically, Plaintiffs have learned that an entity known as Strategic Justice Partners ("SJC") was formed in January 2010 in Nevada and currently engages in "successful intervention and diversion programs for courts and prosecuting attorneys across the United States." Hasney is listed as a managing member of SJC with the Nevada Secretary of State and another managing member known as Leeside Management, Inc. lists the same address as that of Mealing's home. To date, Plaintiffs state that neither Mealing nor Hasney have not responded whatsoever to their document requests.

        Defendants argue that further discovery is not warranted because a trial was held and has concluded, and Chief Judge Ware has yet to delineate the extent and scope of any post-trial discovery.[1] Defendants also point out that this court previously ruled that "there appears little reason for any further discovery to proceed until Judge Ware has ruled on the propriety of any restitution proceeding that, as Plaintiffs' counsel conceded at oral argument, would provide the only justification for the discovery sought."

        On May 20, 2011, Judge Ware issued an order addressing the parties' post-trial motions.[2] In that order, the court granted Defendants' motion for a jury trial on the issue of liability and further

---

[1] *See* Docket No. 1119. Judge Ware has set a further case management conference on July 11, 2011.

[2] *See* Docket No. 1177.

ordered a proposed schedule for trial on both liability and damages.  As a result, the discovery sought is no longer, as Defendants continue to characterize it, "post-trial" at all, rendering moot any concerns about permitting post-trial discovery that might otherwise apply.  In addition, as this court previously noted, based on Judge Ware's February 7, 2011 Order, discovery has yet to be foreclosed.[3]  Finally, Defendants do not dispute the relevance of the documents sought and have not identified any undue burden.  In light of each of each of these considerations, the court must conclude that the requested discovery is warranted and that completing such discovery before the next case management conference serves the interests of all in finally bringing this decade-old case to a close.[4]  Accordingly, Plaintiffs' motion to compel is GRANTED.

## II.  CONCLUSION

Plaintiffs' motion to compel is GRANTED.  Defendants shall produce all documents responsive to Plaintiffs' Request for Production of Documents Nos. 41-47 no later than June 10, 2011.

IT IS SO ORDERED.

Dated:    May 24, 2011

*signature*
PAUL S. GREWAL
United States Magistrate Judge

---

[3]    *See* Docket No. 1152.  At oral argument, counsel for Defendants concluded that no previous scheduling order set a date closing all discovery in this matter.

[4]    In this same spirit, the court respectfully urges that all outstanding discovery be completed in advance of the July 11 conference, and that any requests for court-ordered discovery after July 11 will not be viewed favorably.