UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ELENA DEL CAMPO, ET AL., ) <br> ) <br>            Plaintiffs, ) <br>    v. ) <br> ) <br> ) <br> AMERICAN CORRECTIVE ) <br> COUNSELING SERVICES, INC., ET AL., ) <br> ) <br>            Defendants. ) <br> _____ ) | Case No.: C 01-21151 PSG <br><br> **ORDER GRANTING-IN-PART PLAINTIFFS' MOTION FOR SANCTIONS FOR FAILURE TO COMPLY WITH MAY 24, 2011 ORDER** <br><br> (Docket No. 1191) |

     Plaintiffs Elena Del Campo, Ashorina Medina and Lisa Johnston, on behalf of themselves and others similarly situated, move for sanctions based on Defendants' failure to comply with the May 24, 2011 order. Defendants Don Mealing and Lynn Hasney did not oppose the motion.[1] Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission and the hearing scheduled to be held on August 2, 2011 is vacated.

     On May 24, 2011, Plaintiffs' motion to compel production of documents reflecting whether Mealing and Hasney are currently engaged in the check collection business was granted. Defendants had opposed the motion to compel on the grounds that discovery was not warranted in light of the preceding trial and because Chief Judge Ware had yet to delineate the extent and scope of any post-trial discovery. Based on Judge Ware's February 7 and May 20 orders, the undersigned

---

[1] Plaintiffs filed their amended notice of motion on June 29, 2011. Pursuant to Civ. L.R. 7-3, any opposition was due no later than July 13, 2011.

ORDER, *page 1*

rejected Defendants' arguments and found that the documents sought were relevant because injunctive and declaratory relief remain at issue in the case. The document requests were as follows:

    40.    All agreements between any defendant and Leeside Management Group, Ltd.

    41.    All agreements between any defendant and Strategic Justice Partners ("SJP").

    42.    All communications with any defendant and Leeside Management Group, Ltd.

    43.    All communications with any defendant and SJP.

    44.    All payments from SJP to any defendant.

    45.    All agreements between adventfs, and any of the following: (1) SJP; (3) [*sic.*] Leeside Management Group, Ltd.; or (3) any defendant.

    46.    Any promotional materials used by SJP in connection with any Check Restitution Program.

    47.    All documents reflecting or relating to any activity by any defendant or by Leeside Management Group, Ltd., on behalf of either SJP or Adventfs.

Defendants were ordered to produce documents responsive to document request nos. 41-47 no later than June 10, 2011. On June 10, 2011, despite its vigorous opposition to the underlying motion, Defendants responded to each of the above document requests by stating that "Defendants have no such documents in their possession, custody or control."

At or around the same time that Plaintiffs moved to compel Defendants to produce documents responsive to the document requests above, they subpoenaed similar documents from Adventfs, a company that partnered with SJP in 2010, and was located in Kentucky. SJP and Adventfs work together to administer services in bad check restitution. Pursuant to an order from the U.S. District Court for the Western District of Kentucky granting their motion to compel, Plaintiffs received several emails to and from Mealing showing he was involved with SJP. Plaintiffs state that these emails are responsive to the above discovery requests and evidence Defendants' complete disregard of the May 24 order.

Plaintiffs ask to have deemed established that Defendants are currently operating bad check restitution programs that are materially the same as those they operated during the 1997-2004 class period, and to preclude Defendants from opposing Plaintiffs' claim for injunctive and declaratory relief. Alternatively, Plaintiffs ask for Defendants to be held in contempt and for an order compelling: (1) Defendants to produce all responsive documents; (2) Defendants to appear for

1  deposition in the Northern District of California on all issues related to prospective injunctive relief
2  and for Defendants to pay all costs related to such deposition; (3) Defendants to be fined $500 per
3  day for each day they continue to flout the May 24 order; and (4) Defendants to pay Plaintiffs'
4  attorneys' fees and costs related to bringing this motion.

5        As an initial matter, to the extent that Plaintiffs request a preclusion order based on
6  Defendants' failure to produce responsive documents, they should direct their request to the District
7  Judge, not the undersigned.  While the undersigned may exercise jurisdiction over this request,[2] the
8  substantial impact of such an order on future proceedings suggests that the judge presiding over
9  these proceedings is best positioned to weigh its merits.

10        As for the Plaintiffs' other demands, without any opposition from Defendants or any
11  explanation to the contrary, the undersigned can only conclude that Defendants failed to produce
12  responsive documents and misrepresented that they have no such documents.  While there may be a
13  perfectly legitimate explanation as to why Defendants did not produce the Mealing emails despite
14  this court's clear order to do so, Defendants' utter silence in the face of this serious charge suggests
15  otherwise.  Accordingly,

16        IT IS HEREBY ORDERED that Plaintiffs' request for sanctions is GRANTED as follows:
17  (1) Defendants shall amend their responses and produce all responsive documents no later than July
18  25, 2011; (2) Defendants remit payment for Plaintiffs' attorney's fees relating to this motion in the
19  amount of  $2,325 (five hours at an hourly rate of $465[3]) no later than July 25, 2011; (3) Defendants
20  shall each appear for deposition on issues related to prospective injunctive relief at a time, date, and
21  location of Plaintiffs' choosing.  The depositions shall take place no later than August 1, 2011.

---

[2] *See Oracle USA, Inc. v. SAP AG,* 264 F.R.D. 541, 545-46 (N.D. Cal. 2009).

[3] The undersigned finds that the hourly rate for Plaintiffs' counsel, Paul Arons, is similar to rates awarded to attorneys in similar litigation in this district.

1 Defendants shall pay for all costs associated with these depositions. All other requested relief is
2 denied.
3     **IT IS SO ORDERED**.
4 Dated:    July 18, 2011

                                  PAUL S. GREWAL
                                  United States Magistrate Judge