**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA DEL CAMPO, *et al.*, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN CORRECTIVE COUNSELING SERVICES, INC., *et al.*,<br><br>Defendants. | No. C 01-21151 SI<br><br>**ORDER RE MOTION TO (1) FILE THIRD AMENDED COMPLAINT, (2) REVISE CLASS DEFINITION, AND (3) APPOINT ADDITIONAL CLASS COUNSEL AND REPRESENTATIVE** |

Currently before the Court is plaintiffs' motion for leave to file a third amended complaint, revise the class definition, and appoint additional class counsel and class representatives. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument. Having considered the papers, and for good cause appearing, the Court hereby GRANTS plaintiff's motion, for the reasons set forth below.

**1.    Leave to File Third Amended Complaint**

Once the time for amending a complaint as a matter of course has passed, further amendments may only be made with leave of the court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) provides that "[t]he court should freely give leave when justice so requires," which represents a public policy strongly in favor of amendments. *See Chodos v. West Publishing Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("It

1  is generally our policy to permit amendment with 'extreme liberality' . . . ."). "When considering a
2  motion for leave to amend, a district court must consider whether the proposed amendment results from
3  undue delay, is made in bad faith, will cause prejudice to the opposing party, or is a dilatory tactic." *Id.*
4  A court may also deny leave to amend "if amendment of the complaint would be futile." *Gordon v. City*
5  *of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010).

6  The second amended complaint was filed in 2006, and since then the principal defendant has filed for bankruptcy, two named plaintiffs have withdrawn, and class counsel have been replaced. Plaintiffs' proposed revisions reflect these changes and do not add any new causes of actions. Instead, the proposed third amended complaint eliminates three causes of action: violation of the California Constitution, unlawful conversion, and fraudulent misrepresentation. *See* Decl. of Robert M. Bramson in Supp. of Pls.' Mot. ("Bramson Decl."), Exs. 1, 2. The proposed third amended complaint also eliminates several defendants, several plaintiffs, and the allegations relating to these eliminated parties. Finally, the proposed third amended complaint also narrows the class definition and adds allegations related to an additional class representative, Dr. Elena Baker.

15 The Court finds that the proposed third amended complaint will not cause undue delay or prejudice, and was not made in bad faith or as a dilatory tactic. Although this case has been pending for a long time, that is partially because it has been stayed in two separate instances. Moreover, discovery remains open. The amended complaint will narrow the issues for discovery and trial, rather than cause delay. It adds no new causes of action, and eliminates several.

20 Finally, defendants argue that the dismissal of American Corrective Counseling Services ("ACCS") requires the dismissal of the entire action, because ACCS would be a necessary party. However, when ACCS entered bankruptcy, any claims against it became a matter for the bankruptcy court, not this Court. Thus, ACCS is not an indispensible party to this action, and the case should not be dismissed because this ACCS is being dismissed.

25 Accordingly, the Court GRANTS plaintiffs' motion to file a third amended complaint.

2

### 2. Revise Class Definition

Defendants do not oppose the narrower class definition. The Court finds that the narrower definition is appropriate as a result of ACCS's bankruptcy filing and in light of recent jurisprudence regarding class certification. Therefore, the Court GRANTS plaintiffs' motion to revise the class definition.

### 3. Appoint Additional Class Counsel and Class Representative

Defendants do not oppose the appointment of additional class counsel. The Court finds that the appointment of additional counsel is appropriate because several attorneys were ordered to withdraw from the case because of conflicts. Bramson, Plutzik, Mahler & Birkhaeuser, LLP, has been associated with the case as additional counsel of record since December 2011, but plaintiffs seek a formal order from the Court. Therefore, the Court GRANTS plaintiffs' motion, and appoints Bramson, Plutzik, Mahler & Birkhaeuser, LLP, as additional class counsel.

Defendants oppose the appointment of an additional class representative, Dr. Baker. They argue that her appointment will cause prejudice because it will require additional discovery and delay. Plaintiffs argue that her appointment is necessary because she replaces Lois Artz. Ms. Artz was a class representative with claims solely against ACCS; however, because ACCS filed bankruptcy, Ms. Artz no longer has any viable claims, and she has been eliminated from the third amended complaint. However, because discovery is ongoing, and the Court does not find that the additional burden to defendants outweighs the necessity for plaintiffs to appoint an additional class representative to replace Ms. Artz.

Accordingly, the Court GRANTS plaintiffs' motion to appoint an additional class representative.

**IT IS SO ORDERED.**

Dated: September 5, 2013

SUSAN ILLSTON
United States District Judge