IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELENA DEL CAMPO, *et al.,* | No. C 01-21151 SI |
| Plaintiffs, | **ORDER RE: DISCOVERY DISPUTE** |
| v. | |
| DON MEALING, *et al.*, | |
| Defendants. | |

Now pending before the Court is a discovery dispute between plaintiffs and third-party National Consulting Group (NCG). On November 27, 2013, the Court issued an order granting the parties' stipulation regarding the subpoena duces tecum served by plaintiffs upon NCG. Docket Nos. 1332, 1333. As stated in the stipulation, plaintiffs served the subpoena on NCG, NCG served its objections, and although the parties met and conferred regarding the subpoena, they were unable to reach an agreement as to the production of information requested. The parties stipulated that they would present their disputes regarding the subpoena to the Court and agreed to abide by whatever resolution the Court orders.[1]

On December 13, 2013, Plaintiffs filed, a letter seeking the Court's ruling on compliance with the subpoena. Docket No. 1340. On December 18, 2013, after plaintiffs filed their letter with the Court, plaintiffs and defendants participated in a case management conference. Docket No. 1345. NCG filed its response to the plaintiffs' letter on the same day. Docket No. 1344.

---

[1] In this stipulation NCG also submitted to this Court's jurisdiction.

NCG does not dispute that it has not complied with plaintiffs' subpoena, which it complains is the sixth subpoena issued to it in this action. Instead, NCG raises four arguments in its response. First, NCG asserts that plaintiffs failed to comply with the Court's standing order because they did not meet and confer regarding the subpoena and did not make any effort to proceed by joint statement. Second, NCG argues plaintiffs' conduct has been in bad faith. Third, NCG contends the it has already incurred thousands of dollars in attorneys' fees in responding to prior subpoenas seeking similar information. And fourth, NCG argues the data plaintiffs now seek is unnecessary.

The Court is unpersuaded by NCG's technical and procedural arguments, but the Court is shares NCG's concerns about the legal expense of duplicative or unnecessary discovery. Accordingly, to the extent the documents requested have already been produced by NCG to plaintiffs in this case, it need not produce them again. However, the Court hereby ORDERS NCG to produce all/any other documents requested **within two weeks of the entry of this Order**. This resolves Docket Nos. 1340 and 1344.

**IT IS SO ORDERED.**

Dated: January 16, 2014

SUSAN ILLSTON
UNITED STATES DISTRICT JUDGE

2